IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HARRIS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:18-cv-439 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| HUAWEI DEVICE USA, INC., HUAWEI DEVICE CO., LTD., HUAWEI TECHNOLOGIES USA INC., HUAWEI TECHNOLOGIES CO. LTD., AND HUAWEI DEVICE (SHENZHEN) CO., LTD. | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION TO ENTER DISPUTED DISCOVERY ORDER

Plaintiff Harris Corporation, and Defendants Huawei Device USA Inc., Huawei Device Co., Ltd., Huawei Technologies USA Inc., Huawei Technologies Co., Ltd., and Huawei Device (Shenzhen) Co., Ltd. hereby jointly and respectfully move the Court to enter a Discovery Order to govern this case.  The parties have met and conferred in good faith and agreed on all aspects of the proposed Discovery Order except for one dispute concerning the total number of hours for fact depositions.  The Court's model Discovery Order suggests a limit of 60 hours of non-party depositions and no limit on party depositions.   Both parties instead suggest a single limit on the total time for all non-party and party fact depositions together.  Plaintiff proposes a limit of 150 hours, while Defendants propose a limit of 110 hours.  The parties' respective positions concerning that disputed issue are set forth briefly below.

**Plaintiff's Position**

Plaintiff respectfully suggests that its proposal for 150 total hours of fact deposition, including all party, corporate (Rule 30(b)(6)), and non-party witnesses, is reasonable and efficient in view of the complex technologies and issues in this case. Harris Corporation's seven asserted patents (six of which are unrelated) are infringed by hundreds of Huawei products. The claimed inventions involve complicated technologies, and Harris expects fact testimony to be of particular importance in explaining those technologies to the factfinder here. Harris cannot know at this early stage, prior to any discovery, whether Huawei will agree to measures to simplify fact discovery—such as the identification of representative products. While Harris is also concerned with keeping litigation costs to a minimum, it cannot agree to an artificially low limit on the time limit for fact testimony prior to understanding how Huawei intends to dispute the allegations of this case.

For the foregoing reasons, Plaintiff respectfully requests that the Court enter Plaintiff's proposed Discovery Order, attached hereto as Exhibit A.

**Defendants' Position**

Harris's request for 150 hours of depositions (excluding expert depositions) is excessive for a case involving only a handful of accused product lines. Huawei's proposal for 110 deposition hours (excluding expert depositions), in contrast, should be sufficient for this case as it provides for nearly 16 full days of fact depositions. Counsel for the parties are experienced and sophisticated and should be encouraged to be efficient in their taking of depositions—a goal that Harris's proposal does not serve. Harris's proposal will encourage the parties to be inefficient, unnecessarily driving up discovery costs, and is likely to increase the number of discovery disputes needing resolution by the Court. Of course, if circumstances change and good cause exists for expanding the limit for deposition beyond the 110 hours that Huawei proposes,

the parties may move the Court for additional time.  If the Court does find Harris's proposal for 150 hours to be appropriate here, Huawei respectfully requests that the Court limit *party* deposition time to no more than 100 hours, which aligns with Harris's original proposal to Huawei (150 hours of fact deposition, only 100 of which may be used for party depositions).

For the foregoing reasons, Defendants respectfully request that the Court enter Defendants' proposed Discovery Order, attached hereto as Exhibit B.

WHEREFORE, the parties jointly and respectfully request that the Court grant their Joint Motion and enter a Discovery Order to govern this case, and each respectfully request that its own proposed Discovery Order be entered.

Dated:  April 1, 2019                         Respectfully Submitted,

By:  /s/ *Denise De Mory*

    S. Calvin Capshaw
    State Bar No. 03783900
    Elizabeth L. DeRieux
    State Bar No. 05770585
    **CAPSHAW DERIEUX, LLP**
    114 E. Commerce Ave.
    Gladewater, TX 75467
    Telephone: 903-845-5770
    Email: ccapshaw@capshawlaw.com
    Email: ederieux@capshawlaw.com

    Henry C. Bunsow
    Denise De Mory
    Christina Finn
    Robin Curtis
    Corey Johanningmeier
    Nicolas Mancuso
    **BUNSOW DE MORY LLP**
    701 El Camino Real
    Redwood City, CA 94063

            Telephone: (650) 351-7248
            Facsimile: (415) 426-4744
            hbunsow@bdiplaw.com
            ddemory@bdiplaw.com
            cfinn@bdiplaw.com
            rcurtis@bdiplaw.com
            cjohanningmeier@bdiplaw.com
            nmancuso@bdiplaw.com

            Attorneys for Plaintiff
            HARRIS CORPORATION


Dated: April 1, 2019      Respectfully Submitted,


          By: /s/ *James R. Batchelder*

            Melissa R. Smith
            Texas State Bar No. 24001351
            **GILLAM & SMITH LLP**
            303 S. Washington Avenue
            Marshall, TX 75670
            Telephone: (903) 934-8450
            Facsimile: (903) 934-9257
            melissa@gillamsmithlaw.com

            James R. Batchelder
            James L. Davis, Jr.
            Andrew T. Radsch
            Christopher M. Bonny
            **ROPES & GRAY LLP**
            1900 University Avenue, 6th Floor
            East Palo Alto, CA 94303-2284
            Telephone: (650) 617-4000
            Facsimile: (650) 617-4090
            james.batchelder@ropesgray.com
            james.l.davis@ropesgray.com
            andrew.radsch@ropesgray.com
            christopher.bonny@ropesgray.com

            Jolene L. Wang
            **ROPES & GRAY LLP**
            1211 Avenue of the Americas
            New York, NY 10036
            (212) 596-9000

(212) 596-9090
jolene.wang@ropesgray.com

Attorneys for Defendants
HUAWEI DEVICE USA, INC.,
HUAWEI DEVICE CO., LTD.,
HUAWEI TECHNOLOGIES USA INC.,
HUAWEI TECHNOLOGIES CO. LTD., AND
HUAWEI DEVICE (SHENZHEN) CO., LTD.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) with a copy of this document via the Court's CM/ECF system.

Dated: April 1, 2019

By: /s/ *Denise De Mory*

Henry C. Bunsow
Denise De Mory
Christina Finn
Robin Curtis
Corey Johanningmeier
Nicolas Mancuso
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
hbunsow@bdiplaw.com
ddemory@bdiplaw.com
cfinn@bdiplaw.com
rcurtis@bdiplaw.com
cjohanningmeier@bdiplaw.com
nmancuso@bdiplaw.com

Attorneys for Plaintiff
HARRIS CORPORATION