**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HARRIS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:18-cv-439 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| HUAWEI DEVICE USA, INC., HUAWEI | ) | |
| DEVICE CO., LTD., HUAWEI | ) | |
| TECHNOLOGIES USA INC., HUAWEI | ) | |
| TECHNOLOGIES CO. LTD., AND | ) | |
| HUAWEI DEVICE (SHENZHEN) CO., | ) | |
| LTD. | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION TO ENTER DISPUTED DOCKET CONTROL ORDER**

Plaintiff Harris Corporation, and Defendants Huawei Device USA Inc., Huawei Device Co., Ltd., Huawei Technologies USA Inc., Huawei Technologies Co., Ltd., and Huawei Device (Shenzhen) Co., Ltd. hereby jointly and respectfully move the Court to enter a Docket Control Order to govern this case. The parties have met and conferred in good faith and agreed on all aspects of the proposed Docket Control Order except for one dispute concerning the date for the close of fact discovery. Plaintiff proposes to set this date on December 16, 2019, while Defendants propose to set the date on January 13, 2020. The parties' respective positions concerning that disputed date are set forth briefly below.

**Plaintiff's Position**

Plaintiff proposes that the close of fact discovery occur on December 16, 2019. Ending fact discovery on this date would relieve both parties from anticipated difficulties in scheduling,

traveling to, and attending last-minute depositions during the holiday season.  The proposed date also provides both parties with a closed factual record and ample time for the orderly preparation of their initial expert disclosures by the agreed date of January 13, 2020.  Document production will have been substantially completed months earlier on the agreed date of October 3, 2019, and Plaintiff does not expect that the Court's ruling on any claim construction issues will affect what *fact* discovery is or is not relevant.  In addition, lead counsel for Plaintiff has a trial before the Patent Trial and Appeal Board in another matter that is scheduled for December 20, 2019, which would conflict with efforts to close fact discovery under Defendants' proposal.

For the foregoing reasons, Plaintiff respectfully requests that the Court enter Plaintiff's proposed Docket Control Order, attached hereto as Exhibit A.

### **Defendants' Position**

Huawei proposes that the Court adopt the deadlines set forth in the sample Docket Control Order provided at the March 18, 2019 Scheduling Conference, including the setting of the close of fact discovery on January 13, 2020.  Harris, in contrast, proposes shortening fact discovery by one month, from January 13, 2020 to December 16, 2019, while leaving the deadline for opening expert reports unchanged at January 13, 2020—which is inconsistent with the Court's practices.  Harris's proposed change would meaningfully prejudice Huawei's ability to prepare its case, and Harris offers no compelling reason to make it.

Harris's proposal to shorten fact discovery by one month would prejudice Huawei in two key respects.  ***First***, Harris's proposal likely would ensure that Huawei is unable to take any fact discovery having the benefit of the Court's claim constructions.  Harris's proposal would set the close of fact discovery just one month after the claim construction ***hearing*** date of November 14, 2016, meaning that the close of fact discovery likely would fall very close in time to when the Court issued its claim construction ***ruling*** following the hearing.  In contrast, the schedule set forth in the sample DCO, and proposed by Huawei, provides adequate time after an anticipated claim

construction ruling to take needed fact discovery that may turn on the Court's constructions. Examples include discovery on: (i) whether prior art products and systems are invalidating under the Court's constructions, (ii) whether Plaintiff's alleged practicing products in fact embody a patent claim as construed, which may require analysis of source code; (iii) whether any licensed products embody a patent claim as construed, an issue that may be relevant to marking and Harris's ability to collect pre-notice damages, and that may require discovery of source code; (iv) the importance, or lack thereof, to consumers and customers of the alleged inventions when viewed under their proper scope as construed by the Court; and (v) whether Harris's submissions to the IEEE render unenforceable one or more of the asserted patents in view of the scope of those patents as compared to Harris's submissions to IEEE. **Second**, because Huawei already agreed to Harris's request for a 30-day extension to serve Infringement Contentions, an additional 30-day reduction in fact discovery would effectively mean that Huawei has 60 fewer days to investigate and develop facts to rebut Harris's specific infringement theories before fact discovery closes.  Such prejudice can and should be avoided here by not altering the Court's sample DCO.

Harris also has no compelling basis to modify this Court's sample Docket Control Order in this case.  Harris first argues that its proposals would allow the parties time to prepare expert disclosures after fact discovery closes.  Huawei disagrees that any such gap is needed here.  Indeed, this Court's practice is to set the close of fact discovery on the same day as opening expert reports, a practice it followed in this case.  *See* sample Docket Control Order for patent cases at http://www.txed.uscourts.gov/?q=judge/chief-district-judge-rodney-gilstrap.  Plaintiff knew or should have known of that practice when it chose to file suit in this District and, had it believed that practice was not suitable for this case, it could have filed suit elsewhere.  Indeed, Plaintiff's counsel here must be well-aware of this Court's practice in that regard, having litigated here before, and having agreed in cases of similar, or greater, complexity as this one, to a DCO where the close of fact discovery coincided with opening expert reports. *See* Joint Motion for Entry of Docket Control

Order, *Ericsson Inc. et al. v Apple Inc.*, No. 2:15-cv-00291 at 51 (E.D.TX. June 12, 2015).  Harris

also argues that a December 20, 2019 PTAB oral argument scheduled for one of its lead

counsel would conflict with efforts to close fact discovery under Huawei' proposal.  Huawei

does not believe that is a credible argument, including because that argument would last just one

day, Harris has several another attorneys who have entered an appearance for it here, and Harris

and its counsel have nine months from now to plan for that one-day hearing in view of the case

schedule here.  To the extent Harris legitimately believes that its counsel's one day PTAB

hearing in another matter would adversely impact Harris's ability to close fact discovery nearly a

month later, Harris should request that the PTAB move the oral argument in that other matter,

instead of requesting this Court to alter the proposed schedule here.  Harris next argues that its

proposal would obviate taking depositions over the holidays.  Huawei disagrees that such

consideration warrants cutting fact discovery short here, and believes that the parties adequately can

address any issues about holiday schedules by working together proactively.

For the foregoing reasons, Defendants respectfully request that the Court enter

Defendants' proposed Docket Control Order, attached hereto as Exhibit B.


WHEREFORE, the parties jointly and respectfully request that the Court grant their Joint

Motion and enter a Docket Control Order to govern this case, and each respectfully request that

its own proposed Docket Control Order be entered.

Dated:  April 1, 2019               Respectfully Submitted,

By: _/s/ Denise De Mory_

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75467
Telephone: 903-845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

Henry C. Bunsow
Denise De Mory
Christina Finn
Robin Curtis
Corey Johanningmeier
Nicolas Mancuso
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
hbunsow@bdiplaw.com
ddemory@bdiplaw.com
cfinn@bdiplaw.com
rcurtis@bdiplaw.com
cjohanningmeier@bdiplaw.com
nmancuso@bdiplaw.com

Attorneys for Plaintiff
HARRIS CORPORATION

Dated:  April 1, 2019               Respectfully Submitted,

By: _/s/ James R. Batchelder_

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH LLP**
303 S. Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

James R. Batchelder
James L. Davis, Jr.
Andrew T. Radsch
Christopher M. Bonny
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
james.batchelder@ropesgray.com
james.l.davis@ropesgray.com
andrew.radsch@ropesgray.com
christopher.bonny@ropesgray.com

Jolene L. Wang
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
(212) 596-9090
jolene.wang@ropesgray.com

Attorneys for Defendants
HUAWEI DEVICE USA, INC.,
HUAWEI DEVICE CO., LTD.,
HUAWEI TECHNOLOGIES USA INC.,
HUAWEI TECHNOLOGIES CO. LTD., AND
HUAWEI DEVICE (SHENZHEN) CO., LTD.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) with a copy of this document via the Court's CM/ECF system.

Dated:  April 1, 2019

By:  /s/ *Denise De Mory*

Henry C. Bunsow
Denise De Mory
Christina Finn
Robin Curtis
Corey Johanningmeier
Nicolas Mancuso
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
hbunsow@bdiplaw.com
ddemory@bdiplaw.com
cfinn@bdiplaw.com
rcurtis@bdiplaw.com
cjohanningmeier@bdiplaw.com
nmancuso@bdiplaw.com

Attorneys for Plaintiff
HARRIS CORPORATION