**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HARRIS CORPORATION, | |
| Plaintiff, | No. 2:18-cv-00439-JRG |
| vs. | |
| HUAWEI DEVICE USA, INC. HUAWEI DEVICE CO., LTD., HUAWEI TECHNOLOGIES USA INC., HUAWEI TECHNOLOGIES CO. LTD., AND HUAWEI DEVICE (SHENZEN) CO., LTD., | Jury Trial Demanded |
| Defendants. | |

**NOTICE REGARDING DEFENDANTS' RULE 12(b)(6) MOTION**
**TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER 35 U.S.C. § 101**

On March 8, 2019, Huawei moved to dismiss the Amended Complaint[1] for failure to state a claim because *all* claims of the patents-in-suit are patent-ineligible under 35 U.S.C. § 101.  Dkt. No. 31.  On April 3, 2019, Harris served its Disclosure of Asserted Claims and Infringement Contentions Under P.R. 3-1 and did not assert *all* claims of the patents-in-suit.  Dkt. No. 46. Accordingly, Huawei hereby provides notice that it moves to dismiss the Amended Complaint because the *asserted* claims are patent-ineligible under 35 U.S.C. § 101.[2]

The asserted claims are as follows and Huawei respectfully submits that the Court need only address the *asserted* claims (not *all* claims of patents-in-suit) in its order on Huawei's Rule

---

[1] The Amended Complaint asserted one specific claim for each patent, but generally alleged that Huawei infringed "one or more claims" of each patent.  Am. Compl. (Dkt. 13), ¶¶ 44, 49, 57, 62, 70, 76, 84, 88, 96, 100, 108, 112, 120, 126.

[2] The term "Challenged Claims" was originally defined as "*All* claims of the Asserted Patents" in Huawei's motion to dismiss (emphasis added); however, the revised definition is "All *asserted* claims of the Asserted Patents."  Mot. (Dkt. 31), Table of Definitions.

12(b)(6) Motion to Dismiss Amended Complaint for Failure to State a Claim Under 35 U.S.C. §

101.  Dkt. No. 31.

## ASSERTED CLAIMS FROM THE PATENTS-IN-SUIT

| Patents-In-Suit | Asserted Claims |
|---|---|
| '678 patent | 12-13, 17-20, 51-52, 56-58 |
| '690 patent | 32-34, 36, 38-43, 71-73, 75-80 |
| '227 patent | 1-6, 8-13, 15-20, 22, 24 |
| '986 patent | 1, 5-6, 9, 17, 21-22, 25 |
| '426 patent | 1-27 |
| '537 patent | 1-5, 10-11, 16-19, 24-25, 30-31, 33-34, 36-40, 45-49, 54-68 |
| '572 patent | 1, 47 |

Dated: April 4, 2019

*/s/ Melissa R. Smith*
Melissa R. Smith
**GILLAM & SMITH, LLP**
TX State Bar No. 24001351
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

James R. Batchelder
(CA Bar No. 136347)
(Eastern District of Texas Member)
James L. Davis, Jr.
(CA Bar No. 304830)
(Eastern District of Texas Member)
Andrew T. Radsch
(CA Bar No. 303665)
(Eastern District of Texas Member)
Christopher M. Bonny
(CA Bar No. 280554)
(Eastern District of Texas Member)
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
james.batchelder@ropesgray.com
james.l.davis@ropesgray.com
andrew.radsch@ropesgray.com
christopher.bonny@ropesgray.com

Jolene L. Wang
(NY Bar No. 5462619)
(Eastern District of Texas Member)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
(212) 596-9090
jolene.wang@ropesgray.com

Attorneys for Defendants
*HUAWEI DEVICE USA, INC., HUAWEI*
*DEVICE CO., LTD., HUAWEI*
*TECHNOLOGIES USA INC., HUAWEI*
*TECHNOLOGIES CO. LTD.,*
*and HUAWEI DEVICE (SHENZEN) CO.,*
*LTD.*

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 4th day of April, 2019, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Melissa R. Smith*
Melissa Smith