# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| HARRIS CORPORATION, | § | |
| --- | --- | --- |
| | § | |
| v. | § | Case No. 2:18-CV-0439-JRG |
| | § | |
| HUAWEI DEVICE USA, INC., et al. | § | |

## DOCKET CONTROL ORDER

It is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| Current Deadline | Proposed Deadline | Event |
| --- | --- | --- |
| June 1, 2020 | | *Jury Selection – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| April 27, 2020 | | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| April 20, 2020 | | *Notify Deputy Clerk in Charge regarding the date and time by which juror questionaires shall be presented to accompany by jury summons if the Parties desire to avail themselves of the benefit of using juror questionaires[1] |
| April 20, 2020 | | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| April 20, 2020 | | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |

---

[1] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionaires in Advance of *Voir Dire*.

| | | |
|---|---|---|
| April 13, 2020 | | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| April 6, 2020 | | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| April 6, 2020 | | Serve Objections to Rebuttal Pretrial Disclosures |
| March 23, 2020 | | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| March 16, 2020 | | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| March 9, 2020 | | *Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions that were filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e), not to exceed the deadline as set forth in this Docket Control Order.[2] Motions for Summary Judgment shall comply with Local Rule CV-56. |
| February 24, 2020 | | *File Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |

| | | |
|---|---|---|
| February 24, 2020 | | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.</u> |
| February 24, 2020 | | Deadline to Complete Expert Discovery |
| February 3, 2020 | | Serve Disclosures for Rebuttal Expert Witnesses |
| January 13, 2020 | | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| January 13, 2020 | | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| December 12, 2019 | | Deadline to Complete Mediation<br><br>The parties are responsible for ensuring that a mediation report is filed no later than 5 days after the conclusion of mediation. |
| December 5, 2019 | | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| November 14, 2019 | | *Claim Construction Hearing – 1:30 p.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| October 31, 2019 | | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| October 24, 2019 | | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| October 17, 2019 | | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| October 3, 2019 | | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any)<br><br>Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a). |

| October 3, 2019 | | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
|---|---|---|
| September 19, 2019 | | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| September 12, 2019 | | File Response to Amended Pleadings |
| August 29, 2019 | | *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| August 22, 2019 | | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| August 1, 2019 | | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| July 11, 2019 | | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |
| May 29, 2019 | | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) |
| April 8, 2019 | April 12, 2019 | *File Proposed Protective Order<br><br>The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |
| April 8, 2019 | | Comply with Paragraphs 1 & 3 of the Discovery Order (Initial and Additional Disclosures) |

(\*) indicates a deadline that cannot be changed without showing good cause.  Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Notice of Mediator**:  The parties are to jointly file a notice that identifies the agreed upon mediator or indicates that no agreement was reached.  If the parties do not reach an agreement, the Court will appoint a mediator.  The parties should not file a list of mediators to be considered by the Court.

**Summary Judgment Motions, Motions to Strike Expert Testimony, and *Daubert* Motions**:  For each motion, the moving party shall provide the Court with two (2) copies of the completed briefing (opening motion, response, reply, and if applicable, surreply), excluding exhibits, in D-three-ring binders, appropriately tabbed.  All documents shall be single-sided and must include the CM/ECF header.  For expert-related motions, complete digital copies of the relevant expert report(s) and accompanying exhibits shall submitted on a single flash drive. These copies shall be delivered as soon as briefing has completed.

**Indefiniteness**:  In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motions for Continuance**:   The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a) The fact that there are motions for summary judgment or motions to dismiss pending;

(b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO")**:  Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO.  The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged).  In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Proposed DCO**:  The Parties' Proposed DCO should also follow the format described above under "Amendments to the Docket Control Order ('DCO')."