# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HARRIS CORPORATION, | ) |
|     Plaintiff / Counterclaim-Defendant, | ) ) ) Civil Action No. 2:18-cv-00439-JRG |
| v. | ) ) ) |
| HUAWEI DEVICE USA, INC., HUAWEI DEVICE CO., LTD., HUAWEI TECHNOLOGIES USA INC., HUAWEI TECHNOLOGIES CO. LTD., and HUAWEI DEVICE (SHENZHEN) CO., LTD., | ) ) **JURY TRIAL DEMANDED** ) ) ) ) |
|     Defendants / Counterclaim-Plaintiffs. | ) ) |

**DEFENDANTS' OPPOSED MOTION TO AMEND DOCKET CONTROL ORDER**

Huawei respectfully files this motion to add deadlines for the parties' disclosures and document productions pursuant to Local Patent Rules 3-1 through 3-4, as set forth in the attached proposed Amended Docket Control Order. Specifically, Huawei moves to amend the current Docket Control Order (D.I. 45) in light of Huawei's assertion of five patents in its Answer and Counterclaims (D.I. 56), filed April 26, 2019. Harris opposes this motion, asserting that Huawei's counterclaims should proceed on a different, delayed schedule compared to the one currently governing Harris's affirmative claims.

## I.   BACKGROUND

On February 15, 2019, Harris filed an Amended Complaint for Patent Infringement against Huawei, alleging infringement of seven patents. D.I. 13. On March 8, 2019, Huawei filed a Motion to Dismiss (D.I. 31) that Amended Complaint, arguing that all claims of Harris's asserted patents are not patent-eligible under 35 U.S.C. § 101. By filing that Motion, the date by which Huawei was required to respond to Harris's First Amended Complaint was tolled. If the Court were to deny Huawei's Motion, Huawei would have fourteen days from the date of that order to file its response. Fed. R. Civ. P. 12(a)(4)(A).

On April 2, 2019, the Court entered a Docket Control Order for this case, D.I. 45, which the Court amended on April 26, 2019, to allow the parties additional time to file a proposed Protective Order, D.I. 55. Of relevance here, the Court set claim construction deadlines beginning on July 11, 2019, with the parties' P.R. 4-1 exchange of proposed claim terms for construction. Fact discovery is currently not currently set to close until January 13, 2020, and expert discovery is not set to close until February 24, 2020. Trial is set for June 1, 2020.

Before Harris even served its original Complaint on Huawei, Huawei attempted to engage Harris in a discussion regarding Harris's infringement of certain Huawei patents by

Harris products. Those attempts continued even after Harris served its Complaint. But despite its good-faith efforts to engage in a discussion, Huawei was unable to resolve this issue.

Respecting the Court's heavy docket, and recognizing that it was not practical to expect a ruling on Huawei's Motion to Dismiss well before the claim construction process begins, Huawei filed its Answer and Counterclaims on April 26, 2019 in order to ensure that the parties' competing claims could be handled efficiently, and without any prejudice to Harris. As set forth in Huawei's now-filed counterclaims, Harris infringes Huawei's counterclaim patents through Harris's use of LTE and Power Over Ethernet devices, and Harris has refused to engage in substantive discussions with Huawei for a license to those patents, requiring the filing of infringement claims to protect Huawei's intellectual property rights.

## II. DISCUSSION

This Court has the inherent power to manage its own docket, including the case schedule, upon a showing of good cause. *See, e.g.*, *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 848 (E.D. Tex. 2004); Fed. R. Civ. P. 6(b)(1)(A). Good cause exists here for Huawei's requested modification. Huawei's proposal (1) will clarify deadlines not in the current Docket Control Order without causing prejudice to Harris or delay to the case, (2) will reduce the costs to the parties and result in greater efficiency than two separate schedules, and (3) will promote a faster resolution between the parties.

The proposed Amended Docket Control Order will clarify the exchanges and deadlines under the Local Patent Rules for Huawei's counterclaim patents, and will align them with the exchanges and deadlines relating to Harris's asserted patents. Moreover, the proposed amendment to the Docket Control Order will have minimal impact on the case schedule, as the amendments do not modify any of the current dates in the schedule—only a limited number of

new deadlines are necessary at the beginning of the schedule to bring the new counterclaims into the case.  In fact, as the attached proposed amended schedule reflects, the proposed amendment will align Harris's patent claims with Huawei's counterclaims by July 11, 2019, allowing for claim construction and all other deadlines to proceed on the same schedule.

Huawei's proposed amended Docket Control Order will not prejudice Harris.  Trial is more than thirteen months away, and the close of fact discovery is eight and a half months away.  Huawei has agreed to serve its infringement contentions a mere two weeks after it filed its counterclaims, thus giving Harris ample notice of Huawei's infringement assertions.  Indeed, Harris will have the benefit of receiving Huawei's infringement contentions before Harris files its response to Huawei's counterclaims.  Moreover, Harris will have the full 8 weeks to prepare and serve its invalidity contentions and technical documents after receiving Huawei's infringement contentions, as contemplated by the Court's model Docket Control Order.   This is the same amount of time that Huawei has had to prepare its own invalidity contentions after having been served with Harris's P.R. 3-1 infringement contentions, which was the first pleading in which Harris identified all of the claims it is asserting in this action.  Indeed, Huawei has made every effort to ensure that the proposed schedule is not prejudicial to Harris.  Under Huawei's proposed amended Docket Control Order, Harris will have had more than six weeks to consider Huawei's invalidity contentions (due May 29) when it identifies claim terms for construction on July 11.  On the other hand, Huawei will have only three days to consider Harris's invalidity contentions (due July 8 under Huawei's proposal), which is less than the 10 days provided for under the Local Patent Rules.

Huawei's proposed schedule, which aligns deadlines before claim construction proceedings even begin, will reduce costs and lead to the most efficient resolution of the parties'

3

claims.  On the other hand, creating two unique schedules—one for Harris's claims of patent infringement and a separate one for Huawei's counterclaims of patent infringement—as Harris proposes, will complicate the proceedings, burden the parties, and be inefficient.  As other courts have observed, "[a]s a general rule, holding multiple trials when claims could be consolidated in one trial is not conducive to judicial economy." *See, e.g., Ioane v. Spjute*, No. 1:07-CV-0620, 2016 WL 3916966, at *3 (E.D. Cal. July 19, 2016); *Broadcom Corp. v. Sony Corp.*, No. SACV 16-1052-JVS (JCGx), 2016 WL 9108039, at *4 (N.D. Cal. Dec. 20, 2016) ("[I]f [the Court] severs the case, then it will have to spend twice the amount of judicial resources to resolve a dispute between the same parties, who are represented by the same attorneys.").  Severing this case, as Harris contends is appropriate, would result in two sets of discovery deadlines, two motions calendars, two *Markman* hearings, and two trials, creating competing deadlines, significantly increasing costs to the parties, and imposing an unnecessary burden on the court.

      Moreover, the issues to be addressed by Huawei's counterclaims are similar to the issues to be addressed by Harris's claims.  Both parties' claims relate to patent infringement.  And the patents asserted by both Harris and Huawei are related to networking arrangements and communications.  Moreover, Huawei's infringement assertions, like some of Harris's assertions, are based on allegations that products comply with various industry standards, including, specifically, standards set by the IEEE.  *See, e.g.*, D.I. 56, ¶¶ 37-42.  Thus, both parties will need to address issues relating to the implementation of standards in devices, as well as the commitments that flow from having patents that are allegedly essential to these standards.

      Finally, by proceeding on a single schedule, the parties will be more likely to reach resolution of their dispute.  If the parties proceed on a single schedule for both Harris's claims and Huawei's counterclaims, the parties will need to be more judicious in the claims they assert

at trial, and this winnowing down of claims will reduce the disputes between the parties. "[L]ogic dictates that holding two trials, as opposed to one, will inevitably cause delay in resolution" of the parties' disputes. *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

Harris has suggested in communications with Huawei that it will argue that Huawei lay in wait, secretly preparing counterclaims while the existing schedule was set. Not so. Huawei tried to engage with Harris for months, in an attempt to start good-faith negotiations for a license to Huawei's standard-essential patents. Harris did not reciprocate with good faith, necessitating these counterclaims. In order to position this dispute for resolution, the parties' competing claims should be tried on the same schedule.

For the foregoing reasons, Huawei respectfully requests that the Court amend the Docket Control Order (D.I. 45) by entering the proposed Docket Control Order attached hereto.

Respectfully submitted,

Dated: May 8, 2019            */s/ Andrew T. Radsch*

Melissa R. Smith
**GILLAM & SMITH, LLP**
TX State Bar No. 24001351
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

James R. Batchelder
(CA Bar No. 136347, admitted to E.D. Tex.)
James L. Davis, Jr.
(CA Bar No. 304830, admitted to E.D. Tex.)
Andrew T. Radsch

5

(CA Bar No. 303665, admitted to E.D. Tex.)
Christopher M. Bonny
(CA Bar No. 280554, admitted to E.D. Tex.)
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
james.batchelder@ropesgray.com
james.l.davis@ropesgray.com
andrew.radsch@ropesgray.com
christopher.bonny@ropesgray.com

Kevin J. Post
(NY Bar No. 4382214, admitted to E.D. Tex.)
Alexander E. Middleton
(NY Bar No. 4797114, admitted to E.D. Tex.)
Jolene L. Wang
(NY Bar No. 5462619, admitted to E.D. Tex.)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
kevin.post@ropesgray.com
alexander.middleton@ropesgray.com
jolene.wang@ropesgray.com

*Attorneys for Defendants-Counterclaimants*
HUAWEI DEVICE USA, INC.,
HUAWEI DEVICE CO., LTD.,
HUAWEI TECHNOLOGIES USA INC.,
HUAWEI TECHNOLOGIES CO. LTD., and
HUAWEI DEVICE (SHENZHEN) CO., LTD.

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 8th day of May, 2019, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff have complied with the meet and confer requirement of Local Rule CV-7(h).  This motion is opposed.  The conference required by Local Rule CV-7(h) was conducted on May 7, 2019, by telephone, among the following participants:  Andrew Radsch for Huawei; and Corey Johanningmeier for Harris.  The parties' discussions on this issue have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/ Melissa R. Smith*
Melissa R. Smith
