-1-

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HARRIS CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HUAWEI DEVICE USA, INC., HUAWEI ) <br> DEVICE CO., LTD., HUAWEI ) <br> TECHNOLOGIES USA INC., HUAWEI ) <br> TECHNOLOGIES CO. LTD., AND ) <br> HUAWEI DEVICE (SHENZHEN) CO., ) <br> LTD. ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 2:18-cv-00439-JRG <br><br> **JURY TRIAL DEMANDED** |

**DECLARATION OF DENISE DE MORY IN SUPPORT OF PLAINTIFF HARRIS
CORPORATION'S MOTION TO SEVER DEFENDANTS' INFRINGEMENT
COUNTERCLAIMS**

I, Denise De Mory, declare as follows:

I am an attorney with the law firm of Bunsow De Mory LLP and I am lead counsel representing Plaintiff Harris Corporation ("Harris"), in the above-captioned matter. I have personal knowledge of the facts set forth herein, and if called to testify as to the truth of the matters stated herein, I could and would testify competently. I submit this declaration in support of Harris's Motion to Sever Defendants' Counterclaims for Infringement, as well as Harris's Opposition to Defendants' Motion to Amend the Docket Control Order (Dkt. 60).

1. Attached hereto as Exhibit A is a true and correct copy of an email chain between in-house counsel for in-house counsel for Harris Mitch Evander, and in-house counsel for Huawei Steven Geiszler and Shen Zhao, discussing a potential for separate negotiation tracks with respect to Harris's patent assertions and Huawei's LTE patents. Portions of the emails not directly relevant to rebutting Huawei's characterizations of these negotiations have been redacted to preserve the confidentiality of ongoing discussions. Unredacted versions and additional communications are available and could be provided under seal should the Court deem that necessary to its determination.

2. Attached hereto as Exhibit B is a true and correct copy of an email chain between in-house counsel for Harris Mitch Evander, and in-house counsel for Huawei Steven Geiszler and Shen Zhao, discussing the inclusion of Huawei's LTE patents in negotiations in response to communications from Huawei including Huawei's March 31, 2019 letter.

3. To date, Huawei has not produced non-public technical documentation for the Accused Products, including for those numerous products identified by model number in Harris's original Complaint on October 24, 2018.

4. Huawei served Infringement Contentions on May 13, 2019. Harris is continuing

to evaluate Huawei's contentions but they appear deficient on their face.  The contention claim charts cite only three public Harris documents, and in only one of the five claim charts.  Except for these lone citations to Harris documents, the charts contain only unexplained quotations from industry standards.

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on May 15, 2019 in Redwood City, California.

Dated:  May 15, 2019

                    By: */s/ Denise De Mory*
                           Denise De Mory