# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HARRIS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 2:18-cv-00439-JRG |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| HUAWEI DEVICE USA, INC., HUAWEI ) | |
| DEVICE CO., LTD., HUAWEI ) | |
| TECHNOLOGIES USA INC., HUAWEI ) | |
| TECHNOLOGIES CO. LTD., AND ) | |
| HUAWEI DEVICE (SHENZHEN) CO., ) | |
| LTD. ) | |
| ) | |
| Defendants. ) | |

## **REPLY IN SUPPORT OF PLAINTIFF HARRIS CORPORATION'S MOTION TO SEVER DEFENDANTS' INFRINGEMENT COUNTERCLAIMS**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1
II. HUAWEI'S INFRINGEMENT COUNTERCLAIMS SHOULD BE SEVERED
    AND SHOULD PROCEED ON A SEPARATE, TRAILING SCHEDULE ..................... 2
III. CONCLUSION .................................................................................................................... 5

I.      INTRODUCTION

Harris brought this case more than seven months ago, asserting seven Wi-Fi and Zigbee routing and security patents, which are not alleged to be wholly standard essential or subject to FRAND obligations.[1]  Harris identified infringement by various Huawei commercial routers, switches, gateways, and consumer products.  Six months later, Huawei brought a completely separate case via counterclaims, without prior notice to Harris or the Court.  Huawei asserted five LTE cellular and Power over Ethernet patents—which are asserted as standard essential[2] and are admittedly FRAND obligated[3]—against battlefield and tactical radio communications equipment used in vehicles, aircraft, and by soldiers and law enforcement officers.  The factual dissimilarity between the two cases is starkly obvious from the parties' own descriptions of the patents, products, and issues.  *See, e.g.*, Mot., Dkt. 65 at 2-4 (*citing* Motion to Dismiss Opposition, Amended Complaint, and Counterclaims).  Huawei fails to rebut this clear dissimilarity with any specific examples of factual overlap.

Without identified common issues to be decided once rather than twice, there is no efficiency gain to litigating and trying the two separate cases together.  Huawei fails to explain how one combined *Markman* hearing or trial will supposedly narrow the disputes or "promote settlement" as compared to two *Markman* hearings or trials.  Any narrowing that Huawei seeks here would be solely due to the logistical and scheduling pressure it seeks to impose by forcing Harris to share time in presentation of its case with Huawei's separate patents and issues.  Just

---

[1] While Huawei's opposition purports to disagree (*see* Opp., Dkt. 68 at 2), it has not pled defenses or made counterclaims alleging any FRAND obligation by Harris.  *See* Dkt. 56.

[2] Huawei's infringement contention claim charts exclusively relate the asserted claim limitations to portions of the LTE and PoE standards and rely on no Harris technical information other than to allege compliance with standards—indicating that Huawei intends to prove infringement by the standards.  *See* Opp. at 9 (describing contentions).

[3] *See* Opp. at 1.

resolution is promoted when all important disputed terms or issues are argued and decided—but this does not require dissimilar issues to be lumped together or decided simultaneously. Furthermore, foregoing presentation and resolution of important disputed terms or issues due to complexity—or lack of time with the Court or jury—is not an efficiency.

Finally, there is significant risk of jury confusion in Huawei's proposal to cover up to twelve patents on distinct technologies, four distinct sets of industry standards, asymmetrical FRAND issues, and multiple damages models in one trial. In short, Huawei's infringement counterclaims should be severed, and proceed on a separate schedule toward a separate trial.[4] Harris respectfully suggests that this course is the most efficient way to resolve both cases, without creating unnecessarily complex hearings, briefing, or trials. *Huawei Technologies Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2016 WL 7191855 at *1, Dkt. 54 at 2 ("The Court, however, in all of the cases above, severs the counterclaims against Huawei Tech to reduce the complexity of the cases.").

## II. HUAWEI'S INFRINGEMENT COUNTERCLAIMS SHOULD BE SEVERED AND SHOULD PROCEED ON A SEPARATE, TRAILING SCHEDULE

Harris's Motion demonstrated, consistent with prior cases of this Court, that the lack of factual overlap and the complexity of the issues presented by the two distinct cases here call for the exercise of the Court's discretion to sever Huawei's infringement counterclaims.

In opposition, Huawei fails to identify any specific overlap between the two cases, instead relying on the general suggestions that the patents relate to networking, or to one of four sets of different industry standards, in some way. But this Court has recognized that "[t]rying

---

[4] Huawei's opposition to the Motion to Sever repeats and revisits certain arguments from its Motion to Amend the DCO (Dkt. 60). If the Court were to decline to exercise its discretion to sever the two cases, Harris respectfully requests that Huawei's infringement counterclaims still proceed on a separate schedule, for all of the reasons given herein and in Harris's opposition to the Motion to Amend the DCO (Dkt. 66).

these technologically disparate patents in one case creates no efficiency gains," and that damages in FRAND cases "raise highly patent-specific issues," even in a case where all the patents were directed to LTE standards and implicated FRAND. Mot. at 7 (citing *Huawei*, 2016 WL 7191855 at *1-2, Dkt. 54 at 2-3 ("A fact-finder's understanding of one patent will not inform her understanding of the other patent.")).

Huawei's attempt to distinguish the result it argued for (successfully) in its prior case falls flat. Opp. at 2-3. By Huawei's own admission, there this Court severed four LTE patent cases, none of which had more than seven patents asserted, into eight cases, none of which had more than four. *Id.* Here there are twelve patents asserted in one case, and four distinct sets of industry standards at issue instead of just one. If this were simply a matter of counting patents-per-case, the result in *Huawei v. T-Mobile* would further support severing here.

But this is not just a matter of counting patents, and instead is one of complete lack of factual overlap to justify simultaneous treatment of claims. As Huawei argued in its *T-Mobile* cases: "Although NSN contends both sets of patents broadly involve 'LTE cellular technology,' the differences . . . are incredibly broad." *Huawei*, No. 2:16-cv-00052-JRG-RSP, Dkt. 35 at 4-5 (E.D. Tex. June 6, 2016) ("There is no technical efficacy to be gained by tying these patents together because the issues for infringement, validity, and damages will have little in common."). In contrast, here Huawei suggests that the sets of claims remain together because they both "relate to networking arrangement and communications." Opp. at 1. This alleged commonality is even more vague than what was argued in the *Huawei v. T-Mobile* cases, even as the differences between the patents are more pronounced here. Huawei's position here simply cannot be reconciled with its position there. But even setting aside what Huawei has argued, this Court correctly determined in the *Huawei v. T-Mobile* cases, as it should here, that keeping

"technologically disparate patents in one case creates no efficiency gains." *Huawei*, 2016 WL 7191855 at *1-2, Dkt. 54 at 2-3.[5]

Technological difference was also an important aspect of the court's decision in *ROY-G-BIV Corporation v. FANUC Ltd.*, No. 2:07-CV-418 (DF), 2009 WL 10677443 at *1 (E.D. Tex. April 14, 2009), where the court severed because "Defendants' two counterclaim patents deal with relatively distinct technology," and not merely because of delay as Huawei suggests. Opp. at 4; Mot. at 7.

Huawei fails to present any case from this district denying a motion to sever infringement counterclaims. Instead Huawei suggests that the Court "allow[ed] a case to proceed without severing" or "declined to sever" in three cases in which **no motion to sever infringement counterclaims was ever brought**. Opp. at 7-9. In fact, in the *Metaswitch* cases referred to by Huawei (*id.* at 7-8) this Court ***did*** stay and then sever non-patent claims and counterclaims (including for breach of FRAND obligations) from two cases to consolidate them with a third. *See, e.g.*, *Genband US LLC v. Metaswitch Networks Ltd.*, 2:14-cv-00744-JRG, Dkt. 385 (June 3, 2016). Huawei does not explain or opine why counsel in each of the three cases it cites did not also seek to sever infringement counterclaims, or provide analysis sufficient to determine

---

[5] Differences between the patents were a significant factor weighing toward severing even in the primary N.D. Cal. case relied on by Huawei. *See Broadcom Corp. v. Sony Corp.*, No. SACV 16-1052-JVS (JCGx), 2016 WL 9108039, at *3-5 (N.D. Cal. Dec. 20, 2016) ("There are vast, important factual differences between Broadcom's claims and Sony's counterclaims: 'different patents, covering different technologies, invented by different inventors, allegedly infringed at different times, by different parties, by different, noncompeting products, in different ways.'"). That case was decided based in part on factors that do not apply and in fact would pull the other way here, such as advance notice by Sony of its "intent to pursue infringement counterclaims in the parties' Rule 26(f) discussions and in pre-suit negotiations." *Id.* at *5. Harris had no advance warning or reason to expect that Huawei would file counterclaims here, particularly given that Harris was participating in good faith in negotiations with Huawei immediately prior to the filing. *See* Mot. at fn. 3.

whether doing so would have been warranted.

Here in this case, for all of the reasons given in its Motion to Sever and herein, Harris has very real concerns about prejudice, undue complexity in hearings and briefs, and jury confusion at trial, should Harris's claims and Huawei's infringement counterclaims be jammed together into the same case and case schedule.  These fundamentally separate and factually distinct cases should be treated as separate and factually distinct in the interest of the just and efficient resolution of both.  Huawei has failed to show any legitimate reason to suggest otherwise, or any authority from this district for denying Harris's motion.

### III.    CONCLUSION

Plaintiff Harris respectfully requests that the Court sever Huawei's counterclaims for patent infringement (Counterclaim Nos. 15-19) into a separate action to be litigated and tried according to a separate, trailing schedule.

Dated:  May 30, 2019                                         Respectfully Submitted,

By:  /s/ *Corey Johanningmeier*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75467
Telephone: 903-845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

Henry C. Bunsow
Denise De Mory
Christina Finn
Robin Curtis
Corey Johanningmeier
Nicolas Mancuso
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063

> Telephone: (650) 351-7248
> Facsimile: (415) 426-4744
> hbunsow@bdiplaw.com
> ddemory@bdiplaw.com
> cfinn@bdiplaw.com
> rcurtis@bdiplaw.com
> cjohanningmeier@bdiplaw.com
> nmancuso@bdiplaw.com
>
> Attorneys for Plaintiff
> HARRIS CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) with a copy of this document via the Court's CM/ECF system.

Dated: May 30, 2019

By: /s/ *Corey Johanningmeier*
Corey Johanningmeier