**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HARRIS CORPORATION, | ) |
| Plaintiff / Counterclaim-Defendant, | ) ) ) No. 2:18-cv-00439-JRG |
| v. | ) ) ) |
| HUAWEI DEVICE USA, INC., HUAWEI DEVICE CO., LTD., HUAWEI TECHNOLOGIES USA INC., HUAWEI TECHNOLOGIES CO. LTD., and HUAWEI DEVICE (SHENZHEN) CO., LTD., | ) ) Jury Trial Demanded ) ) ) ) |
| Defendants / Counterclaim-Plaintiffs. | ) ) |

**HUAWEI'S SUR-REPLY IN OPPOSITION TO HARRIS'S REPLY IN SUPPORT OF
ITS MOTION TO SEVER DEFENDANTS' INFRINGEMENT COUNTERCLAIMS**

Harris no longer argues that it is prejudiced by having to "quickly" comply with its P.R. 3-3 and 3-4 invalidity contentions or by receiving allegedly deficient infringement contentions from Huawei. Rather, Harris's arguments all now stem from the premise that there are no overlapping issues between Harris's claims and Huawei's counterclaims. Harris is incorrect on this point: There is significant overlap in the accused technologies and issues to be resolved, including those regarding standard essentiality and FRAND. Moreover, Harris's same arguments were considered and rejected in *Broadcom*, where the court found that, even if there is no overlap between a plaintiff's patent claims and a defendant's patent counterclaims, judicial efficiency is realized by keeping both claims and counterclaims in the same case. *Broadcom Corp. v. Sony Corp.*, No. SACV 16-1052-JVS (JCGx), 2016 WL 9108039 (N.D. Cal. Dec. 20, 2016). Harris simply ignores *Broadcom* on these points, and fails to identify a single case where a court has severed a defendant's patent counterclaims brought early enough not to disrupt the schedule already in place, as Huawei does here.

**I.    Contrary to Harris's Claim, Severing Huawei's Counterclaims Will Hinder Judicial Economy and Delay Resolution of the Parties' Dispute**

There is no merit to Harris's claim that, because purportedly different technology underlies the parties' respective claims and counterclaims, consolidation would yield "no efficiency gain." Reply at 1-2. Indeed, the arguments Harris presents are identical to those presented in *Broadcom*, where the court held that efficiency gains *would* be realized under the same circumstances. *Broadcom*, 2016 WL 9108039, at *3-5. Harris has provided no compelling reason why this case is different.

Harris's argument that having a single *Markman* or trial will lead to judicial efficiency only if there are overlapping issues (Reply at 1-2) was rejected in *Broadcom*. In *Broadcom*, even though the court determined that "[t]here are vast, important factual differences between

1

Broadcom's claims and Sony's counterclaims," the court held that "[s]evering the case would result in two discovery deadlines, two motion calendars, two Markman hearings, and two trials. Therefore, severing the case hinders judicial economy." *Broadcom*, 2106 WL 9108039 at *3-4. In reaching this conclusion, the *Broadcom* court noted that "*[a]s a general rule*, holding multiple trials when claims could be consolidated in one trial is not conducive to judicial economy." *Id.* at *4.[1]  Similarly, contrary to Harris's assertion that the parties would be just as likely to resolve their dispute if the case is severed (Reply at 1-2), the *Broadcom* court noted that "logic dictates that holding two trials, as opposed to one, will inevitably cause delay in resolution of the parties' disputes." *Id*.  Harris fails to provide any argument beyond those presented and rejected in *Broadcom* why the "general rule" that severing patent claims and patent counterclaims reduces efficiency would not apply here.  Indeed, Harris's true motive—de-prioritizing Huawei's claims in a "trailing" case—is clear.  Harris likely hopes to have Huawei's claims tried sufficiently behind its own so that it can discount the impact of those counterclaims in licensing discussions.

      Harris's brief discussion of *Broadcom* confirms its applicability here.  Harris asserts that "[d]ifferences between the patents were a significant factor weighing toward severing" in *Broadcom*.  Reply at 4 n.5.  But the *Broadcom* court's recognition of those differences while still refusing to sever *confirms* that the efficiency gains obtained by proceeding with both the parties' claims and counterclaims in the same litigation outweigh any reasons to sever based on alleged lack of overlapping technology.  And while Harris asserts that defendant in *Broadcom* gave notice of its counterclaims before it filed its counterclaims, that is a distinction without a difference.  When considering timing, the *Broadcom* court noted that defendant served its counterclaims well before the end of discovery.  *Broadcom*, 2106 WL 9108039 at *5.  Similarly,

---

[1] All emphasis added unless otherwise noted.

here, Huawei served its counterclaims well before the end of discovery, and indeed the inclusion of Huawei's counterclaims will not disrupt a single date under the current schedule. Opp. at 4.[2]

Harris's reliance on *Huawei Technologies Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2016 WL 7191855 (E.D. Tex. Jul. 11, 2016) and *ROY-G-BIV Corporation v. FANUC Ltd.*, No. 2:07-CV-418 (DF), 2009 WL 10677443 at *1 (E.D. Tex. April 14, 2009) as a counter to *Broadcom* is misplaced. Both *T-Mobile* and *ROY-G-BIC* involved significant procedural differences from the current case, and are thus inapplicable.

As Huawei's opposition explained, the patent counterclaims in *T-Mobile* were brought by an intervening third party, across four different cases, in an attempt to inject nine new patents into the litigations. Opp. at 2-3. Here, Huawei the original defendant—not an intervener—and is not adding its counterclaims to a complex set of cases. Harris fails to address the procedural complexities in the *T-Mobile* cases. Instead, Harris focuses exclusively on the differences in technology present in *T-Mobile*. Reply at 3-4. But as the *Broadcom* court recognized, a lack of overlap between technology in patent claims and counterclaims is insufficient to sever counterclaims, and does not overcome the efficiencies obtained by trying both patent claims and counterclaims in a single case. *Broadcom*, 2106 WL 9108039 at *3-4.[3]

Similarly, Harris incorrectly asserts that the counterclaims in *ROY-B-GIV* were severed merely because of a lack of overlap in technology. Reply at 4. As noted in Huawei's opposition, *ROY-B-GIV* is inapposite because the defendant amended its pleadings "a full year after th[e] suit

---

[2] The *Broadcom* court's explanation that defendant gave prior notice of its counterclaims appears at best to be an illustration of how plaintiff in that case was mischaracterizing the history of the counterclaims, and the court does not state that this prior disclosure has any relevance to its analysis of prejudice to plaintiff. *Broadcom*, 2106 WL 9108039 at *5.

[3] In *T-Mobile*, there were already multiple cases set to be tried separately. Opp. at 2-3. Thus, the efficiency gained by trying four cases compared to eight would have been very different than the efficiency gained here, where all claims would be tried in a single action.

was initially filed" and "mere days before the parties were to file their Joint Claim Construction and Prehearing Statement on the patents originally in suit." Opp. at 4.[4] Here, Huawei filed its counterclaims early enough not to disrupt the dates in the current schedule for Harris's claims, ensuring that the parties would be able to proceed with claim construction disclosures under a single, unified schedule.

Moreover, although Huawei identified numerous cases where the Court did not sever counterclaims—even *sua sponte* under Rule 21, Fed. R. Civ. P.—Harris identifies only one of those cases as being allegedly distinct from the situation here, and does not even attempt to distinguish the others. But that one case—*Metaswitch Networks v. Genband US LLC*, No. 2:14-cv-744-JRG—is consistent with Huawei's position: In *Metaswitch*, the court severed non-patent specific counterclaims, but *did not sever* patent counterclaims. *Metaswitch,* Dkt. 385 at 2 (E.D. Tex. Jun. 3, 2016) (attached as Exhibit 14).

## II.     Harris's Claims of Jury Confusion Are Speculative

Harris asserts incorrectly that "there is significant risk of jury confusion" if the parties' claims and counterclaims proceed in one trial. Reply at 2. Indeed, in *Broadcom*, plaintiff presented—and the court rejected—the same argument Harris asserts here. The *Broadcom* plaintiff argued that proceeding without severance would create a risk of jury confusion because defendant's infringement counterclaims brought into the case *three additional unrelated technologies* and *two new parties*. *Broadcom*, 2106 WL 9108039 at *4. The *Broadcom* court rejected any concerns of jury confusion as premature, noting that, prior to discovery, claim construction and pre-trial rulings, any concern about jury confusion is speculative. *Id*. Harris

---

[4] Harris incorrectly asserts that Huawei's position is that the court in *ROY-G-BIV* severed "merely because of delay." Reply at 4. Not so. Huawei's position is that a mere difference in technology between patent claims and patent counterclaims is insufficient for a court to sever counterclaims, and something more, like the delay found in *ROY-B-GIV*, is necessary.

fails to explain why any potential jury confusion is more concrete here.  Indeed, both parties are more than capable of providing the Court with a clear explanation of the relevant technology, regardless of the number of hearings and trials (and would certainly be motivated to do so).

In fact, the consolidation of the claims and counterclaims here would be simpler than the consolidation in *Broadcom*.  Unlike the counterclaims in *Broadcom*, Huawei's counterclaims require no additional parties, both parties' patents relate to networking arrangement and communications, and proof of infringement will involve evidence of the use of standardized technology—none of which Harris disputes.  In fact, Harris's claim that its patents are not standard essential is inconsistent with its infringement contentions, in which Harris asserts at least four of its asserted patents are infringed by virtue of Huawei's support of the WiFi or Zigbee standard.  If accepted as true, FRAND issues will be central to both cases.  Ultimately, regardless of essentiality issues, Harris does not explain why the Court or jury is less able to address and evaluate the claims and counterclaims here than in the *Broadcom* case.

**III.    Harris Has not Identified Any Prejudice Requiring Severance**

Harris claims it has "very real concerns about prejudice," but fails to identify what that actual prejudice might be.  Reply at 5.  Indeed, in response to Huawei's explanation of the schedule for contentions (Opp. at 7-8), Harris no longer asserts that it is getting less time than Huawei to prepare its invalidity contentions.  Similarly, after Huawei pointed out that Harris did not accurately describe the level of detail in Huawei's infringement contentions (Opp. at 9), Harris no longer asserts that Huawei's infringement contentions lack sufficient detail to put Harris on notice of Huawei's infringement assertions.  Having dropped these arguments, Harris provides no remaining basis for any alleged prejudice.  With Huawei already providing its contentions on an expedited basis, there is none.

Huawei thus respectfully requests the Court to deny Harris's Motion to Sever.

5

Dated: June 6, 2019				Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
**GILLAM & SMITH, LLP**
TX State Bar No. 24001351
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

James R. Batchelder
(CA Bar No. 136347, admitted to E.D. Tex.)
James L. Davis, Jr.
(CA Bar No. 304830, admitted to E.D. Tex.)
Andrew T. Radsch
(CA Bar No. 303665, admitted to E.D. Tex.)
Christopher M. Bonny
(CA Bar No. 280554, admitted to E.D. Tex.)
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
james.batchelder@ropesgray.com
james.l.davis@ropesgray.com
andrew.radsch@ropesgray.com
christopher.bonny@ropesgray.com

Kevin J. Post
(NY Bar No. 4382214, admitted to E.D. Tex.)
Alexander E. Middleton
(NY Bar No. 4797114, admitted to E.D. Tex.)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
kevin.post@ropesgray.com
alexander.middleton@ropesgray.com

*Attorneys for Defendants-Counterclaimants*
HUAWEI DEVICE USA, INC.,
HUAWEI DEVICE CO., LTD.,
HUAWEI TECHNOLOGIES USA INC.,
HUAWEI TECHNOLOGIES CO. LTD., and
HUAWEI DEVICE (SHENZHEN) CO., LTD.

## CERTIFICATE OF SERVICE

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 6th day of June, 2019, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                /s/*Melissa R. Smith*
                                                 Melissa Smith