**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HARRIS CORPORATION, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:18-CV-00439-JRG |
| | § | |
| HUAWEI DEVICE USA, INC.,  HUAWEI | § | |
| DEVICE CO., LTD.,  HUAWEI | § | |
| TECHNOLOGIES CO. LTD.,  HUAWEI | § | |
| TECHNOLOGIES USA INC.,  HUAWEI | § | |
| DEVICE (SHENZHEN) CO., LTD., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is Defendants Huawei Device (Shenzhen) Co., Ltd., Huawei Device Co., Ltd.; Huawei Device USA, Inc.; Huawei Technologies Co. Ltd.; and Huawei Technologies USA Inc.'s (collectively, "Huawei") Opposed Motion to Amend/Correct Docket Control Order (the "Huawei Motion").  (Dkt. No. 60.)  Also before the Court is Plaintiff Harris Corporation's ("Harris") Motion to Sever Defendants' Infringement Counterclaims (the "Harris Motion").  (Dkt. No. 65.)  Having considered the respective motions and for the reasons discussed herein, the Court **GRANTS** the Harris Motion and **DENIES AS MOOT** the Huawei Motion.

## I.    BACKGROUND

On October 24, 2018, Harris sued Huawei for infringement (the "Harris Infringement Claims") of U.S. Patent Nos. 6,535,227 (the "'227 Patent"); 6,958,986 (the "'986 Patent"); 6,980,537 (the "'537 Patent"); 7,017,426 (the "'426 Patent"); 7,224,678 (the "'678 Patent"); 7,327,690 (the "'690 Patent"); and 7,440,572 (the "'572 Patent") (collectively, the "Harris Patents").  (Dkt. No. 1 ¶¶ 14–27, 45–134 (Complaint); *see also* Dkt. No. 13 ¶¶ 12–25, 43–132

(Amended Complaint filed on Feb. 15, 2019).)  The Harris Patents relate to network management (e.g., routing, clustering, and scheduling) and security (e.g., cryptography and intrusion detection) aspects of wireless networks.  (*See* Dkt. No. 65 at 2; Dkt. No. 13 ¶¶ 12–25; Dkt. No. 31 at 1–3 (Huawei's Motion to Dismiss).)  Huawei subsequently filed a Rule 12(b)(6) Motion to Dismiss Amended Complaint for Failure to State a Claim Under 35 U.S.C. § 101.  (Dkt. No. 31; *see also* Dkt. No. 47 (identifying challenged claims of the Harris Patents).)

Despite its pending motion to dismiss, Huawei filed an Answer on April 26, 2019, asserting five counterclaims of patent infringement (the "Huawei Infringement Claims").  (Dkt. No. 56 ¶¶ 113–70 (Counterclaims Fifteen, Sixteen, Seventeen, Eighteen, and Nineteen).)  Specifically, Huawei accuses Harris of infringing U.S. Patent Nos. RE44,325 (the "'325 Patent"); 8,416,892 (the "'892 Patent"); 8,798,575 (the "'575 Patent"); 9,838,851 (the "'851 Patent"); and 10,117,226 (the "'226 Patent") (collectively, the "Huawei Patents").  (*Id.* at ¶ 1.)  The Huawei Patents relate to aspects of Power over Ethernet technology and Long-Term Evolution (LTE) telecommunication technology.  (*See id.*; *see also* Dkt. No. 68 at 1; Dkt. No. 65 at 3.)

During the pendency of the Harris and Huawei Motions, Huawei disclosed its infringement contentions pursuant to Local Patent Rules 3-1 & 3-2 on May 13, 2019.  (Dkt. No. 64.)  Likewise, Harris has filed an Answer to the Huawei Infringement Claims.  (Dkt. No. 72 ¶¶ 113–70.)

## II.  DISCUSSION

Huawei moves for this Court to "add deadlines [to the Docket Control Order] for the parties' disclosures and document productions pursuant to Local Patent Rules 3-1 through 3-4." (Dkt. No. 60 at 1 (Huawei Motion).)  Harris requests the Court "sever Huawei's Fifteenth through Nineteenth Counterclaims for patent infringement into a separate action" and reject Huawei's

proposed amendments to the Docket Control Order.  (Dkt. No. 65 at 1 (Harris Motion); Dkt. No. 66 at 8 (Response to Huawei Motion).)

Federal Rule of Civil Procedure 21 states that "[a]ny claim against a party may be severed and proceeded with separately."  A district court is afforded "broad discretion to sever issues to be tried before it."  *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) (citing Rule 21).  However, the court may refuse to sever claims if it "believes that it only will result in delay, inconvenience, or added expense."  *In re Rolls Royce Corp.*, 775 F.3d 671, 680 n.40 (5th Cir. 2014).

Harris argues that "there are no identified factual issues in common between claim construction, infringement, validity, or damages for [the Harris P]atents and [the] Huawei[ P]atents" because the Huawei Infringement Claims "concern different networking technologies and standards, accuse different categories of products in different markets, implicate no common witnesses or evidence, and will require completely separate analyses for claim construction, infringement, validity, and damages—including because [the Huawei P]atents are subject to FRAND obligations whereas [the Harris P]atents are not."  (*See* Dkt. No. 65 at 1, 4.) Harris also argues that "Huawei's voluntary early service of contentions or disclosures, as well as its stated willingness to enter claim construction days after seeing Harris's contentions . . . fail to cure the burden it seeks to impose on Harris by compressing the ordinary early course of what is (in practical effect) a completely separate litigation."  (*Id.* at 6 (internal citation omitted).) "Huawei's attempt to apply *further* narrowing pressure through the untimely assertion and proposed joint treatment of disparate counterclaims should be rejected as prejudicial."  (*Id.* at 5 (emphasis in original).)

3

Huawei responds that "litigating Harris'[] and Huawei's infringement claims at the same time will reduce the burden on the Court and the parties because there will not be a need to double all of the activities across two litigations and on different—often competing—schedules."  (Dkt. No. 68 at 5.)  Harris is not prejudiced by litigating the Huawei Infringement Claims because "Huawei filed its counterclaims early enough to not disrupt the dates in the current schedule," thereby "ensuring that the parties would be able to proceed with claim construction disclosures under a single, unified schedule."  (Dkt. No. 71 at 4.)  Huawei also argues that "any risk of confusing the jury [is] premature because 'there are other procedural mechanisms to address this issue' and the parties are more likely to take steps toward resolving the dispute."  (*See* Dkt. No. 68 at 6 (quoting *Broadcom Corp. v. Sony Corp.*, No. SACV 16-1052-JVS (JCGx), 2016 WL 9108039, at *4 (C.D. Cal. Dec. 20, 2016)).)  Additionally, Huawei contends that "jointly litigating both parties' claims will promote earlier settlement."  (Dkt. No. 68 at 7.)

Considering the totality of circumstances, the Court is persuaded that the Huawei Infringement Claims should be severed from the above-captioned case.  *See* Fed. R. Civ. P. 21. The Harris Patents and the Huawei Patents do not share similar technologies, and severance would simplify an already complex matter.  A fact-finder's understanding of any one of the Harris Patents will not inform her understanding of the Huawei Patents, and vice-versa.  *See Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-cv-52-JRG-RSP, 2016 WL 7191855, at *1 (E.D. Tex. July 11, 2016), *report and recommendation adopted*, 2017 WL 7052466 (E.D. Tex. Sept. 10, 2017).  This is particularly true given that the Harris Patents themselves involve interrelated, yet distinct, technologies (e.g., cryptography; intrusion detection; and network routing, scheduling, and clustering).  Moreover, the technological differences between the Harris and Huawei Patents do not present common or overlapping questions of law or fact, thus necessitating different witnesses,

experts, and documentary proof to resolve the parties' respective disputes.[1,2]  Further adding the complexity of the Huawei Patents to the factual considerations that the fact-finder would already be tasked with as to the Harris Patents risks jury-confusion.  Indeed, "[t]rying these technologically disparate patents in one case creates no efficiency gains."  *Huawei Techs.*, 2016 WL 7191855, at *1.

Additionally, unlike the *Broadcom* case upon which Huawei relies, the Court finds no indication that the Harris Infringement Claims and the Huawei Infringement Claims arose from a single, pre-suit transaction.  *Cf. Broadcom*, 2016 WL 9108039, at *3 (finding that the fact that "it appear[ed] as though there was a single transaction that involved some of the patents at issue . . . . weigh[ed] against severing the case").  The only commonality between the Harris Infringement Claims and the Huawei Infringement Claims is the presence of the parties before this Court in this case.  Accordingly, the Court is persuaded that Harris' and Huawei's respective patent rights may

---

[1] While the Court finds that the five factors set forth in *Broadcom* are persuasive in exercising the Court's discretion under Rule 21, the Court declines to expressly adopt the *Broadcom* factors as the sole avenue through which to exercise its discretion in this instance.  *See Broadcom*, 2016 WL 9108039, at *2 (examining whether (1) the claims arise out of the same transaction or occurrence; (2) the claims present some common questions of law or fact; (3) settlement of the claims or judicial economy would be facilitated; (4) prejudice would be avoided if severance were granted; and (5) different witnesses and documentary proof are required for the separate claim.")

[2] *See Broadcom*, 2016 WL 9108039, at *3–4 ("There are vast, important factual differences between [the parties' respective infringement claims and counterclaims]: different patents, covering different technologies, invented by different inventors, allegedly infringed at different times, by different parties, by different, noncompeting products, in different ways . . . . [that] weighs in favor of severing the case."); *id.* at *5 (explaining that the counterclaimant's "need to present different evidence and witnesses to establish its infringement claims . . . . weighs in favor of the Court severing the case"); *Huawei Techs.*, 2016 WL 7191855, at *2 (explaining that "in many ways, FRAND cases actually de-emphasize the importance of shared facts such as facts about the parties" because "[d]amages assessments in FRAND cases raise highly patent-specific issues"); *ROY-G-BIV Corp. v. FANUC Ltd.*, No. 2:07-cv-418-DF, 2009 WL 10677443, at *1 (E.D. Tex. Apr. 14, 2009) ("Because Defendants' two counterclaim patents deal with relatively distinct technology and because this case would be unduly delayed if those patents remain in this case, the Court finds that Defendants' infringement counterclaims . . . warrant a severance pursuant to Rule 21.").

be prejudiced by trying the Harris Infringement Claims and the Huawei Infringement Claims together.  Severance of the Huawei Infringement Claims is appropriate.

However, given the early posture of this case,[3] the Court is not persuaded that resolution of the Huawei Infringement Claims should be delayed.  *See U.S. v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983) (explaining that severance creates "two separate actions or suits where previously there was but one").  Huawei has not been dilatory in bringing the Huawei Infringement Claims.  Despite Huawei's pending Rule 12(b)(6) motion,[4] Huawei filed its Answer and raised the Huawei Infringement Claims 70 days after Harris' Amended Complaint and 125 days before Harris' deadline to file amended pleadings.  (*See* Dkt. No. 45.)  Additionally, the Court finds that Huawei's proposed amendments to the Docket Control Order provides Harris with the same amount of time to serve its P.R. 3-3 and 3-4 invalidity contentions as to the Huawei Patents after receipt of Huawei's P.R. 3-1 and 3-2 infringement contentions as Huawei had with respect to the Harris Patents.  (*See* Dkt. No. 61-1 at 4 (Huawei's proposed amendment to the Docket Control Order).)  Indeed, Huawei has endeavored not to disturb the Court's deadlines.

Accordingly, the Court is persuaded that the pretrial deadlines set forth in Huawei's proposed Docket Control Order, with some modification, should govern the severed action comprising the Huawei Infringement Claims.

---

[3] The deadline for the parties to file amended pleadings is August 29, 2019, and the deadline for the parties to complete fact discovery is January 13, 2020.  (Dkt. No. 45.) *Cf. also ROY-G-BIV*, 2009 WL 10677443, at *1 (explaining that "Defendants' delay in bringing their counterclaims created a situation in which discovery and claim-construction on both parties' patents could not proceed simultaneously without drastic modification of this Court's Docket Control Order" was "reason alone . . . to sever Defendants' patents").

[4] "Unless the court sets a different time, serving a motion under [Rule 12] alters the[ time to serve responsive pleadings] as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action . . . ."  Fed. R. Civ. P. 12.  The Court has not yet ruled on Huawei's Rule 12(b)(6) Motion to Dismiss Amended Complaint for Failure to State a Claim Under 35 U.S.C. § 101 (Dkt. No. 31).

III.   CONCLUSION

For the forgoing reasons, Harris' Motion to Sever Defendants' Infringement Counterclaims (Dkt. No. 65) is **GRANTED**.  It is therefore **ORDERED** that Huawei's Fifteenth, Sixteenth, Seventeenth, Eighteenth, and Nineteenth Counterclaims (Dkt. No. 56 ¶¶ 113–70) are hereby **SEVERED** into a separate cause of action (the "Huawei Action"), with Huawei's remaining counterclaims continuing (and remaining unsevered) in the above-captioned case.  It is further **ORDERED** that:

1) Huawei is permitted to file an amended complaint asserting its Fifteenth, Sixteenth, Seventeenth, Eighteenth, and Nineteenth Counterclaims (Dkt. No. 56 ¶¶ 113–70) in the Huawei Action, in which Huawei shall be designated and re-aligned as the Plaintiff and Harris shall be designated and re-aligned as the Defendant;

2) After the Huawei Action has been created, the Court will consolidate the Huawei Action (the "Member Case") with this case—No. 2:18-cv-00439 (the "Lead Case")—for all pre-trial issues;

3) The Court hereby **ADOPTS AS MODIFIED** Huawei's proposed amendment to the Docket Control Order (Dkt. No. 60-1) as the Docket Control Order for the Huawei Action.  The Court **SETS** jury selection for the Huawei Action on **June 8, 2020**.  The proposed Docket Control Order (Dkt. No. 60-1), as modified, shall govern the Huawei Action regardless of when it is formally consolidated with the Lead Case.  After the Huawei Action has been created, the Court will enter a Docket Control Order in that case that conforms to the Court's instructions herein; and

4) Harris and Huawei shall meet and confer to determine whether any amendments to the Court's Protective Order (Dkt. No. 53), Discovery Order (Dkt. No. 44) in the

Lead Case should be made for entry in the Huawei Action.  Unless and until modified as to the Huawei Action, these orders shall be equally binding in the Huawei Action and in this case.

Accordingly, Huawei's Opposed Motion to Amend/Correct Docket Control Order (Dkt. No. 60) is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 12th day of June, 2019.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE