# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HUAWEI DEVICE USA, INC., HUAWEI DEVICE CO., LTD., HUAWEI TECHNOLOGIES USA INC., HUAWEI TECHNOLOGIES CO. LTD., AND HUAWEI DEVICE (SHENZHEN) CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> HARRIS CORPORATION <br><br> Defendant. | CIVIL ACTION NO. 2:19-cv-00222-JRG |

**HARRIS CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTS SEVENTEEN AND EIGHTEEN OF DEFENDANT'S COUNTERCLAIMS UNDER FED. R. CIV. P. 12(b)(6)**

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. HARRIS'S EIGHTEENTH COUNTERCLAIM ALLEGES INDEPENDENT VIOLATIONS OF FLORIDA STATE LAW ................................................................ 2

    A. Courts require a specific preemption analysis that Huawei fails to, and indeed cannot, provide. ............................................................................... 2

    B. Huawei's improper conduct here is clearly based on "trade or commerce" in "intangible" property under the FDUTPA .......................................... 4

III. CONCLUSION .............................................................................................................. 4

## **TABLE OF AUTHORITIES**

Page

**CASES**

*Boat Owners Ass'n of U.S. v. Flagship Towing LLC*,
    2015 WL 4548698 (M.D. Fla. July 28, 2015) ................................................................... 4

*Bytemark, Inc. v. Xerox Corp.*,
    342 F. Supp. 3d 496 (S.D.N.Y. 2018) ............................................................................... 3

*Card-Monroe Corp. v. Tuftco Corp.*,
    2015 WL 11109361 (E.D. Tenn. Aug. 18, 2015) ............................................................. 2

*Conbraco Industries, Inc. v. Mitsubishi Shindoh Co., Ltd.*,
    2015 WL 3506487 (W.D.N.C. Jan. 30, 2015) .................................................................. 2

*Dow Chemical Co. v. Exxon Corp.*,
    139 F.3d 1470 (Fed. Cir. 1998)..................................................................................... 1, 2

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
    153 F.3d 1318 (Fed. Cir. 1998)..................................................................................... 2, 3

*Landmark Graphics Corp. v. Seismic Micro Technology, Inc.*,
    470 F. Supp. 2d 757 (S.D. Tex. 2007) .............................................................................. 3

*Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.*,
    204 F.3d 1368 (Fed. Cir. 2000)........................................................................................ 3

*Zenith Electronics Corp. v. Exzec, Inc.*,
    182 F.3d 1340 (Fed. Cir. 1999)........................................................................................ 2

**STATUTES**

Fla. Stat. § 501.203(8) ............................................................................................................ 1, 4

Fla. Stat. § 501.204 ..................................................................................................................... 3

Fla. Stat. § 501.204(1) ................................................................................................................ 4

Fla. Stat. § 501.2105 .................................................................................................................... 3

I.      INTRODUCTION

Harris's state law counterclaims are not preempted by patent law.  Huawei has failed to provide the required preemption analysis or to follow the numerous cases that permit state law unfair competition claims to proceed alongside patent claims and defenses.  *See, e.g.*, *Dow Chemical Co. v. Exxon Corp.*, 139 F.3d 1470, 1473 (Fed. Cir. 1998):

> "A state law tort claim is not preempted by the federal patent law, even if it requires the state court to adjudicate a question of federal patent law, provided the state law cause of action includes additional elements not found in the federal patent law cause of action and is not an impermissible attempt to offer patent-like protection to subject matter addressed by federal law."

Huawei failed to offer or make the required showing—that the state unfair competition counts lack "additional elements" vis a vis Harris's equitable unenforceability defense.  *See id.*  The state claims do include such elements, and the factual basis necessary to establish the counts and the defense are not entirely coextensive—contradicting Huawei's cursory preemption argument.

Harris's Florida state law counterclaim expressly alleges unfair and improper acts by Huawei in soliciting a license to *intangible* intellectual property—such as suing before offering FRAND economic terms to a willing patent licensee.  Case No. 19-cv-00222, Dkt. 5 at ¶¶ 286-292.  Such conduct is plainly within the scope of the Florida unfair competition statute.  Mot. at 8 (quoting FLA. STAT. § 501.203(8): "the *advertising, soliciting*, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any *property*, whether tangible or *intangible*, or any other article, commodity, or thing of value, wherever situated") (emphases added).  Huawei fails to cite authority holding otherwise.  Harris's Eighteenth counterclaim under Florida law cannot be dismissed as a matter of law.[1]

---

[1] To eliminate dispute, Harris withdraws and does not oppose dismissal of its Seventeenth counterclaim under Texas law.  If Huawei had raised its issue with that counterclaim prior to filing its Motion, Harris could have and would have withdrawn it via Rule 15 amendment without the need for briefing.

## II. HARRIS'S EIGHTEENTH COUNTERCLAIM ALLEGES INDEPENDENT VIOLATIONS OF FLORIDA STATE LAW

### A. Courts require a specific preemption analysis that Huawei fails to, and indeed cannot, provide.

Harris's state law unfair competition claims are not preempted by patent law. To determine whether a state law claim is preempted, the Court must examine whether "the state law cause of action includes additional elements not found in the federal patent law cause of action." *Dow*, 139 F.3d. at 1473. Although the Constitution grants Congress the power to issue patents, that grant is not exclusive. "There is no field preemption of state unfair competition claims that rely on a substantial question of federal patent law" because of "the lack of such congressional intent, in conjunction with the underlying presumption disfavoring preemption." *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1333 (Fed. Cir. 1998). Given the absence of an explicit preemption provision in the patent statute, state laws need to be individually analyzed to determine whether they instead conflict with the purposes of federal patent law. *Id*.

Huawei fails to analyze either the elements of the statute or whether it conflicts—failing in the process to establish preemption. Lack of preemption here is consistent with the cases that have considered state law unfair competition claims with respect to analogous inequitable conduct defenses. *See, e.g.*, *Dow*, 139 F.3d. at 1477 ("the Supreme Court has recognized that the protection of commercial, contractual relations is primarily the concern of state law"); *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999) (finding that bad faith element of unfair competition statute precluded preemption);[2] *Bytemark, Inc. v. Xerox Corp.*, 342 F.

---

[2] Numerous other cases find that allegations of commercial bad faith are not preempted by the patent laws. *See, e.g., Conbraco Industries, Inc. v. Mitsubishi Shindoh Co., Ltd.*, 2015 WL 3506487 at *3 (W.D.N.C. Jan. 30, 2015); *Card-Monroe Corp. v. Tuftco Corp.*, 2015 WL 11109361 at *6 (E.D. Tenn. Aug. 18, 2015).

Supp. 3d 496, 508 (S.D.N.Y. 2018) ("unfair competition 'based on [allegations] of unfair commercial practices' is not preempted, because it includes additional elements not addressed by federal patent law"); *Landmark Graphics Corp. v. Seismic Micro Technology, Inc.*, 470 F. Supp. 2d 757, 759 (S.D. Tex. 2007) ("This counterclaim does not rest entirely on actions before the PTO but alleges 'marketplace misconduct.'  SMT's unfair competition counterclaim also includes elements different from those required to show inequitable conduct before the PTO.").[3]

Here, as in the cases above finding no preemption, the Florida unfair competition law includes additional elements such as marketplace acts in bad faith.  FLA. STAT. § 501.204 ("unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce").[4]  And here, Harris has specifically alleged facts—such as Huawei's knowledge of "the impropriety of bringing its counterclaims for infringement prior to having even proposed a royalty rate to Harris"—that go above and beyond what Harris would need to plead for its unenforceability defense.  *See* Case No. 19-cv-00222, Dkt. 5 at ¶¶ 187-192.[5]  The Court should reject Huawei's unsupported and counterfactual assertion that the counterclaims "completely overlap" an unenforceability defense.  They do not.

In short, Harris's Florida law counterclaim includes additional elements and is not preempted.  And Huawei has completely failed to establish a conflict justifying preemption, as required under the cases cited above.  *See, e.g.*, *Hunter Douglas*, 153 F.3d at 1333.

---

[3] Huawei's cited *Semiconductor Energy* case confirms that this is the correct analysis, citing *Dow*, before finding a RICO claim preempted under a distinguishable analysis of the facts and elements presented there.  *See Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.*, 204 F.3d 1368, 1382 (Fed. Cir. 2000), *amended* (Apr. 5, 2000).

[4] The statute also provides for additional remedies beyond unenforceability, including damages and attorneys' fees.  *See* FLA. STAT. § 501.2105.

[5] *See also id.* at ¶¶ 193-196 (alleging that Huawei sued despite knowing that Harris was a willing licensee).

### B. Huawei's improper conduct here is clearly based on "trade or commerce" in "intangible" property under the FDUTPA

Harris's well-pleaded Eighteenth counterclaim alleges that Huawei sued before making a FRAND offer to license its intellectual property, despite knowing of the impropriety of doing so, and despite knowing that Harris was a willing licensee. Case No. 19-cv-00222, Dkt. 5 at ¶¶ 187-196, 286-292. Florida unfair competition law covers such unconscionable, unfair, and/or deceptive acts in "the ***advertising, soliciting***, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or ***any property***, whether tangible or ***intangible***, or any other article, commodity, or thing of value, wherever situated." FLA. STAT. §§ 501.204(1), 501.203(8) (emphases added).

Harris's allegations are within the scope of the statute, which by its terms includes trade in intangible property. And Harris's allegations must be credited as true on a motion to dismiss—precluding dismissal here. Huawei's Motion simply ignores these allegations—and makes cursory, counterfactual assertions that they are not there. Mot. at 8.

Finally, Huawei's lone case, *Boat Owners*, does not concern FRAND issues or patent licenses—and does not find, or provide support for, any categorical exclusion of such matters from the Florida statute. Rather, that case turned on factual analysis of the specific alleged unfair practices there. *See Boat Owners Ass'n of U.S. v. Flagship Towing LLC*, 2015 WL 4548698 at *3 (M.D. Fla. July 28, 2015). Here, Harris has made the well-pleaded allegation that at least Huawei's decision to violate its FRAND commitments by suing before offering fair and reasonable economic terms—or indeed any terms—is an unfair practice under Florida law. Case No. 19-cv-00222, Dkt. 5 at ¶¶ 286-292.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Harris respectfully requests that the Court deny

Huawei's motion with respect to Count Eighteen alleging violations of Florida unfair competition law.

Dated: July 12, 2019 Respectfully Submitted,

By: /s/ *Denise De Mory*

Henry C. Bunsow
Denise De Mory
Christina Finn
Robin Curtis
Corey Johanningmeier
Nicolas Mancuso
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
hbunsow@bdiplaw.com
ddemory@bdiplaw.com
cfinn@bdiplaw.com
rcurtis@bdiplaw.com
cjohanningmeier@bdiplaw.com
nmancuso@bdiplaw.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75467
Telephone: 903-845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

Attorneys for Defendant
HARRIS CORPORATION

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) with a copy of this document via the Court's CM/ECF system.

Dated:  July 12, 2019

By:  /s/ *Denise De Mory*

Henry C. Bunsow
Denise De Mory
Christina Finn
Robin Curtis
Corey Johanningmeier
Nicolas Mancuso
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
hbunsow@bdiplaw.com
ddemory@bdiplaw.com
cfinn@bdiplaw.com
rcurtis@bdiplaw.com
cjohanningmeier@bdiplaw.com
nmancuso@bdiplaw.com

Attorneys for Plaintiff
HARRIS CORPORATION