UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HARRIS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE USA, INC.<br>HUAWEI DEVICE CO., LTD.,<br>HUAWEI TECHNOLOGIES USA INC.,<br>HUAWEI TECHNOLOGIES CO. LTD., AND<br>HUAWEI DEVICE (SHENZHEN) CO., LTD.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  No. 2:18-cv-00439-JRG (LEAD CASE)<br>)<br>)<br>)<br>)<br>)  **Jury Trial Demanded**<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE REGARDING DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER 35 U.S.C. § 101**

The relevant facts today are the same as those identified by Huawei in the joint letter filed on March 18, 2019: (1) Harris fails to explain why or how construing *any* term would impact the § 101 analysis, in contravention of the Court's Standing Order Regarding Motions under 35 U.S.C. § 101, and (2) under *any* plausible construction, the claims are ineligible. Dkt. 37-1 at 6. Accordingly, there is no impediment to adjudicating the patents' ineligibility under § 101 now—prior to claim construction.

Harris's notice mischaracterizes Huawei's positions in the joint letter, which are unchanged. Huawei did not "assert[] that there were no claim construction disputes requiring resolution," as Harris contends. Dkt. 80 at 1. Rather, Huawei contended, and still contends, that no claim construction is needed to evaluate patentability under § 101. Dkt. 37-1 at 6. For many claim terms, this is because the patent specifications admit that the elements are conventional.

For example, with respect to "encrypting bits"—the only term identified in Harris's notice—the '572 patent admits that "add[ing] a plurality of encrypting bits" was a technique known in the art, and therefore cannot provide the missing inventive concept. *Id*. at 7.  In addition, for this and all other terms, the claims are ineligible under any plausible construction. *Id*. at 6-7.  Harris has not explained how or why any term is an exception, although it was required to do so.

The number and identity of terms identified in Huawei's P.R. 4-1 disclosure (which had to address 130 asserted claims across seven asserted patents) is irrelevant.  The overwhelming majority of the terms will never be construed by the Court because in the normal course of claim construction exchanges the parties will conclude that no dispute exists.  Harris's rush to file its "notice" is telling; Harris filed before the meet and confer required by P.R. 4-1(b), during which the parties are to narrow or resolve differences.  Some claim terms will undoubtedly be construed, as in any patent case.  But, in a case like this one where the patentee cannot explain *why* any potential construction would matter, the Court is well positioned to adjudicate ineligibility under § 101.

Dated:  July 18, 2019

*/s/ Melissa R. Smith*
Melissa R. Smith
**GILLAM & SMITH, LLP**
TX State Bar No. 24001351
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

James R. Batchelder
(CA Bar No. 136347)
(Eastern District of Texas Member)
James L. Davis, Jr.
(CA Bar No. 304830)
(Eastern District of Texas Member)

-3-

        Andrew T. Radsch
        (CA Bar No. 303665)
        (Eastern District of Texas Member)
        Christopher M. Bonny
        (CA Bar No. 280554)
        (Eastern District of Texas Member)
        **ROPES & GRAY LLP**
        1900 University Avenue, 6th Floor
        East Palo Alto, CA 94303-2284
        Telephone: (650) 617-4000
        Facsimile: (650) 617-4090
        james.batchelder@ropesgray.com
        james.l.davis@ropesgray.com
        andrew.radsch@ropesgray.com
        christopher.bonny@ropesgray.com

        Kevin J. Post
        (NY Bar. No. 4382214)
        (Eastern District of Texas Member)
        Alexander E. Middleton
        (NY Bar. No. 4797114)
        (Eastern District of Texas Member)
        Jolene L. Wang
        (NY Bar No. 5462619)
        (Eastern District of Texas Member)
        **ROPES & GRAY LLP**
        1211 Avenue of the Americas
        New York, NY 10036
        (212) 596-9000
        (212) 596-9090
        kevin.post@ropesgray.com
        alexander.middleton@ropesgray.com
        jolene.wang@ropesgray.com

        Attorneys for
        *HUAWEI DEVICE USA, INC., HUAWEI*
        *DEVICE CO., LTD., HUAWEI*
        *TECHNOLOGIES USA INC., HUAWEI*
        *TECHNOLOGIES CO. LTD., and HUAWEI*
        *DEVICE (SHENZHEN) CO., LTD.*

-4-

**CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 18th day of July, 2019, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                                            /s/ *Melissa R. Smith*