# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HUAWEI DEVICE USA, INC. HUAWEI DEVICE CO., LTD., HUAWEI TECHNOLOGIES USA, INC., HUAWEI TECHNOLOGIES CO. LTD., and HUAWEI DEVICE (SHENZHEN) CO., LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> HARRIS CORPORATION, <br><br> Defendant. | No. 2:18-cv-439-JRG <br><br> Jury Trial Demanded |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS SEVENTEEN AND EIGHTEEN OF DEFENDANT'S <u>COUNTERCLAIMS UNDER FED. R. CIV. P. 12(b)(6)</u>**

Huawei's Motion established that Harris failed to allege facts sufficient to support its state law unfair competition counterclaims (Counts Seventeen and Eighteen) (Case No. 2:19-cv-222, Dkt. 5).  Indeed, Harris has now withdrawn its Texas state law counterclaim (Count Seventeen).  Opp. at 1 n.1.  With respect to the remaining state law claim, Harris does not dispute that Huawei's alleged failure to timely disclose its patents to standard-setting organizations, including ETSI and IEEE, is not "trade or commerce" under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA).  The only remaining basis for Harris's Florida state law counterclaim—and the one addressed in the Opposition—is, as Harris describes it, Huawei's "suing before offering FRAND economic terms to a willing patent licensee."  Opp. at 1.  But even taking that allegation as true, in the context of a motion to dismiss, filing a complaint claiming infringement is not "trade or commerce."  Therefore, the Court should dismiss Harris's Florida state law counterclaim for failure to allege facts sufficient to state a claim.

Even if the Court were to find that Huawei's alleged conduct falls within the FDUTPA's definition of "trade or commerce," Harris does not dispute that Harris's factual allegations for Count Eighteen under Florida law are identical to the allegations for its unenforceability defense.  Moreover, Harris's assertion that a showing of bad faith is an additional required element of its Florida state law claim that extends beyond its federal patent law affirmative defenses is incorrect.  Harris's Florida state law claim does *not* require a showing of bad faith.  Thus, federal patent law preempts Harris's Florida state law counterclaim.  For this reason as well, the Court should dismiss Count Eighteen.

I.   **The Court Should Dismiss Count Eighteen Because Huawei's Filing of a Complaint Is Not "Advertising" or "Soliciting" Under the FDUTPA**

Harris's sole remaining justification for its Florida state law counterclaim fails.[1]  Harris alleges that "Huawei sued before making a FRAND offer to license its intellectual property, despite knowing of the impropriety of doing so, and despite knowing that Harris was a willing licensee."  Opp. at 4.  But this conduct, even if true, does not qualify as "trade or commerce" under the FDUTPA.

Harris incorrectly asserts that the acts alleged in its counterclaim are "trade and commerce" because they involve "advertising" or "soliciting."  *Id*.  But Harris makes no attempt to explain how filing a lawsuit without first satisfying a purported precondition of making a FRAND offer relates in any way to advertising or soliciting a patent.  Nor does Harris cite a single case where a court has determined that bringing a patent infringement claim was an act of "advertising" or soliciting" under the FDUTPA.  This is because the law is clear that the alleged acts are *not* "trade or commerce."

In its Opposition, Harris ignores the holding in *Boat Owners Ass'n of U.S. v. Flagship Towing LLC* that "[c]onduct occurring during the exercise of a legal remedy—including ***filing a lawsuit or issuing pre-suit demand letters***—cannot give rise to a FDUTPA claim because the pursuit of a legal remedy does not fall within FDUTPA's definition of 'trade or commerce.'"  No. 2:15-cv-197-FTM-29CM, 2015 WL 4548698, at *2 (M.D. Fla. July 28, 2015) (emphasis added); *see also Baker v. Baptist Hosp., Inc.*, 115 So. 3d 1123, 1124 (Fla. Dist. Ct. App. 2013)

---

[1] In its complaint, Harris alleged two bases for its FDUTPA claim: (1) Huawei's alleged failure to timely make disclosures to standard-setting organizations and (2) bringing a lawsuit allegedly without first making a FRAND offer.  Mot. at 8.  In its opposition, Harris does not dispute that Huawei's alleged failure to timely make disclosures to standard-setting organizations is not "trade or commerce" under the FDUTPA, and thus, Huawei's alleged filing suit without first making a FRAND offer is the only remaining basis for Harris's counterclaim.  Opp. at 4.

("We affirm because the pursuit of legal remedies . . . does not fall within the definition of 'trade or commerce.'"). Indeed, courts have consistently held that filing a lawsuit or sending a demand letter is not "advertising" or "soliciting" under the FDUTPA. *See Acosta v. James A. Gustino, P.A.*, No. 6:11-cv-1266-ORL-31, 2012 WL 4052245, at *1 (M.D. Fla. Sept. 13, 2012) (finding "Defendants were not engaged in 'trade or commerce' when they sent demand letters and otherwise engaged in their debt collection efforts, and the Plaintiff has failed to state a claim for violation of FDUTPA" because "[a]n attempt to collect a debt by exercising one's legal remedies does not constitute 'advertising, soliciting, providing, offering, or distributing' as those terms are used in Fla. Stat. § 501.203(8)"); *see also, e.g.*, *In re Smith-Johnson*, No. 8:16-bk-02514-RCT, 2018 WL 1399232, at *4 (Bankr. M.D. Fla. Mar. 19, 2018) (citation omitted) (finding "Defendants' alleged acts—conduct occurring during the exercise of a legal remedy—had zero connection to any 'trade or commerce'"); *State, Office of Atty. Gen. v. Shapiro & Fishman, LLP*, 59 So. 3d 353, 357 (Fla. Dist. Ct. App. 2011) (finding law firm allegedly fabricating false documents for use in foreclosure cases was not engaged in trade or commerce for purposes of the FDUTPA).

For this reason, the Court should dismiss Count Eighteen.

## II. The Court Should Dismiss Count Eighteen Because It Is Commensurate With Harris's Unenforceability Defense And Therefore Preempted By Federal Law

To the extent Harris's Florida state law counterclaim is not dismissed for failure to state a claim, the Court should dismiss that counterclaim because it is identical to Harris's unenforceability defense (Fifteenth Affirmative Defense), and is thus preempted by federal patent law.

Harris does not dispute that "federal law preempts a state law counterclaim when it 'occup[ies] a field identical in scope with [an affirmative] defense.'" Mot. at 2 (quoting

*Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.*, 204 F.3d 1368, 1382 (Fed. Cir. 2000), *amended* (Apr. 5, 2000)). Harris also does not dispute that the factual allegations underpinning its Florida state law counterclaim are the same as those allegations supporting Harris's purported unenforceability defense and are nothing more than a bare re-pleading of one of Harris's federal law affirmative defenses. *See* Mot. at 2. Harris's failure to dispute these two points dooms it. *See Semiconductor Energy Lab.*, 204 F.3d at 1382 (finding allegations that "completely overlap[] with the alleged misrepresentations giving rise to [an affirmative] defense" preempted by federal law); *see also Alcon Labs., Inc. v. Allied Vision Grp., Inc.*, No. 18-cv-61638, 2019 WL 2245584, at *4 (S.D. Fla. Mar. 7, 2019), *report and recommendation adopted.*, No. 18-cv-61638, 2019 WL 2245262 (S.D. Fla. Apr. 2, 2019) (dismissing counterclaim based on Florida common law and the FDUTPA as "redundant and unnecessary" compared to issues raised in the complaint and affirmative defenses); *see also* Mot. at 2-4.

Harris incorrectly asserts that its Florida state law counterclaim is predicated on an additional showing of bad faith, and thus not preempted by Federal Law. Opp. at 3. But, contrary to Harris's assertion, bad faith is not a required element of the Florida unfair competition statute that would preclude federal law preemption. *See, e.g.*, *BPI Sports, LLC v. Labdoor, Inc.*, No. 15-cv-62212, 2016 WL 739652, at *7 (S.D. Fla. Feb. 25, 2016) (declining to read in a requirement of "malice" under the FDUTPA and noting that the defendant "cites no authority indicating that allegations of bad faith make up a material element of a FDUTPA claim and the Court is unable to locate the same"). "Courts have uniformly described the elements required to state a claim under FDUTPA to be threefold: (1) a deceptive act or unfair practice in the course of trade or commerce; (2) causation; and (3) actual damages." *Id.* (collecting cases). Simply put, bad faith is not a required element of the claim.

*Zenith Elecs. Corp. v. Exzec, Inc.*, cited by Harris in its opposition (Opp. at 2), confirms that Harris's FDUTPA claim based on Huawei's assertion of patent infringement is preempted by Federal law.  In *Zenith*, the Federal Circuit first determined that, unlike the FDUTPA, the unfair competition law at issue in that case did require bad faith.  182 F.3d 1340, 1355 (Fed. Cir. 1999).  Importantly, the Federal Circuit held that, "without [a bad faith prerequisite], the [defendant's state law unfair competition] claim is preempted by patent law. *Id*.  Here, because bad faith is not a required element of Harris's FDUTPA claim, federal law preempts it.[2]

The remaining cases cited by Harris in which courts rejected a preemption argument are inapplicable because they involved allegations of bad faith assertions of patent infringement, and Harris makes no such assertion here.  *See Landmark Graphics Corp. v. Seismic Micro Tech., Inc.*, 470 F. Supp. 2d 757, 759 (S.D. Tex. 2007) (defendants alleged that plaintiff had asserted its patent against defendant "with knowledge that the patent is unenforceable due to inequitable conduct"); *Conbraco Indus., Inc. v. Mitsubishi Shindoh Co., Ltd.*, No. 3:14-cv-00368-RJC-DSC, 2015 WL 3506487, at *3 (W.D.N.C. Jan. 30, 2015) (defendant alleged that plaintiff alleged infringement "without a good faith basis"); *Card-Monroe Corp. v. Tuftco Corp.*, No. 1:14-cv-292, 2015 WL 11109361, at *6 (E.D. Tenn. Aug. 18, 2015). (defendant alleged that plaintiff "threatened meritless patent enforcement litigation against [defendant's] customers").

Because Harris's Florida state law counterclaim is predicated on the same allegations of facts as Harris's Fifteenth Affirmative Defense based on federal patent law and does not require an additional showing of bad faith, federal law preempts this counterclaim.  The Court should thus dismiss Harris's remaining state law counterclaim.

---

[2] Similarly, the state law unfair competition claim at issue in *Bytemark, Inc. v. Xerox Corp.* required "the bad faith misappropriation of a competitor's commercial advantage."  342 F. Supp. 3d 496, 510 (2018).  *Bytemark* is thus inapposite.

5

Dated: July 19, 2019                              */s/ James R. Batchelder*

Melissa R. Smith
**GILLAM & SMITH, LLP**
Texas State Bar No. 24001351
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
melissa@gillamsmithlaw.com

James R. Batchelder
California Bar No. 136347
James L. Davis, Jr.
California Bar No. 304830
Andrew T. Radsch
California Bar No. 303665
Christopher M. Bonny
California Bar No. 280554
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
james.batchelder@ropesgray.com
james.l.davis@ropesgray.com
andrew.radsch@ropesgray.com
christopher.bonny@ropesgray.com

Kevin J. Post
New York Bar No. 4382214
Alexander E. Middleton
New York Bar No. 4797114
Jolene L. Wang
New York Bar No. 5462619
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
kevin.post@ropegray.com
alexander.middleton@ropesgray.com
jolene.wang@ropesgray.com

*Attorneys for Plaintiffs*
*Huawei Device USA, Inc.; Huawei Device*
*Co., Ltd.; Huawei Technologies USA, Inc.;*
*Huawei Technologies Co., Ltd.; and Huawei*
*Device (Shenzhen) Co., Ltd.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 19, 2019.

*/s/ Melissa R. Smith*
Melissa R. Smith
