**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HUAWEI DEVICE USA, INC., HUAWEI DEVICE CO., LTD., HUAWEI TECHNOLOGIES USA INC., HUAWEI TECHNOLOGIES CO. LTD., AND HUAWEI DEVICE (SHENZHEN) CO., LTD., | ) ) ) ) ) ) | CIVIL ACTION NO. 2:19-cv-00222-JRG |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| HARRIS CORPORATION | ) ) | |
| Defendant. | ) | |

**HARRIS CORPORATION'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS COUNTS SEVENTEEN AND EIGHTEEN OF DEFENDANT'S
COUNTERCLAIMS UNDER FED. R. CIV. P. 12(b)(6)**

## I.    INTRODUCTION AND ARGUMENT

Huawei's Reply brief misapprehends and mischaracterizes Harris's positions—and like its Motion, fails to establish statutory ineligibility or perform the required preemption analysis with respect to Harris's Florida unfair competition law counterclaim.

*First*, both types of improper conduct concerning FRAND-obligated patents alleged in Harris's counterclaim involve advertising and soliciting a license to intangible property—which is undisputedly within the scope of the statutory definition.  Opp. at 1.  In both sets of factual allegations, the advertising and soliciting of a license—1) of patents improperly identified to the standards organization, and 2) without making a legitimate FRAND offer before suing— constitutes the improper competitive act activating the statute.[1]  Huawei's newly raised Reply brief argument is wrong and inconsistent with case law because it focuses exclusively on the act of filing suit—rather than the act of seeking a license to unenforceable / estopped patents, or the omission of FRAND terms and commitments from those efforts.

Courts, including this Court, have allowed state law unfair competition claims to proceed in patent cases with like circumstances.  *See, e.g.*, *Mondis Technology Ltd. v. LG Electronics Inc.*, Case No. 2:07-cv-00565-JRG, Dkt. 109, 2009 WL 901480 at *2-4 (E.D. Tex. Mar. 31, 2009) (denying motion to dismiss where patentee allegedly remained "silen[t] regarding the existence" of the patent during participation in the standards organization, and patent owner failed to make a FRAND offer).  Here, as in *Mondis*, "the defendants are not pleading an unfair competition violation premised on [Plaintiffs'] actions of bringing the lawsuit.  To the contrary,

---

[1] Case No. 19-cv-00222, Dkt. 5 at ¶ 292 ("(a) failing to timely disclose the existence of patent or patent applications related to the Huawei Asserted Patents in accordance with the requirements of the 3GPP and/or ETSI IPR Policy, and (b) failing to abide by its FRAND commitments, including refusing to license the Huawei Asserted Patents on FRAND terms and conditions.").

the counterclaim is premised upon [Plaintiffs'] actions of **not first offering the defendants a RAND license** and/or **failing to honor the alleged encumbrances on its patents**." *Id.* at *4 (emphases added).

Huawei's failure to timely disclose its patents to the standard setting organizations in which it was participating led to an obligation—describable as an unenforceability, estoppel, implied license, and/or contract—not to improperly assert those patents against users of the corresponding standard.  Case No. 19-cv-00222, Dkt. 5 at ¶¶ 134-136 (IEEE), 144-146 (3GPP), 156-162, 173 (failure to disclose and bar on enforcement).  Huawei's subsequent advertising and solicitation of a license, and failure to provide FRAND terms, each constitute both a breach of those obligations and separately an unfair competitive act in violation of state law.  *Id.* at ¶¶ 197-200 (unfair competition), 246-250 (breach of contract), 286-294.  In addition, Huawei's failure to offer a license on FRAND terms to a willing licensee, prior to suing, constituted both a breach of those obligations and separately an unfair competitive omission in violation of state law.  *See, e.g.*, *id.* at ¶¶ 286-294.  Huawei cannot redefine these allegations in Reply to be outside the scope of the statute.  *See* Opp. at 1, 3.  Harris's Eighteenth counterclaim cannot be dismissed as a matter of law.

*Second*, Huawei's Reply again fails to provide the required preemption analysis under the controlling cases discussed in Harris's Opposition.  *See* Opp. 2-3.  Huawei's Motion and Reply do not fully analyze what is needed to prove Harris's unenforceability defenses, or compare that to the factual basis, statutory elements, and remedies for unfair competition.  Huawei's cited *Semiconductor Energy* case concerned a different defense (inequitable conduct), which numerous other Courts have allowed to proceed in parallel with unfair competition claims.  *See*

Opp. at 2-3.[2]  And Huawei has not fully examined whether "the state law cause of action

includes additional elements not found in the federal patent law cause of action" or conflicts with

the purposes of patent law.  *Id.* at 1-2 (*citing Dow Chemical Co. v. Exxon Corp.*, 139 F.3d. 1470,

1473 (Fed. Cir. 1998)).

Huawei's attempt to focus on the phrase "bad faith" as a statutory element misses the

point.  Reply at 4-5.  Harris has made factual allegations, which must be taken as true on this

Motion, that Huawei acted in bad faith in making "unconscionable . . ., and unfair or deceptive

acts or practices" under the statute.  Opp. at 3.  Claims based on such conduct avoid preemption

by patent law defenses that do not require such things (bad faith, unconscionability, deception,

etc.) to be established.  *See, e.g.*, *ClearPlay, Inc. v. Nissim Corp.*, 2011 WL 3878363 at *3 (S.D.

Fla. Sept. 2, 2011) (noting and finding that a showing of a "'bad faith' action" in asserting

infringement avoids patent preemption of state law claims relating to such an assertion); *see also

id.* at 8-9 ("Bad faith must be alleged and ultimately proven, even if bad faith is not an element

of the state law claim, in order to escape preemption by federal patent law.").  Here, because bad

faith in advertising and soliciting a license to patents is properly alleged as a factual basis for

Harris's state law counterclaims, they are not preempted by patent law.

## II.    CONCLUSION

For the foregoing reasons and those expressed in its Opposition and counterclaims,

Plaintiff Harris respectfully requests that the Court deny Huawei's motion with respect to Count

Eighteen alleging violations of Florida unfair competition law.

---

[2] Huawei misleadingly cites *Alcon Labs., Inc. v. Allied Vision Grp., Inc.*, No. 18-cv-61638, 2019 WL 2245584 (S.D. Fla. Mar. 7, 2019) as if to suggest that it supports a finding of preemption here.  Reply at 4.  To the contrary, that case concerned declaratory judgment counterclaims and contains no discussion of preemption.  Huawei's conclusory assertions have not shown complete factual overlap or redundancy here.  Opp. at 3.

Dated:  July 22, 2019                              Respectfully Submitted,

                                        By: /s/ *Denise De Mory*

                                            Henry C. Bunsow
                                            Denise De Mory
                                            Christina Finn
                                            Robin Curtis
                                            Corey Johanningmeier
                                            Nicolas Mancuso
                                            **BUNSOW DE MORY LLP**
                                            701 El Camino Real
                                            Redwood City, CA 94063
                                            Telephone: (650) 351-7248
                                            Facsimile: (415) 426-4744
                                            hbunsow@bdiplaw.com
                                            ddemory@bdiplaw.com
                                            cfinn@bdiplaw.com
                                            rcurtis@bdiplaw.com
                                            cjohanningmeier@bdiplaw.com
                                            nmancuso@bdiplaw.com

                                            S. Calvin Capshaw
                                            State Bar No. 03783900
                                            Elizabeth L. DeRieux
                                            State Bar No. 05770585
                                            **CAPSHAW DERIEUX, LLP**
                                            114 E. Commerce Ave.
                                            Gladewater, TX 75467
                                            Telephone: 903-845-5770
                                            Email: ccapshaw@capshawlaw.com
                                            Email: ederieux@capshawlaw.com

                                            Attorneys for Defendant
                                            HARRIS CORPORATION

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) with a copy of this document via the Court's CM/ECF system.

Dated:  July 22, 2019

By:  /s/ *Denise De Mory*

Henry C. Bunsow
Denise De Mory
Christina Finn
Robin Curtis
Corey Johanningmeier
Nicolas Mancuso
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
hbunsow@bdiplaw.com
ddemory@bdiplaw.com
cfinn@bdiplaw.com
rcurtis@bdiplaw.com
cjohanningmeier@bdiplaw.com
nmancuso@bdiplaw.com

Attorneys for Plaintiff
HARRIS CORPORATION