# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HARRIS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. 2:18-cv-00439-JRG |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| HUAWEI DEVICE USA, INC., HUAWEI DEVICE CO., LTD., HUAWEI TECHNOLOGIES USA INC., HUAWEI TECHNOLOGIES CO. LTD., AND HUAWEI DEVICE (SHENZHEN) CO., LTD. | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF HARRIS CORPORATION'S MOTION TO COMPEL PRODUCTION OF TECHNICAL DOCUMENTS AND SOURCE CODE

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. HUAWEI MUST PRODUCE NON-PUBLIC TECHNICAL INFORMATION AND SOURCE CODE FOR ITS ACCUSED CONSUMER PRODUCTS ....................... 2

    A. Harris's P.R. 3-1 Contentions Plainly Accuse Huawei's Phones, Tablets, and Laptops of Infringement ................................................................................ 2

    B. Huawei's Failure to Produce the Required Technical Information and Source Code is Prejudicial and Without Justification ............................................ 5

III. CONCLUSION .................................................................................................................. 7

**I.      INTRODUCTION**

Huawei has refused to produce non-public technical documents, including source code, for its accused phones, tablets, and laptops—in violation of its obligation under P.R. 3-4(a) to do so. Harris's Complaint, and its Patent Local Rule 3-1 Infringement Contentions served on April 3, 2019 ("Contentions"), accuse Huawei Wi-Fi products of infringing certain claims of the '678 and '690 Asserted Patents. Those Accused Products include various phone, tablet, and laptop models specifically identified in the Contentions, and the accompanying claim charts explain how those products perform claim elements and participate in infringing wireless networks. But Huawei has confined its (limited) production of technical documents and source code only to accused wireless router and access point products—refusing to make similar production for the other categories of Accused Product.

Huawei cannot fairly dispute that non-public technical documentation and source code is relevant to infringement here. And the argument Huawei seeks to make about substitution of evidence and proportionality is foreclosed by the rules and decisions of this Court. "This District's P.R. 3–4(a) requires the alleged infringer to produce any and all documents describing the operation of any aspects or elements of an accused instrumentality. P.R. 3–4(a) clearly covers source code, regardless of what additional materials may exist to disclose the functionality of the technology at issue." *Edward D. Ioli Trust v. Avigilon Corp.*, Case No. 2:10–cv–605–JRG, 2012 WL 5830711 at *2-3 (E.D. Tex. Nov. 16, 2012).

Harris has properly disclosed its theories of infringement implicating the Wi-Fi operation of, *inter alia*, Huawei's phones, tablets, and laptops. And indeed Harris has explained and supplemented those contentions with additional evidence both at Huawei's request and then further in response to additional information being discovered. As a result, under the Federal

and local rules, Harris may take discovery into technical documents and source code to assemble evidence to prove its case to a jury. Even if infringement could be proven from public documents and/or stipulation, as Huawei may suggest in attempting avoid production, Harris is not required to rely exclusively on that form of proof. *Id.*

Further, the lack of access to non-public technical information about accused products has already prejudiced Harris in its development of its case, and will continue to do so as the parties proceed through fact discovery and claim construction. Accordingly, Harris respectfully moves this Court to compel Huawei to produce—pursuant to the Agreed Protective Order (Dkt. 53)—any and all non-public technical documentation, including source code, concerning the accused Wi-Fi functionality of its phones, tablets, and laptops.[1]

## II. HUAWEI MUST PRODUCE NON-PUBLIC TECHNICAL INFORMATION AND SOURCE CODE FOR ITS ACCUSED CONSUMER PRODUCTS

### A. Harris's P.R. 3-1 Contentions Plainly Accuse Huawei's Phones, Tablets, and Laptops of Infringement.

Harris's '678 and '690 Asserted Patents claim distinct innovations in security (including intrusion detection) for wireless networks. *See, e.g.*, Am. Complaint, Dkt. 13 at ¶¶ 21-22; Harris's Response in Opposition to Defendants' Motion to Dismiss, Dkt. 40 at 12-15. The asserted claims are directed to wireless *networks*, consisting of both nodes (stations) that transmit communications and those that monitor and police transmissions. *See, e.g.*, '690 patent at 15:4-17 (claim 40). Huawei's various Wi-Fi network products, including many of its wireless routers,

---

[1] In lengthy correspondence beginning April 19, 2019, Harris has both explained and provided additional evidence in support of its infringement theories in response to objections Huawei raised. *See, e.g.*, July 29, 2019 Letter, attached as Exhibit A. Huawei has disputed some of that additional evidence in correspondence. But the Court need not resolve such disputes to decide Harris's present Motion, however, as Harris's original P.R. 3-1 Contentions adequately implicate Huawei's phones, tablets, and laptops, leading to an obligation to produce technical documentation and source code for the accused functionality therein.

access points, gateways, switches, *as well as its consumer phones, tablets, and laptops*, practice these inventions. In particular, as accused in the Contentions, Huawei's phones, tablets, and laptops perform specific and material claim elements.

Harris's Contentions, including as served on April 3, 2019, plainly identify specific models of Huawei phones, laptops, and tablets as Accused Products that infringe the Asserted Claims of the '678 and '690 patents. *See, e.g.*, Contentions at pp. 7-8, 10-11 ("Huawei Laptops, tablets and consumer devices that support Wi-Fi (802.11), when connected to a Huawei Wireless LAN/MAN, including: [list of 28 exemplar products]").[2]

The Contentions claim charts plainly disclose multiple theories of infringement involving Huawei phones, laptops, and tablets, including accusations of claim elements practiced by those devices. For example, Huawei's accused "consumer devices" (phones, laptops, and tablets) are "used in wireless local or metropolitan area networks" according to claim language claiming such networks. *See, e.g.*, Contentions, Exhibit E at 1 ('678 Claim 12 preamble), Exhibit F at 1 ('690 Claim 32 preamble). "Huawei consumer devices, including laptops, phones and tablets, are also designed to communicate with wireless networks via the IEEE 802.11 protocols." *Id.*, Exhibit E at 12, Exhibit F at 13. Huawei's accused phones, laptops, and tablets participate in these wireless networks as claimed "stations" (also called "STAs" in cited Huawei and IEEE public documents), practicing claim elements by, *inter alia*, "transmitting data [] using a media access layer (MAC)" and "having a respective MAC address associated therewith" according to asserted claim language. *See, e.g.*, *id.*, Exhibit E at 26-33. They also practice claim elements by,

---

[2] Pursuant to this Court's Standing Order Regarding "Meet and Confer" Obligations Relating to Discovery Disputes, which limits attachments to five pages, Harris has not attached its Contentions to this Motion. Harris is happy to provide the full Contentions, however, should the Court deem that information helpful to resolution of the present dispute.

*inter alia*, "transmitting data in packets each having a packet type associated therewith." *See, e.g.*, *id.*, Exhibit F at 25-33.

Huawei's accused phones, laptops, and tablets communicate with and are monitored by claimed "policing stations," including those devices that employ Huawei's "Wireless Intrusion Detection System (WIDS) and Wireless Intrusion Prevention System (WIPS) functions." *See, e.g.*, *id.*, Exhibit E at 33-40, Exhibit F at 33-41. For example, and without limitation, the phones, laptops, and tablets acting as claimed "stations" (STAs) in the claimed "network" make the claimed "attempts to authenticate a MAC address." *See, e.g.*, *id.*, Exhibit E at 50-52; *see also id.*, Exhibit F at 52-54 (STAs sending claimed "predetermined packet type"); *see also id.*, Exhibit E at 5 ("On information and belief, all Huawei WLAN products incorporate the Wireless Intrusion Detection System (WIDS) as described"), 17 ("On information and belief, all Huawei WLAN products, when combined to form a wireless local or metropolitan area network, are able to utilize the WIDS/WIPS technology.").[3]

---

[3] Huawei has attempted through objection, correspondence, and conference to limit Harris's Contentions to functionality named "WIDS," or to a particular implementation of WIDS, and has asserted that so-named functionality is not present in certain devices. In response, Harris has argued that such limitation is neither the purpose nor a proper use of infringement contentions—which exist to provide reasonable notice of infringement theories and "are not intended to require a party to set forth a prima facie case of infringement and evidence in support thereof." *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-CV-144, 2009 WL 2590101 at *5 (E.D. Tex. Aug. 18, 2009).

In further response, Harris performed additional investigation and determined that: 1) phones utilizing at least the EMUI 8.0 and 9.0 operating system are advertised as including a "Wi-Fi Threat Detection" feature, and contain source code files that appear (from their publicly available titles) to relate to aspects of that feature, and 2) an example phone purchased in the U.S. appears under testing to perform additional monitoring and policing claim elements, including "detect[ing] collisions of a same MAC address" when operating as a Wi-Fi hotspot access point. *See* Exhibit A at 3-5.

In any event, Harris's initial Contentions provide more than sufficient disclosure to trigger Huawei's obligation to produce non-public technical information and source code. Huawei is not excused from this obligation by the suggestion that it does not refer to the infringing functionality as an aspect of "WIDS" when it exists in phones, tablets, or laptops.

Having identified infringement through performance of these claim elements, Harris is entitled to take discovery of technical documents and source code detailing the specific operations within the accused devices that perform the elements. Harris may take such discovery and prove its case through source code citations even if it can and will also demonstrate infringement through testing or citation to public marketing materials. *Edward D. Ioli Trust*, Case No. 2:10–cv–605–JRG, 2012 WL 5830711 at *2-3. Any suggestion by Huawei that other forms of proof are sufficient or proportional alone runs contrary to the rules and the decisions of this Court. Defendants routinely attack the form of proof at trial, asserting that source code ultimately determines whether and how a device operates. Examination of source code for the accused Wi-Fi functionality here is both relevant and proportional to the needs of the case as Harris intends to prove it.

**B.   Huawei's Failure to Produce the Required Technical Information and Source Code is Prejudicial and Without Justification.**

Harris first served its Contentions on April 3, 2019. Those contentions identified numerous Accused Products by name and/or model number, and also included approximately 700 pages of claim charts explaining Harris's theories of infringement. At that time, Huawei had produced no non-public technical documents or source code for any of the products accused in Harris's Complaint.[4] By letter on April 23, 2019, Harris identified categories of relevant documents pursuant to local rules and practice. Those categories included multiple references to technical documents and "Source Code related to the operation of each Accused Product."

On May 29, 2019, Huawei was due to produce technical documents and source code

---

[4] As Harris has repeatedly pointed out in response to objections by Huawei, the sufficiency of contentions are to be measured against the information available to plaintiff. *Am. Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558, 560–61 (E.D. Tex. 2005) ("there are times when plaintiffs' preparation is restricted by defendants' sole possession of the information plaintiffs need").

pursuant to P.R. 3-4(a). Huawei made only a very limited production of technical documents for certain Accused Products, and included none for the accused phones, tablets, or laptops. Huawei also made certain source code available pursuant to the protective order. After counsel for Huawei refused a request to identify by email which accused products were represented by that source code, counsel for Harris reviewed the source code computer and determined that no source code identifiable as being for the accused phones, tablets, or laptops was produced.

Beginning shortly after the Contentions were served, Huawei has sent correspondence purporting to object to and seek explanation of portions of those Contentions. Harris has responded in good faith with clarifications and amendments, even when the objections seemed spurious or directed to an improper purpose. Specifically, Harris responded via a letter on April 26, 2019, an email on May 10, 2019, a lead and local conference on May 14, 2019, a letter on May 17, 2019, proposed Amended Contentions served on May 24, 2019, and letters on June 13, 2019, June 20, 2019, and July 29, 2019. Harris's July 29, 2019 letter is attached hereto as Exhibit A.

Throughout this period of correspondence, Huawei failed to update its production with any non-public technical documents or source code for the accused phones, tablets, or laptops. Huawei's only attempts at justification for this refusal to produce information required by P.R. 3-4(a) fall flat and are foreclosed by the Federal and local rules and this Court's prior decisions. In its most recent correspondence, Huawei suggested that source code production would be "burdensome," and not proportional. But Huawei does not present any authority imposing such a limitation on source code production—which is specifically called for in the patent local rules, including in P.R. 3-4(a). And Huawei has not attempted to meaningfully distinguish on the basis of burden or proportionality between products for which it has produced relevant source code,

such as accused routers and access points, and those for which is has refused to do so, such as phones, tablets, and laptops.

To the contrary, Huawei has demonstrated the ability to produce technical documentation concerning its phones for its own purposes here—such as when, for example, it produced a single document on July 22, 2019 for the expressed purpose of showing that a certain version of its EMUI phone software did not have a particular named feature. *See* Exhibit A at 3-5. That lone document raised more questions than it answered. *Id.* And that lone document, along with the manner of its production, demonstrate exactly why non-public technical documentation and source code are needed to evaluate the factual bases for competing claims about the operation of the Accused Products. The rules do not permit Huawei to curate evidence in order to suggest non-infringement. Rather, the rules require fulsome and unedited discovery of technical documentation and source code so that Harris can build, evaluate, and prove its case.

Huawei's failure to produce the information in question violates the requirements of the patent local rules and this Court's Docket Control Order (Dkt. 55). Huawei's failure to produce has substantially prejudiced Harris in discovery and development of its case, including because months of the discovery period have already expired.[5]

## III. CONCLUSION

Plaintiff Harris respectfully requests that the Court compel Huawei to immediately produce non-public technical documentation, including source code, for the accused functionality of Huawei's accused phones, laptops, and tablets.

---

[5] *Ericsson Inc. v. TCL Commc'ns Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP (Dkt. No. 98) (E.D. Tex., Sept. 4, 2015) (finding defendants' months-long delay in the production of source code and technical documents pursuant to P.R. 3-4 inexcusable, ordering defendant to fully comply with P.R. 3-4, and granting plaintiff's expenses, including its attorneys' fees, in bringing motion to compel).

Dated:  July 30, 2019               Respectfully Submitted,

                                    By:  /s/ *Corey Johanningmeier*

                                    S. Calvin Capshaw
                                    State Bar No. 03783900
                                    Elizabeth L. DeRieux
                                    State Bar No. 05770585
                                    **CAPSHAW DERIEUX, LLP**
                                    114 E. Commerce Ave.
                                    Gladewater, TX 75467
                                    Telephone: 903-845-5770
                                    Email: ccapshaw@capshawlaw.com
                                    Email: ederieux@capshawlaw.com

                                    Henry C. Bunsow
                                    Denise De Mory
                                    Christina Finn
                                    Robin Curtis
                                    Corey Johanningmeier
                                    Nicolas Mancuso
                                    **BUNSOW DE MORY LLP**
                                    701 El Camino Real
                                    Redwood City, CA 94063
                                    Telephone: (650) 351-7248
                                    Facsimile: (415) 426-4744
                                    hbunsow@bdiplaw.com
                                    ddemory@bdiplaw.com
                                    cfinn@bdiplaw.com
                                    rcurtis@bdiplaw.com
                                    cjohanningmeier@bdiplaw.com
                                    nmancuso@bdiplaw.com

                                    Attorneys for Plaintiff
                                    HARRIS CORPORATION

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff have complied with the meet and confer requirement of Local Rule CV-7(h) and (i). This motion is opposed. A telephone conference attended by lead and local counsel for both sides was conducted on July 30, 2019, but did not resolve the dispute. The parties' discussions on this issue have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

Dated:  July 30, 2019

By:  /s/ *Corey Johanningmeier*
Corey Johanningmeier

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) with a copy of this document via the Court's CM/ECF system.

Dated:  July 30, 2019

By:  /s/ *Corey Johanningmeier*
Corey Johanningmeier