# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HARRIS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 2:18-cv-00439-JRG |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| HUAWEI DEVICE USA, INC., HUAWEI ) | |
| DEVICE CO., LTD., HUAWEI ) | |
| TECHNOLOGIES USA INC., HUAWEI ) | |
| TECHNOLOGIES CO. LTD., AND ) | |
| HUAWEI DEVICE (SHENZHEN) CO., ) | |
| LTD. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF HARRIS CORPORATION'S MOTION TO AMEND P.R. 3-1
INFRINGEMENT CONTENTIONS**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION AND SUMMARY ................................................................................ 1

II. HARRIS'S CONTENTIONS ARE SUFFICIENT, BUT SUPPLEMENTATION WOULD CLARIFY THE SCOPE OF THOSE CONTENTIONS IN LIGHT OF HUAWEI'S OBJECTIONS ................................................................................................ 3

    A. This Court's Cases Support Amendment of Contentions Under the Circumstances Here. ................................................................................................ 3

    B. Huawei Cannot Demonstrate Prejudice Arising From the Proposed Amendments. ............................................................................................................ 6

III. CONCLUSION .................................................................................................................... 7

I.  **INTRODUCTION AND SUMMARY**

Harris first served its P.R. 3-1 Infringement Contentions ("Contentions") on April 3, 2019. The Contentions were more than sufficient to disclose Harris's infringement theories under the requirements of the local rules. They identified numerous Accused Products by name and/or model number, and also included approximately 700 pages of claim charts explaining Harris's theories of infringement. Subsequently, Harris has participated in lengthy correspondence and conference with Huawei, providing clarification, explanation, and additional evidentiary citations in support of its disclosed theories of infringement. Of particular relevance to this Motion, Harris has provided additional explanation and citations with respect to infringement of elements of Asserted Claims of the '678 and '690 Asserted Patents by Huawei's accused phones, tablets, and laptops.

Huawei initially requested these clarifications and explanations. Harris's proposed Amended Contentions, served on May 24, 2019, provided additional clarifying disclosures and also identified newly discovered evidence of Huawei's EMUI phone operating system including "Wi-Fi threat detection" functionality. Subsequently, Huawei has repeatedly objected in correspondence to the inclusion in contentions or discovery of anything other than functionality named Wireless Intrusion Detection System ("WIDS")—or a "particular implementation" of WIDS that Huawei agrees is disclosed in the Contentions. Huawei has also resisted and refused all technical and source code discovery into the accused consumer devices. *See* Dkt. 84, 87.

Harris continued its investigations in response to Huawei's various objections and protests, and indeed located additional evidence of sample phones and laptops performing Asserted Claim elements. For example, after Huawei indirectly identified certain source code files as relevant to EMUI's "Wi-Fi threat detection" technology, Harris located compiled code elements with the

same or similar names in the Android Manifest of a Huawei Mate 20 phone purchased for the purpose of investigating Huawei's claims. *See* Exhibit A, July 29, 2019 letter at 4-5. In addition, while investigating Huawei's assertion that its phones, tablets, and laptops do not include WIDS, Harris observed an example Huawei Matebook 13 SE laptop, as well as the aforementioned Huawei Mate 20 phone, performing several Asserted Claim elements. These included detecting and responding to induced "collisions of a same MAC address"—elements the claims require of a "policing station." *See id.* at 5.

Pursuant to P.R. 3-6(b), Harris now seeks the Court's permission, in light of good cause shown herein, to supplement its Contentions. Harris makes this request because Huawei has indicated that it will interpret Harris's disclosed infringement theories in an improperly narrow fashion to exclude or marginalize consumer products that perform identified claim elements, and will not fully comply with discovery obligations concerning its accused phones, tablets, and laptops—in part because Huawei wrongly believes that infringement concerning these products is not adequately disclosed or is not important to Harris's claims.[1]

Good cause exists to permit the proposed supplementation to the Contentions.[2] First, the proposed amendment does not present a new theory of infringement—but merely 1) identifies

---

[1] Because Huawei refused to do so, Harris was forced to file a separate motion to compel production of technical documentation and source code for Huawei's phones, tablets, and laptops. Dkt. 84. That motion was based on Harris's initial Contentions, and has been opposed. Dkt. 87. Huawei's objections and refusals in correspondence also reflect what appears to be a misinterpretation of Harris's infringement positions as reflected in the Contentions. Supplementation as requested in the present Motion would help foreclose future objection or withholding of discovery by Huawei grounded on such misinterpretation.

[2] As mentioned above, Harris served proposed Amended Contentions on May 24, 2019. It served further proposed amendments on July 29, 2019, incorporating subsequent discoveries. Pursuant to this Court's Standing Order Regarding "Meet and Confer" Obligations Relating to Discovery Disputes, which limits attachments to five pages, Harris has not attached the described proposed Amended Contentions to this Motion. Harris is happy to provide them, however, should the Court deem that information helpful to resolution of the present dispute.

additional new Huawei products (such as Mate 20 and Mate 30 phones) within existing identified product categories, and 2) discloses additional evidence of performance of asserted claim elements by sample products from those categories.  Second, any new evidence included in the proposed amendment was discovered as a result of Huawei's self-serving disclosure of a lone technical document and/or in response to Huawei's objections to Harris's Contentions as originally served—and consequently, Huawei cannot claim surprise or lack of understanding of Harris's theories of infringement.  Finally, Huawei has refused to produce non-public technical documents or source code for its accused phones, tablets, and laptops, forcing Harris to proceed with technical discovery only via incremental investigation into public sources.  Huawei should not be rewarded for this prejudicial tactic by being allowed to disparage or exclude additional evidence found by Harris during those same additional investigations.

Accordingly, Harris respectfully moves this Court to permit it to supplement its Contentions to include additional explanations and citations in support of its infringement theories with respect to the accused Wi-Fi functionality of its phones, tablets, and laptops.

II. **HARRIS'S CONTENTIONS ARE SUFFICIENT, BUT SUPPLEMENTATION WOULD CLARIFY THE SCOPE OF THOSE CONTENTIONS IN LIGHT OF HUAWEI'S OBJECTIONS**

    A. **This Court's Cases Support Amendment of Contentions Under the Circumstances Here.**

Local rules, as well as numerous decisions of this Court, establish the purpose of P.R. 3-1 infringement contentions as putting the infringer on reasonable notice of asserted theories of infringement, which the Contentions plainly do here. *Thomas Swan & Co. Ltd. v. Finisar Corp.*, No. 2:13-cv-178-JRG, 2014 WL 12599221 at *1 (E.D. Tex. Apr. 16, 2014) (*quoting Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007); *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006); *DataTreasury Corp. v. Wells Fargo*

*& Co.*, No. 2:06-CV-72-DF, 2010 WL 3912486 at *3 (E.D. Tex. Sep. 13, 2010)). Such contentions "are not intended to require a party to set forth a prima facie case of infringement and evidence in support thereof." *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-CV-144, 2009 WL 2590101 at *5 (E.D. Tex. Aug. 18, 2009). And the sufficiency of contentions is also measured against the information available to plaintiff. *Am. Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558, 560–61 (E.D. Tex. 2005) ("there are times when plaintiffs' preparation is restricted by defendants' sole possession of the information plaintiffs need").

Measured against this standard, Harris's original Contentions (based only on publicly available materials) provide reasonable and sufficient notice of its infringement theories, including with respect to accused phones, tablets, and laptops.[3] Huawei's repeated objections to the Contentions and to the proposed amendment suggest that it understands Harris's infringement theories well, and merely seeks to limit the scope of the case through objection and dispute over the scope of those Contentions.

The Court has identified four factors relevant to a motion to amend infringement contentions for good cause: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *See, e.g.*, *Tivo*, No. 2:15-cv-1503-JRG, 2016 WL 5172008 (*quoting Keranos, LLC v. Silicon Storage Technology*, No. 2:13-cv-17-MHS, 2013 WL 5763738, at *2–4 (E.D. Tex. Aug. 5, 2013)).

---

[3] Huawei has not objected to the identification of specific phone or computer models in the Contentions. To the extent that the proposed Amended Contentions add additional model names within those accused categories of product, they are consistent with decisions of this Court permitting such addition of products even without a showing of good cause. *See, e.g.*, *Tivo Inc. v. Samsung Elecs. Co. Ltd.*, No. 2:15-cv-1503-JRG, 2016 WL 5172008, at *3-4 (E.D. Tex. 4 July 22, 2016) (allowing amendment to add "newly-identified products [that] fall within the [] product families disclosed" in initial contentions).

With respect to the first factor, Harris contends that it did meet the deadline, and has only offered additional clarifications and evidence in response to requests by Huawei and/or new information stemming from additional investigation prompted by Huawei's objections. *See, e.g.*, Exhibit A at 3-5. Harris's original Contentions accused Huawei's phones, tablets, and laptops of participating in the claimed wireless networks as "stations" that communicate with and are monitored by policing stations, and also accused Huawei's routers and access point products of performing other claim elements involved in that monitoring. *See id.* at 2-3.[4] As indicated in Harris' proposed Amended Contentions as first served on Huawei on May 24, 2019, it has obtained evidence that the phones, tablets, and laptops also perform "policing station" monitoring claim elements when acting as a mobile hotspot access point. This is the additional evidence that the proposed supplementation seeks to add.

To the extent that Huawei will argue that the proposed new disclosures amount to a new infringement theory (they do not), the disclosures are anyway justified by Huawei's own course of conduct. Prior to receiving clues via Huawei's production of a single non-public technical document for its own purposes—Harris could not reasonably have located and identified compiled elements within the manifest of a contemporary phone that Harris now believes and asserts may contain relevant aspects of EMUI's Wi-Fi security functionality. *See id.* at 3-4. Similarly, it was Huawei's repeated assertion that its phones, tablets, and laptops did not contain the named WIDS

---

[4] Huawei may object, as it did in its Opposition to Harris's Motion to Compel (Dkt. 87), that while the charts refer to and cite evidence of "stations" or "STAs" performing claim elements, they do not repeat the disclosure (made in association with the preamble portion of the charts) that laptops, tablets, and phones can be the claimed "stations" in the claimed wireless networks. But Huawei clearly understands that the accused consumer devices can be stations on the network (see *id.* at 2), and perform claim elements asserted as performed by those stations (see *id.* at 6). Accordingly, Huawei will not be prejudiced by proposed contentions supplementation making this point even clearer. For example: "Huawei consumer devices, including laptops, phones and tablets, also participate in the WIDS system as client stations (also referred to in WIDS and documentation as 'STAs' or 'ad hoc' devices)."

functionality, or named "Wi-Fi threat detection" functionality, that led Harris to purchase sample devices. And to observe directly their apparent performance of additional monitoring claim elements that were initially accused as part of "(WIDS) and/or other similar intrusion detection technology." *See, e.g.*, *id.* at 5.

Harris was not required by any local rule to supplement its reasonable pre-suit investigation of infringement with such testing, or even to seek permission to add the additional evidence it found to its Contentions. As discussed above and in the cases of this Court, contentions are not intended to be a compilation of all evidence in support of a prima facie case of infringement. Instead, Harris has brought the present Motion primarily hoping to resolve Huawei's purported objections and to foreclose continued objections from further impeding discovery. If Huawei had followed the requirements of P.R. 3-4(a) and the Court's Docket Control Order (Dkt. 55)—and produced technical documents and source code for its phones, tablets, and laptops on May 29, 2019—then the present Motion would likely have been avoided. Harris would have been able to confirm its infringement theories for itself from such production. Instead, Huawei has objected and refused to produce these materials, improperly forcing Harris to proceed from public documents and sample products. Tellingly, when those additional investigations have revealed additional evidence, Huawei has merely doubled down on its objections and continued its refusal to produce P.R. 3-4(a) information for these products.

With respect to the second factor, the additional evidence of infringement by Huawei's phones, tablets, and laptops is undeniably important to Harris's proof of its case and should not be excluded merely because Huawei objects to it.

**B.  Huawei Cannot Demonstrate Prejudice Arising From the Proposed Amendments.**

The Court should not give weight here to the third and fourth factors involving potential

-6-

prejudice and the ability to cure, because Huawei cannot show prejudice. Indeed, if any party has been prejudiced, it has been Harris, for the reasons discussed herein. Huawei's use of objections to contentions as a shield against discovery is inconsistent with the stated disclosure purpose of P.R. contentions.

Other than permissibly identifying new model names in already-accused product categories, the proposed Amended Contentions merely clarify and add evidentiary citation to infringement theories already disclosed in Harris's original Contentions. Huawei cannot now claim surprise that Harris also accuses its phones, tablets, and laptops of performing certain access point monitoring elements when acting as a mobile hotspot access point. It has known of this aspect of Harris's allegation at least since May 24, 2019 when Harris served proposed Amended Contentions—developed in good faith based on Huawei's correspondence and conferences on Harris's original Contentions.[5] Huawei cannot show prejudice, particularly where it has not even complied with its P.R. 3-4(a) disclosure obligations with respect to the Contentions as originally served.

### III.   CONCLUSION

Plaintiff Harris respectfully requests that the Court permit supplementation of Harris's P.R. 3-1 Infringement Contentions to include the additional evidence citations and explanations of the infringement theories discussed above.

---

[5] Prior to deciding to file the present Motion and seek the Court's permission to amend, Harris responded to Huawei's objections and requests for clarification multiple times and at length—including via a letter on April 26, 2019, an email on May 10, 2019, a lead and local conference on May 14, 2019, a letter on May 17, 2019, proposed Amended Contentions served on May 24, 2019, and letters on June 13, 2019, June 20, 2019, and July 29, 2019. Harris's July 29, 2019 letter is attached hereto as Exhibit A.

| | |
|---|---|
| Dated: August 14, 2019 | Respectfully Submitted, |

                                                                                         By: /s/ *Corey Johanningmeier*

                                                        S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75467
Telephone: 903-845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

Henry C. Bunsow
Denise De Mory
Christina Finn
Robin Curtis
Corey Johanningmeier
Nicholas Mancuso
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
hbunsow@bdiplaw.com
ddemory@bdiplaw.com
cfinn@bdiplaw.com
rcurtis@bdiplaw.com
cjohanningmeier@bdiplaw.com
nmancuso@bdiplaw.com

Attorneys for Plaintiff
HARRIS CORPORATION

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff have complied with the meet and confer requirement of Local Rule CV-7(h) and (i).  This motion is opposed.  A telephone conference attended by lead and local counsel for both sides was conducted on July 30, 2019, but did not resolve the dispute.  After Huawei considered Harris's July 29, 2019 proposed amendments, counsel for Huawei further indicated via email sent in the evening of August 2, 2019 that Huawei will oppose Harris's motion.  The parties' discussions on this issue have conclusively ended in an impasse, leaving an open issue for the Court to resolve.


Dated:  August 14, 2019

                                                By:  /s/ *Corey Johanningmeier*
                                                    Corey Johanningmeier


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) with a copy of this document via the Court's CM/ECF system.


Dated:  August 14, 2019

                                                By:  /s/ *Corey Johanningmeier*
                                                    Corey Johanningmeier