IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HARRIS CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE USA, INC.,<br>HUAWEI DEVICE CO., LTD.,<br>HUAWEI TECHNOLOGIES USA INC.,<br>HUAWEI TECHNOLOGIES CO. LTD., AND<br>HUAWEI DEVICE (SHENZHEN) CO., LTD.<br><br>　　　　Defendants. | No. 2:18-cv-439-JRG (LEAD CASE)<br><br>Jury Trial Demanded |

**DEFENDANT HUAWEI'S RESPONSE IN OPPOSITION TO HARRIS'S
MOTION TO AMEND P.R. 3-1 INFRINGEMENT CONTENTIONS**

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION ........................................................................................................... 1
II.    FACTUAL AND PROCEDURAL BACKGROUND ............................................................ 2
III.   ARGUMENT ................................................................................................................. 3
   A.   Harris's Amended Contentions Assert Entirely New Infringement Theories. .................... 3
   B.   Harris Cannot Demonstrate Good Cause to Amend its Contentions .................................. 3
   C.   Harris's Amended Contentions Violate the District's Patent Rules. ................................... 6

## I. INTRODUCTION

Harris seeks leave to add new infringement theories, accused functionalities, and accused products for two of its patents based entirely on publicly available information and alleged testing of widely available products. It does so nearly ten months after it filed suit, over four months after its P.R. 3-1 deadline, and well into claim construction—the parties already filed the P.R. 4-3 joint statement. The Court should deny Harris's Motion for three independent reasons.

*First*, Harris has not shown the "good cause" required to amend, nor could it. Contrary to Harris's assertions, its amended contentions contain entirely new infringement theories, including for newly accused products. Harris was not diligent in developing those new theories and discovering those new products—its amendments are based ***only*** on readily available public information—or in moving to amend. Conceding a lack of diligence, Harris instead argues that its amended contentions merely clarify its original ones. That argument is baseless: Harris's amended contentions contain entirely new theories with respect to Huawei's phones, tablets, and laptops. Further, its amendments would cause prejudice by injecting into the suit new validity and claim construction issues that could not be addressed under the current schedule.

*Second*, Harris's amended contentions violate the Patent Rules' requirement that plaintiff chart "each Accused Instrumentality." Of the over 50 accused phones, tablets, and laptops, Harris's amended contentions purport to chart just one, despite there being significant, dispositive differences in the various accused phones, tablets, and laptops, as described below.

*Third*, Harris's amended contentions also violate the Patent Rules' requirement that plaintiff disclose where each element of each asserted claim is found within each Accused Product. Instead, Harris improperly parrots back claim language, failing to put Huawei on notice of Harris's theories. Especially at this late juncture of the case, permitting Harris to serve such defective contentions would throw this case into turmoil and amplify the prejudice to Huawei.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Harris filed suit in October 2018 and served its P.R. 3-1 Contentions on April 3, 2019. Harris's original Contentions for the '678 and '690 patents are directed to Huawei's "Wireless Intrusion Detection System" (WIDS) technology. The claim charts contend that certain Huawei enterprise products (*e.g.*, routers, access points, access controllers) act as claimed "policing stations" to perform claimed intrusion detection functions via their WIDS technology. Harris did not disclose any infringement theory wherein Huawei phones, tablets, or laptops perform the claimed policing station functions. Harris also did not disclose any theory not based on WIDS.

On May 24, 2019, Harris purported to serve amended contentions for the '678 and '690 patents. In violation of P.R. 3-6, it did not seek or obtain leave to do so. Harris purported to accuse, for the first time, Huawei's phones, tablets, and laptops of meeting the "policing station" limitations based on (a) "mobile hotspot" functionality and (b) "the Wi-Fi threat detection features of EMUI," Huawei's mobile OS. The accompanying claim charts merely parroted back the claim language. Counsel for Huawei promptly wrote to Harris objecting to the first amended contentions and noting they were inoperative. *See* Ex. A. Harris never responded to that letter.[1]

Instead, Harris waited two more months then served the "second amended" infringement contentions at issue here. In addition to new theories, the amendments add screen shots from testing of one accused phone, and add over twenty newly accused products. Notably, Harris admits it did not test Huawei's products until *after* it served its *amended* contentions. Mot. 5-6.

The parties are in *Markman* discovery, having solidified claim construction positions, served expert claim construction declarations, and filed their P.R. 4-3 joint statement, Dkt. 90.

---

[1] In an attempt to avoid any further dispute, Huawei also produced and identified to Harris a document showing that the newly accused EMUI WiFi threat detection feature is not implemented in phones/tablets sold in the U.S.; that feature is limited to Huawei phones/tablets sold in China for use in China.

**III.     ARGUMENT**

    **A.     Harris's Amended Contentions Assert Entirely New Infringement Theories.**

Harris's amended contentions do not merely contain "additional evidence" buttressing its original Contentions, *cf.* Mot. 3, they introduce entirely new theories of infringement. Harris's amended contentions assert for the first time that (1) Huawei phones, tablets, and laptops meet the policing station/intrusion detection limitations, and (2) do so in two distinct ways, via "mobile hotspot" functionality and via "WiFi threat detection" functionality—features mentioned nowhere in Harris's original Contentions, by either concept or name. Harris's assertion that its amended contentions contain only new evidence, and not new theories, is false.

    **B.     Harris Cannot Demonstrate Good Cause to Amend its Contentions.**

Amendments to contentions are permitted only "by order of the Court . . . upon showing of good cause." P.R. 3-6(b). As noted in Harris's Motion at 4, the Court considers four factors in determining good cause. "Good cause in this context 'requires a showing of diligence.'" *Packet Intelligence LLC v. NetScout Sys., Inc.*, 2:16-cv-230-JRG, 2017 WL 2531591, at *1 (E.D. Tex. Apr. 27, 2017) (citation omitted); *see also RMail v. Amazon.com, Inc.*, 2:10-cv-258-JRG, Dkt. 264 at 3 (E.D. Tex. Feb. 8, 2013) (similar). Good cause does not exist here.

First, Harris does not and cannot show the diligence required to amend.[2] This is not a situation where Harris bases its amendments on discovery of non-public information diligently sought. Rather, Harris's new infringement theories are based exclusively on ***publicly available information***, such as a whitepaper available on Huawei's website and the observation of a Huawei phone, all of which was available to Harris before the P.R. 3-1 deadline. Likewise, the

---

[2] Harris must show it was diligent both in (1) discovering the basis for its amendments, ***and*** (2) moving to amend. *See Keranos, LLC v. Silicon Storage Tech., Inc.*, No. 2:13-cv-17-MHS, 2013 WL 5763738, at * 2 (E.D. Tex. Aug. 5, 2013), *vacated in part on other grounds*, 797 F.3d 1025 (Fed. Cir. 2015).

identity of the newly accused products is public information available from Huawei websites. There is no reason why Harris could not have included the new theories and products with its original Contentions. This Court regularly denies motions to amend in such circumstances.[3]

Tellingly, Harris does not attempt to demonstrate it was diligent. Harris does not explain when it first identified its new theories, when it began investigating them, or what steps it took. Harris's only explanation for not having tested a Huawei product sooner is that it "was not required" to do so. Mot. 6. That is not diligence.[4] Likewise, Harris makes no attempt to show it diligently discovered the new accused products.[5] Similarly, Harris makes no showing that it was diligent in moving to amend. Harris had identified (from public sources) its new theories at least by May 24, when it served its first amended contentions. Harris does not explain why it waited nearly three months, until Huawei solidified claim construction positions, to move to amend.

Likely recognizing that it cannot show diligence, Harris attempts to blame Huawei for its amended contentions. First, Harris argues that the amendments were made in response to "requests" and "objections" made by Huawei concerning the original Contentions. Mot. 5. That

---

[3] *E.g.*, *RMail*, Dkt. 264 at 4 (denying motion to amend where the "information [plaintiff] now solely relies upon in its proposed supplemental contentions is information that was publicly available to it prior to the P.R. 3-1 deadline"); *see also Glob. Sessions LP v. Travelocity.com LP*, 6:10-cv-671-LED-JDL, 2012 WL 1903903, at *5 (E.D. Tex. May 25, 2012) (denying motion to amend contentions to accuse additional publicly available websites).

[4] The Patent Rules require plaintiffs to "formulate, test, and crystallize their infringement theories" before providing their infringement contentions. *ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005); see also *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (local patent rules are "designed specifically to require parties to crystallize their theories of the case early in the litigation") (quotation and internal quotation marks omitted). Harris clearly, and admittedly, failed to do so.

[5] In *TiVo*, which Harris cites in the lone footnote addressing the newly accused products (Mot. 4 n.3), this Court permitted TiVo to add new products within the accused Samsung Galaxy product family, but ***rejected*** adding mobile products falling outside that family. *TiVo Inc. v. Samsung Elecs. Co.*, No. 2:15-cv-1503-JRG, 2016 WL 5172008, at *1 (E.D. Tex. July 22, 2016). Unlike TiVo, Harris has not accused specific product families. And the most of the newly accused products do ***not*** fall within the same family as an existing accused product. Radsch Decl. ¶¶7-8.

4

assertion is false. It also is dangerous: if seeking clarification of a plaintiff's contentions were sufficient "cause" to add new theories and products, defendants would never seek clarification in patent cases in this District.[6] Second, Harris argues its amendments are justified by Huawei's "own course of conduct." Mot. 5. In particular, Harris points to Huawei's production of a technical document, which Harris alleges led it to additional evidence, *id.*, but that narrative is highly misleading. As noted above, to demonstrate that EMUI's "WiFi threat detection" feature is absent from Huawei's U.S. phones, Huawei produced that technical document *after* Harris served its first amended contentions, which already contained Harris's new infringement theories. That document did not lead Harris to "discover" its new infringement theories. And the production of a document demonstrating that a first ***improper*** amendment is baseless does not provide "good cause" for serving a second equally improper and baseless amendment, as Harris did here. Accordingly, the first "good cause" factor—explanation of Harris's failure to meet the deadline—weighs conclusively against Harris.

The second factor—the importance of what would be excluded—is barely touched by Harris, and it too weighs against Harris. Harris could have charted its new theories and accused products even at the outset of this litigation, but did not. It did not even mention the new products or theories in its Complaint. This evidence shows that the matter Harris seeks to add is not sufficiently important. *See Glob. Sessions*, 2012 WL 1903903, at *6 ("Global Sessions could have charted these publicly available websites at the initial outset of the litigation; the relative importance of these websites should have generated a commensurate amount of diligence.").

---

[6] Perhaps for that reason, Harris's argument has been addressed and rejected in this District. *Glob. Sessions*, 2012 WL 1903903, at *2 (denying motion to amend where plaintiff had argued "that good cause exists . . . because [plaintiff] made such amendments in response to Defendants' complaints regarding the sufficiency of the [original] infringement contentions").

5

Third, Harris's amendments would cause prejudice.[7] Harris's "amendments were sought about three months before the claim construction hearing, giving [Huawei] little time to reevaluate defenses and investigate new prior art." *Glob. Sessions*, 2012 WL 1903903, at *3. And Harris's new contentions raise significant new questions of prior art. For example, Harris's amended contentions cite to WEP functionality found in Huawei's phones and tablets for the policing station limitations of the claims, but WEP is prior art technology—a fact expressly admitted in another of Harris's asserted patents having an earlier filing date than the patents at issue here. *See* Radsch Decl. ¶¶2-3. This, in turn, would surely raise claim construction issues, just as other aspects of the amendments likely would raise claim construction issues not previously addressed, requiring the parties to redo the entire claim construction process, and the Court to reopen claim construction discovery and postpone or redo the claim construction hearing.[8] Accordingly, the third factor—prejudice—strongly favors denying Harris's Motion.

Given the stage of the case, Huawei also believes that continuance would not cure the prejudice here, and so the last factor also weighs against Harris's amended contentions.

### C.  Harris's Amended Contentions Violate the District's Patent Rules.

Harris's amended contentions violate the Patent Rules in two fundamental ways and, as a result, do not put Huawei on notice of Harris's new theories, further amplifying their prejudice.

***First,*** the amended contentions fail to chart each Accused Product. P.R. 3-1(c) requires a

---

[7] All of Harris's arguments about prejudice concern discovery relating to Harris's ***original*** Contentions, which has nothing to do with whether adding new theories and new accused products at this late date would cause prejudice. Those arguments are merely a diversion.

[8] As this Court has stated: "Moving for the first time to add an entirely new family of accused products on the very eve of claim construction all but ensures that issues of construction will arise after the *Markman* process is complete." The Court continued: "This not only makes for a re-opened, piece-meal, and drawn out claim construction process, but it generally promotes back-loading (as opposed to front-loading) disputes" and "effectively puts sand in the gears of the overall trial process." *Packet Intelligence*, 2017 WL 2531591, at *5 n.2.

6

claim chart for each Accused Product, or a showing that the charted product is representative of the uncharted products.[9] Harris's amended contentions do neither. Harris has accused over fifty models of phones, tablets, and laptops, twenty of which it newly added, but has provided just *one* claim chart per patent. For the core policing station limitations, Harris refers to just *one* phone and *one* laptop, and does so only for its new "mobile hotspot" theory; it does not refer to any of the accused models for its new "WiFi threat detection" theory. Harris also does not even attempt to show that all accused phones, tablets, and laptops are reasonably similar—for example, that all have mobile hotspot functionality, that all run Huawei's EMUI OS, and that all have WiFi threat detection functionality. Indeed, Harris cannot: for example, Huawei's laptops do not run Huawei's EMUI OS, and EMUI's "WiFi threat detection" feature is found only in Huawei's phones/tablets sold in China, not the U.S. That feature does not work in the U.S.

*Second*, Harris does not identify where each claim element is found in each accused product, as required by P.R. 3-1. Instead, for many claim limitations, Harris improperly parrots back the claim language without identifying where in each accused product that limitation is found.[10] *See* Radsch Decl. ¶¶5-7. That tactic fails to disclose *how* each Accused Product allegedly meets each claim limitation, leaving Huawei to guess at the specifics of Harris's new theories, if allowed. Permitting Harris to amend at this late date with contentions that do not reasonably inform Huawei of Harris's theories would only compound the prejudice to Huawei, and would likely result in additional disputes. This Court should deny Harris's Motion.

---

[9] *See, e.g.*, *Alacritech, Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693-JRG-RSP, 2017 WL 3007464, at *4 (E.D. Tex. July 14, 2017); *Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, No. 2:17-cv-041-RWS-RSP, 2017 WL 6559256, at *5 (E.D. Tex. Dec. 21, 2017).

[10] While plaintiffs do not need to prove their infringement case in their contentions, plaintiffs "may not rely on vague, conclusory language or simply mimic the language of the claims." *Global Sessions*, 2012 WL 1903903, at *2 (citation omitted); *see also STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004).

7

| | |
|---|---|
| Dated:  August 26, 2019 | */s/ Melissa R. Smith*<br>Melissa R. Smith<br>**GILLAM & SMITH, LLP**<br>Texas Bar No. 24001351<br>303 S. Washington Ave.<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>melissa@gillamsmithlaw.com<br><br>James R. Batchelder<br>California Bar No. 136347<br>James L. Davis, Jr.<br>California  Bar No. 304830<br>Andrew T. Radsch<br>California Bar No. 303665<br>Christopher M. Bonny<br>California Bar No. 280554<br>**ROPES & GRAY LLP**<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA 94303-2284<br>Telephone: (650) 617-4000<br>james.batchelder@ropesgray.com<br>james.l.davis@ropesgray.com<br>andrew.radsch@ropesgray.com<br>christopher.bonny@ropesgray.com<br><br>Jolene L. Wang<br>New York Bar No. 5462619<br>**ROPES & GRAY LLP**<br>1211 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 596-9000<br>jolene.wang@ropesgray.com<br><br>Attorneys for Defendants<br>*HUAWEI DEVICE USA, INC., HUAWEI DEVICE CO., LTD., HUAWEI TECHNOLOGIES USA INC., HUAWEI TECHNOLOGIES CO. LTD., and HUAWEI DEVICE (SHENZHEN) CO., LTD.* |

8

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 26th day of August, 2019, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Melissa R. Smith*