# EXHIBIT A

# EXHIBIT A



ROPES & GRAY LLP
1900 UNIVERSITY AVENUE, 6th FLOOR
EAST PALO ALTO, CA 94303-2284
WWW.ROPESGRAY.COM

June 5, 2019

Christopher M. Bonny
T +1 650 617 4011
Christopher.bonny@ropesgray.com

**BY E-MAIL**

Corey Johanningmeier
Bunsow De Mory LLP
701 El Camino Real
Redwood City, CA 94063

           Re:    *Harris Corporation v. Huawei Device USA, Inc., et al.*,
                   Case No. 2:18-cv-00439-JRG (E.D. Tex.)

Dear Corey:

I write regarding Harris Corporation's Amended Disclosure of Asserted Claims and Infringement Contentions Under P.R. 3-1 ("purported Amended Infringement Contentions"), which Harris served on May 24, 2019.

Harris's purported Amended Infringement Contentions are improper and inoperative because Harris failed to obtain leave of the Court to amend its Infringement Contentions as required by P.R. 3-6(b). As you know, P.R. 3-6 governs amended contentions, and P.R. 3-6(b) expressly states that "[a]mendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P. R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause." Moreover, none of the exceptions set forth in P.R. 3-6(a) applies. Thus, Harris's purported Amended Infringement Contentions are improper and ineffective.

The substance of Harris's purported amendments underscores the need for the restrictions of P.R. 3-6. Rather than address any of Huawei's repeated requests for clarification of Harris's existing infringement theories, Harris has attempted to use the parties' discussions to circumvent the Patent Rules and as a back door to adding entirely new assertions found nowhere in Harris's Disclosure of Asserted Claims and Infringement Contentions Under P.R. 3-1 served on April 3, 2019 ("Infringement Contentions"). Specifically, Harris now purports to accuse "Wi-Fi threat detection features of EMUI" (*see* purported Amended Infringement Contentions at 7, 10) and amend its claim charts for the '678 and '690 patents to include perfunctory citations to EMUI (*see, e.g.*, Ex. E to purported Amended Infringement Contentions at 13, 14, 45, 57-58).

ROPES & GRAY LLP

- 2 -                                                                                                                June 5, 2019

Harris's purported Amended Infringement Contentions are the first time Harris has sought to bring alleged Wi-Fi threat detection features of EMUI into this case.  Harris did not meet and confer with Huawei regarding potential expansion of the case, and did not seek leave of the Court.  Indeed, this is the first time Harris has mentioned EMUI to Huawei in *any* context—nearly two months after the deadline for Harris's Infringement Contentions, and only two business days before the deadline for Huawei's Invalidity Contentions.  Compounding the issue further, Harris's purported amendments fail to provide any explanation of where each element of each asserted claim is found within EMUI, as required by P.R. 3-1(c).  Thus, Harris's purported amendments are also substantively deficient.

Harris is on notice that its purported Amended Infringement Contentions are inoperative.  Absent an order by the Court, alleged Wi-Fi threat detection features of EMUI are not a part of this case.

Kind Regards,

*/s/ Christopher M. Bonny*

Christopher M. Bonny