IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HARRIS CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:18-CV-00439-JRG |
| | § | |
| HUAWEI DEVICE USA, INC., HUAWEI | § | |
| DEVICE CO., LTD., HUAWEI | § | |
| TECHNOLOGIES CO. LTD., HUAWEI | § | |
| TECHNOLOGIES USA INC., HUAWEI | § | |
| DEVICE (SHENZHEN) CO., LTD., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Harris Corporation's ("Harris") Motion to Amend P.R. 3-1 Infringement Contentions (the "Motion"). (Dkt. No. 88.) Having considered the Motion and its briefing, the Court is of the opinion that the Motion should be and hereby is **GRANTED** for the reasons set forth below.

### I. BACKGROUND

On October 24, 2018, Harris filed this suit against Huawei Device USA, Inc., Huawei Device Co., Ltd., Huawei Technologies Co. Ltd., Huawei Technologies USA Inc., and Huawei Device (Shenzhen) Co., Ltd. (collectively "Huawei"). (Dkt. No. 1.) Harris alleges that Huawei infringed seven separate patents covering a variety of technologies. (Dkt. No. 13 at 33.) This Motion only concerns two of those seven patents: (1) U.S. Patent No. 7,224,678 and (2) U.S. Patent No. 7,327,690 (collectively, the "Asserted Patents"). (Dkt. No. 88 at 1.) The Asserted Patents are entitled "Wireless local or metropolitan area network with intrusion detection features and related methods." (Dkt. No. 13 at 5–6.)

On April 3, 2019, Harris served Huawei its initial infringement contentions pursuant to Local Patent Rule 3-1. (Dkt. No. 88 at 1; *see also* Dkt. No. 92-1.)

On May 24, 2019, Harris amended its infringement contentions with the goal of "providing clarification, explanation, and additional evidentiary citations in support of its disclosed theories of infringement." (Dkt. No. 88 at 1; *see also* Dkt. No. 92-9.) These amended contentions provided additional explanations and citations as to how some of Huawei's phones, tablets, and laptops infringed the Asserted Patents. (Dkt. No. 88 at 1.) Huawei objected to these proposed amendments. (*Id.*)

On July 29, 2019, Harris again sought to amend its infringement contentions based on additional discovery. (*Id.* at n.2; *see also* 92-14.) These new proposed amendments made similar changes as the May 24, 2019 amendments. (*Compare* Dkt. No. 92-14, *with* Dkt. No. 92-9.) Huawei again objected to these amendments.

Pursuant to Local Patent Rule 3-6(b), Harris filed the instant Motion on August 14, 2019, seeking leave to amend its infringement contentions, which Huawei opposes on three grounds: (1) that the amended contentions amount to entirely new infringement theories; (2) that Harris cannot show good cause to amend its contentions; and, (3) that Harris's amended contentions violated the Local Patent Rules. (Dkt. No. 88 at 8; Dkt. No. 91 at 1.)

## II. APPLICABLE LAW

Local Patent Rule 3-6(b) allows a party to supplement its infringement contentions "only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). In determining good cause, courts consider: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such

prejudice*."* *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (reviewing Local Patent Rule 3-6(b)); s*ee also S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (setting forth the four-factor test binding within the Circuit).

## III. DISCUSSION

### a. Harris has shown good cause to amend.

At issue here is whether Harris has shown sufficient good cause to warrant the Court allowing Harris to amend its infringement contentions.

Harris asserts in its motion that it did not miss any deadlines and that it is merely attempting to clarify its infringement contentions. (Dkt. No. 88 at 5.) According to Harris, its original contentions accused Huawei's phones, tablets, and laptops of infringing the Asserted Patents by acting as "'stations' that communicate with and are monitored by policing stations." (*Id.*) Upon further discovery, however, Harris found that Huawei's phones, tablets, and laptops may also perform the accused functionalities—such as policing—when those devices are acting as mobile hotspots. (*Id.*) Harris argues that it is merely adding more detail to those original contentions based on this further discovery.[1] (*Id.*)

Harris also argues that it must seek leave to supplement its initial contentions due to Huawei's "own course of conduct" (e.g., refusing to produce the source code of the accused phones, tablets, and laptops). (*Id.*) Harris states that it was not aware that Huawei's phones, tablets, and laptops may infringe the Asserted Patents in ways other than acting as a station. (*Id.*) It was only after "Huawei's repeated assertion that its phones, tablets, and laptops did not contain the named [Wireless Intrusion Detection] functionality" that Harris decided to further investigate

---

[1] It is worth noting that Harris's "further discovery" involved mostly publicly available documentation since Huawei has refused to produce the source code of Huawei's phones, tablets and laptops. (Dkt. No. 88 at 5–6; *see* Dkt. No. 84 Motion to Compel Production of Technical Documents and Source Code.)

3

those products. (*Id.* at 5–6.) Harris further states that without these amended contentions, Huawei has indicated that it will interpret Harris's contentions in an "improperly narrow fashion." (*Id.* at 2.) Harris "hop[es] [amending its contentions will] resolve Huawei's purported objections and [] foreclose continued objections from further impeding discovery." (*Id.* at 6.)

Finally, Harris alleges that Huawei would not suffer any prejudice from the proposed amendments. (*Id.* at 6–7.) The amended contentions only add further evidentiary support for products already alleged to infringe in the initial contentions, and Huawei has been aware of these proposed amendments since May 24, 2019, when Harris first tried to amend their contentions. (*Id.* at 7.)

In response, Huawei argues that Harris is asserting new infringement theories in its amended contentions and has not shown the diligence required to amend. (Dkt. No. 91 at 3.) Huawei alleges that these new theories are premised on publicly available information, and as such, there was no reason that Harris could not have asserted these in its initial infringement contentions. (*Id.* at 3–4.) Also, in light of this, Huawei argues that the new contentions must not be important because Harris chose not to chart them in its initial contentions, when they should have been aware of them. (*Id.*)

Huawei also disputes that the requested amendments are warranted in light of Huawei's "own course of conduct." (*Id.* at 5.) Huawei states that it produced documents asserting that Huawei's phones, tablets, and laptops did not infringe in response to Harris's first attempt to amend their contentions on May 24, 2019.[2] (*Id.*) Huawei asserts that Harris knew that the phones, tablet,

---

[2] These first attempted amendments included many of the same allegations against Huawei's phones, tablets, and laptops as the current proposed amended contentions do. (Dkt. No. 91 at 5; *compare* Dkt. No. 92-14, *with* Dkt. No. 92-9.)

and laptops may infringe and yet did not fully disclose them in the initial contentions, thus showing Harris has no excuse for its delay. (*Id*.)

Finally, Huawei responds that it would be unduly prejudiced by these new amendments. (*Id*. at 6.) These amendments are being sought about three months before the scheduled claim construction hearing and as such would not give Huawei enough time to reevaluate defenses and investigate prior art. (*Id*.) Specifically, Huawei asserts that the new contentions raise "new questions of prior art," particularly as related to WEP functionality. (*Id*.) According to Huawei, these new questions would clearly raise new claim construction issues and could require that the court postpone the claim construction hearing. (*Id*.)

Applying the four factors to this case, the Court finds that Harris has shown good cause for leave to amend its contentions.

As to the first factor—Harris's excuse for missing the deadline—the Court finds that Harris has shown sufficient reasons for why it did not include the current allegations against Huawei's phones, tablets, and laptops in its initial contentions.[3] The infringement contentions due under this Court's local rules are intended to provide reasonable notice of asserted theories of infringement. *Glob. Sessions LP v. Travelocity.com LP*, No. 6:10-cv-671, 2012 WL 1903903, at *1 (E.D. Tex. May 25, 2012). They do not require the parties to litigate the case in the contentions. *Id*. It is expected that during the course of discovery, infringement contentions may be clarified or refined. Harris's "delay" under these circumstances is not so substantial as to foreclose such amendments.

As to the second factor—the importance of the information—the Court finds that the amended contentions at issue are of high importance. According to Harris's amended contentions, Huawei's phones, tablets, and laptops may perform the exact same infringing conduct as the other

---

[3] The Court does not address whether Harris's contentions are entirely new infringement theories as argued by Huawei. The Court finds there is sufficient good cause to warrant the amendment without having to reach that issue.

5

asserted products and not just act as "stations." If true, then these products would be very important to Harris's infringement case and would open a new avenue for establishing infringement. *See, e.g., Thomas Swan & Co. Ltd. v. Finisar Corp.*, 2:13-cv-178-JRG, 2014 WL 12599219, at *2 (E.D. Tex. Aug. 11, 2014) (finding that an amendment relating to "an alternate means to prove infringement" is "undoubtedly important").

Finally, as to the third and fourth factors—the potential prejudice and potential to cure such prejudice—the Court finds that there is little, if any, prejudice to Huawei in granting leave. The case is still at an early stage—the *Markman* hearing has not occurred, discovery has not been completed, and the deadline for disclosing experts has not passed. In addition, Huawei has known that their phones, tablets, and laptops would be at issue in this case since April, when Harris filed its first infringement contentions. Even if the first contentions did not provide a large amount of detail as to how Huawei's phones, tablets, and laptops infringed, Huawei has been on notice of these more specific allegations against Huawei's phones, tablets, and laptops, at least, since Harris first tried to amend their contentions in May. Finally, even if Huawei were to suffer any prejudice, the current stage of the proceedings provides the Court and the parties with many options for addressing any prejudice arising from these amendments.

In summation, the Court finds that each of the four factors weigh in favor of granting Harris leave to amend its contentions.

**b. Harris is granted leave to amend its complaint.**

The Court notes that there is a colorable argument that Harris's proposed amended infringement contentions may be outside the current scope of Harris's Amended Complaint (Dkt. No. 13). Harris's current Amended Complaint (Dkt. No. 13) alleges that certain products from Huawei's "enterprise networking equipment" line infringe the Asserted Patents. (Dkt. No. 13 at

6

8–11.) The Court acknowledges that there is a nonfrivolous argument that Huawei's phones, tablets, and laptops are "consumer" products, and thus outside the scope of Harris's original complaint that alleges certain of Huawei's "enterprise" products infringes.[4] Harris had until August 29, 2019 to amend its complaint without leave and why it did not do so is unclear. The Court, however, grants leave to Harris for a period of three (3) days from the date of this order to amend its complaint, so as to ensure Harris's new contentions are fully supported by its complaint. *See U.S. ex rel. Adrian v. Regents of Univ. of California*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, Fed. R. Civ. P. 15(a), and outright refusal to grant leave to amend without a justification such as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' is considered an abuse of discretion.") (internal citation omitted).

### c. Harris is cautioned to fully comply with the Local Rules.

Finally, the Court is aware of Huawei's allegations of the lack of completeness and noncompliance of Harris's amended infringement contentions claim chart. (Dkt. No. 91 at 6–7.) As Huawei points out, "[w]hile plaintiffs do not need to prove their infringement case in their contentions, plaintiffs 'may not rely on vague, conclusory language or simply mimic the language of the claims.'" (*Id*. at n.10 (*quoting Glob. Sessions LP*, 2012 WL 1903903, at *1-2.)) The Court also recognizes that discovery is ongoing that may provide Harris with more information which

---

[4] The Court does not decide whether the phones, tablets, and laptops involved in this dispute are consumer or enterprise products. The Court merely acknowledges that there is a colorable argument that the phones, tablets, and laptops in this dispute—which are arguably consumer products—may fall outside the scope of Harris's complaint, which is seemingly directed to enterprise products. As such, to attempt to prevent future disputes, the Court has decided to grant Harris a limited window to amend its complaint.

would allow Harris to refine and clarify their contentions further.  Should this materialize the Court will expect Harris to comply with its local patent rules in a diligent and professional manner.

As such, the Court anticipates that further amended contentions will be forthcoming with this further discovery that better conform to the requirements of the local rules.

**IV.    CONCLUSION**

Based on the foregoing, the Court concludes that the facts and circumstances of this case support a finding of good cause for leave to amend.  Such leave, as requested in Harris's Motion to Amend P.R. 3-1 Infringement Contentions (Dkt. No. 88), is therefore **GRANTED**.  It is further **ORDERED** that Harris is granted leave to amend its compliant, with such (second) amended complaint to be filed within three (3) days from the date of this Order.

**So ORDERED and SIGNED this 6th day of September, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE