# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| L3HARRIS TECHNOLOGIES, INC.[1], | )  Civil Action No. 2:18-cv-00439-JRG |
| | ) |
| Plaintiff / Counterclaim-Defendant, | ) |
| | ) |
| v. | ) |
| | )  **JURY TRIAL DEMANDED** |
| HUAWEI DEVICE USA, INC. | ) |
| HUAWEI DEVICE CO., LTD., | ) |
| HUAWEI TECHNOLOGIES USA INC., | ) |
| HUAWEI TECHNOLOGIES CO. LTD., AND | ) |
| HUAWEI DEVICE (SHENZHEN) CO., LTD., | ) |
| | ) |
| Defendants / Counterclaim-Plaintiffs. | ) |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendants Huawei Device USA, Inc., Huawei Device Co. Ltd., Huawei Technologies USA Inc., Huawei Technologies Co. Ltd., and Huawei Device (Shenzhen) Co. Ltd. (collectively, "Huawei" or "Defendants") hereby Answer and assert Affirmative Defenses and Counterclaims to Plaintiff L3Harris Technologies, Inc.'s ("Harris" or "Plaintiff") Second Amended Complaint for Patent Infringement (Dkt. No. 95, the "Second Am. Complaint"). Each of the paragraphs below corresponds to the same-numbered paragraph in the Second Am. Complaint. Huawei denies all allegations in the Second Am. Complaint, whether express or implied, that are not specifically admitted below, including all allegations in any titles or unnumbered paragraphs. Huawei further denies that Harris is entitled to the requested relief or any other relief.

---

[1] Subsequent to the filing of the Amended Complaint, Plaintiff Harris Corporation completed a merger with L3 Technologies, Inc. In that merger, Harris Corporation's name was changed to L3Harris Technologies, Inc., and the Second Amended Complaint has been updated to include that change.

## PARTIES

1. Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Second Am. Complaint, and therefore denies each and every allegation in this paragraph.

2. Huawei admits that Huawei Device USA, Inc. is a corporation duly organized and existing under the laws of Texas, with a place of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024.  To the extent that the remaining allegations in this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Huawei denies any and all other allegations of paragraph 2.

3. Huawei admits that Huawei Device Co., Ltd. is a Chinese company with a place of business at No. 2 Xincheng Road, Songshan Lake Zone, Dongguan, Guangdong, 523808, People's Republic of China.  To the extent that the remaining allegations in this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Huawei denies any and all other allegations of paragraph 3.

4. Huawei admits that Huawei Technologies Co., Ltd. is a Chinese company with a place of business at Huawei Industrial Base (Shenzhen Campus), Bantian, Longgang District, Shenzhen 518129, People's Republic of China.  To the extent that the remaining allegations in this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Huawei denies any and all other allegations of paragraph 4.

5. Huawei admits that Huawei Technologies USA Inc. is a corporation organized under the laws of Texas, with a place of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024.  To the extent that the remaining allegations in this paragraph contain legal

conclusions, no answer is required.  To the extent an answer is required, Huawei denies any and all other allegations of paragraph 5.

6.      Huawei admits that Huawei Device (Shenzhen) Co., Ltd. is a Chinese company with a place of business at Building 2, Zone B Huawei Industrial Park, Bantian, Longgang District, Shenzhen, Guangdong, 518129, People's Republic of China.  To the extent that the remaining allegations in this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Huawei denies any and all other allegations of paragraph 6.

## JURISDICTION

7.      Huawei admits that the Second Am. Complaint purports to be for an action arising under the patent law of the United States, 35 U.S.C. § 271, *et seq.*  Huawei admits that the Second Am. Complaint purports to invoke the Court's subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Huawei denies that Harris is entitled to any relief.  Except as expressly admitted herein, Huawei denies each and every allegation of paragraph 7.

8.      Huawei admits that this Court has personal jurisdiction over Huawei Device USA, Inc. and Huawei Technologies USA Inc.  Huawei also admits, for the purpose of this action only, that Huawei Device Co., Ltd., Huawei Technologies Co., Ltd., and Huawei Device (Shenzhen) Co., Ltd., are subject to this Court's personal jurisdiction.  Huawei specifically denies that Huawei has committed acts of infringement within the State of Texas, Eastern District of Texas, or any other District, and except as expressly admitted herein, further denies each and every allegation of paragraph 8.

## VENUE

9.      For the purposes of this action only, and without waiving any defense of improper venue in connection with any other cause of action or claim, Huawei does not contest that venue

properly lies in this district pursuant to 28 U.S.C. § 1400(b) with respect to Huawei Device USA, Inc. and Huawei Technologies USA, Inc., each a Texas corporation, and pursuant to 28 U.S.C. § 1391(c)(3) with respect to Huawei Device Co., Ltd., Huawei Technologies Co. Ltd., and Huawei Device (Shenzhen) Co., Ltd, each a Chinese corporation; however, Huawei denies that this district is the most appropriate or convenient forum to exercise jurisdiction over this case. Huawei denies that Huawei has committed or commits acts of infringement within the State of Texas, Eastern District of Texas, or any other District, and except as expressly admitted herein, further denies each and every allegation of paragraph 9.

## **HARRIS'S FACTUAL ALLEGATIONS REGARDING THE HARRIS PATENTS**

10.     Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Second Am. Complaint, and therefore denies each and every allegation in this paragraph.

11.     Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Second Am. Complaint, and therefore denies each and every allegation in this paragraph.

12.     Huawei admits that, on its face, the U.S. Patent No. 6,535,227 ("the '227 Patent"), entitled "System and Method for Assessing the Security Posture of a Network and Having a Graphical User Interface," indicates that it was issued by the United States Patent and Trademark Office ("USPTO") on March 18, 2003.  Huawei admits that a document purporting to be a copy of the '227 Patent is attached to the Second Am. Complaint as Exhibit 1.  Huawei denies any and all remaining allegations in this paragraph.

13.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies each and every allegation in this paragraph.

14.     Huawei admits that, on its face, the U.S. Patent No. 6,958,986 ("the '986 Patent"), entitled "Wireless Communication System with Enhanced Time Slot Allocation and Interference Avoidance/Mitigation Features And Related Methods," indicates that it was issued by the USPTO on October 25, 2005.  Huawei admits that a document purporting to be a copy of the '986 Patent is attached to the Second Am. Complaint as Exhibit 2.  Huawei denies any and all remaining allegations in this paragraph.

15.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies each and every allegation in this paragraph.

16.     Huawei admits that, on its face, the U.S. Patent No. 6,980,537 ("the '537 Patent"), entitled "Method and Apparatus for Communication Network Cluster Formation and Transmission of Node Link Status Messages with Reduced Protocol Overhead Traffic," indicates that it was issued by the USPTO on December 27, 2005.  Huawei admits that a document purporting to be a copy of the '537 Patent is attached to the Second Am. Complaint as Exhibit 3. Huawei denies any and all remaining allegations in this paragraph.

17.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies each and every allegation in this paragraph.

18.     Huawei admits that, on its face, the U.S. Patent No. 7,017,426 ("the '426 Patent"), entitled "Multi-Channel Mobile Ad Hoc Network," indicates that it was issued by the USPTO on April 11, 2006.  Huawei admits that a document purporting to be a copy of the '426 Patent is attached to the Second Am. Complaint as Exhibit 4.  Huawei denies any and all remaining allegations in this paragraph.

19.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies each and every allegation in this paragraph.

20.     Huawei admits that, on its face, the U.S. Patent No. 7,224,678 ("the '678 Patent"), entitled "Wireless Local or Metropolitan Area Network with Intrusion Detection Features and Related Methods," indicates that it was issued by the USPTO on May 29, 2007.  Huawei admits that a document purporting to be a copy of the '678 Patent is attached to the Second Am. Complaint as Exhibit 5.  Huawei denies any and all remaining allegations in this paragraph.

21.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies each and every allegation in this paragraph.

22.     Huawei admits that, on its face, the U.S. Patent No. 7,327,690 ("the '690 Patent"), entitled "Wireless Local or Metropolitan Area Network with Intrusion Detection Features and Related Methods," indicates that it was issued by the USPTO on February 5, 2008.  Huawei admits that a document purporting to be a copy of the '690 Patent is attached to the Second Am. Complaint as Exhibit 6.  Huawei denies any and all remaining allegations in this paragraph.

23.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies each and every allegation in this paragraph.

24.     Huawei admits that, on its face, the U.S. Patent No. 7,440,572 ("the '572 Patent"), entitled "Secure Wireless LAN Device and Associated Methods," indicates that it was issued by the USPTO on October 21, 2008.  Huawei admits that a document purporting to be a copy of the '572 Patent is attached to the Second Am. Complaint as Exhibit 7.  Huawei denies any and all remaining allegations in this paragraph.

25.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies each and every allegation in this paragraph.

## ALLEGATIONS REGARDING HUAWEI'S ALLEGED USE OF THE PATENTED TECHNOLOGY

### HUAWEI'S ALLEGED INTRUSION DETECTION PRODUCTS

26.     The phrase "enterprise networking equipment and solutions, as well as consumer products including laptops, tablet computers, and smartphones that include wireless networking capabilities" is ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

27.     Huawei admits that in 2011 it set up the Enterprise Business Group, focusing on enterprise solutions.  Huawei also admits that it has worked with other entities, including WAV, TigerDirect, NewEgg and Cloud4Wi.   Huawei denies any and all remaining allegations in this paragraph.

28.     Huawei admits that it has produced for certain worldwide markets products that incorporate Wireless Intrusion Detection System (WIDS) and Wireless Intrusion Prevention System (WIPS) technologies.  Huawei denies all remaining allegations of this paragraph because they contain legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged.

29.     Huawei admits that it has produced for certain worldwide markets access points that incorporate WIDS and/or WIPS technologies.  Huawei also admits that is has produced for certain worldwide markets products using the following designations: AD9000 series, AP1000 series, AP2000 series, AP3000 series, AP4000 series, AP5000 series, AP6000 series, AP7000 series, AP8000 series, AP9000 series, and AT815SN Outdoor Access Terminal.  Huawei denies all remaining allegations of this paragraph because they contain legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous, undefined, and/or susceptible to

multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged.

30.     Huawei admits that it has produced for certain worldwide markets products that incorporate WIDS and/or WIPS technologies.  Huawei also admits that is has produced for certain worldwide markets products using the following designations:  R230D, R240D, R250D, R250D-E, R251D, R251D-E, and R450D.  Huawei denies all remaining allegations of this paragraph because they contain legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged.

31.     Huawei admits that it has produced for certain worldwide markets switches that support WIDS and/or WIPS technologies.  Huawei also admits that is has produced for certain worldwide markets products using the following designations:  S12700 Series, S5720-LI, S5720-SI, S5700-SI Series Standard Gigabit Switches, S5700-EI Series Enhanced Gigabit Switches, S3700 Series Enterprise Switches, S6720-HI Series Agile Fixed Switches, and S5730-HI Series Next Generation Gigabit Agile Switch.  Huawei denies all remaining allegations of this paragraph because they contain legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged.

32.     Huawei admits that it has produced for certain worldwide markets access controllers that may be used with WIDS and/or WIPS technologies.  Huawei also admits that is has produced for certain worldwide markets products using the following designations:

AC6800V, AC6605, AC6005, ENP Series, and ACU2 Wireless Access Controller Unit.  Huawei denies all remaining allegations of this paragraph because they contain legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged.

33.     Huawei admits that it has produced for certain worldwide markets routers that may be used with WIDS and/or WIPS technologies.  Huawei also admits that is has produced for certain worldwide markets products using the following designations:  NE9000 Series, NE 5000E Cluster, Net Engine40E Series, NE20E Series, NE05E Series, NE08E Series, ME60 Series, and AR Series.  Huawei denies all remaining allegations of this paragraph because they contain legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged.

34.     Huawei admits that it has produced for certain worldwide markets products with the following descriptions or designations:  Next-Generation Intrusion Prevention (NIP) devices, Network Intelligent Police devices, NIP6000 series, AntiDDoS1000 Series, and AntiDDoS8000 Series.  Huawei also admits that it has worked with the Cloud Mitigation Alliance.  Huawei denies all remaining allegations of this paragraph because they contain legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged.

35.     Huawei admits that it has produced for certain worldwide markets products with the designation eSight, and that it has produced for certain worldwide markets products that

incorporate WIDS and/or WIPS technologies.  Huawei denies all remaining allegations of this paragraph including because they contain legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged.

## HUAWEI ALLEGED WI-FI PRODUCTS

36.     Huawei admits that it has produced for certain worldwide markets products using the following descriptions or designations:  access points, access controllers, routers, access networks, Home Wi-Fi, AP1000, AP2000, AP4000, AP5000, AP6000, AP7000, AP8000, AP9000, AD9000, AC6000 series, AR160-M series, AR161W-PM9, AR169RW-P-M9, DN8245W-10, Q2, and A1.  Huawei denies all remaining allegations of this paragraph because they contain legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged.

37.     Huawei admits that it has marketed products as having certain mesh networking capability.  Huawei denies all remaining allegations of this paragraph because they contain legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged.

## HUAWEI ZIGBEE PRODUCTS

38.     Paragraph 38 of the Second Am. Complaint contains legal conclusions that require no answer, and/or contains multiple phrases that are vague, ambiguous, undefined, and/or

susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged.

39.     Paragraph 38 of the Second Am. Complaint contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged.

40.     Paragraph 40 of the Second Am. Complaint contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

41.     Paragraph 41 of the Second Am. Complaint contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

42.     Huawei admits that it has worked with the Zigbee Alliance and that it has marketed products referencing Zigbee.  Huawei also admits that it has produced for certain worldwide markets products with the following designations: EchoLife HS2145V, LS2035V, and LS2025, and QUIVICON Home Base.  Huawei also admits that it has produced for certain worldwide markets products with the designations AR169RW-P-M9 router and X-Gen Wi-Fi AP7060DN access point referencing Zigbee.  Huawei denies all remaining allegations of this paragraph because they contain legal conclusions that require no answer, and/or contain phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged.

## FIRST COUNT 1: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,535,227

43.     Huawei restates and incorporates by reference all of its statements set forth above in paragraphs 1 through 42 as if fully set forth herein.

44.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

45.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

46.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

47.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

48.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

49.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

50.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

51.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

52.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph

53.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 53 of the Second Am. Complaint, and therefore denies each and every allegation in this paragraph.

54.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

55.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

**SECOND COUNT: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,958,986**

56.     Huawei restates and incorporates by reference all of its statements set forth above in paragraphs 1 through 55 as if fully set forth herein.

57.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph. In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

58.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph. In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

59.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

60.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In

addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

61.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

62.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

63.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

64.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

65.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

66.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 66 of the Second Am. Complaint, and therefore denies each and every allegation in this paragraph.

67.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

68.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

## <u>THIRD COUNT: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,980,537</u>

69.     Huawei restates and incorporates by reference all of its statements set forth above in paragraphs 1 through 68 as if fully set forth herein.

70.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

71.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

72.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient

information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

73.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

74.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

75.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

76.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

77.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

78.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

79.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

80.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 80 of the Second Am. Complaint, and therefore denies each and every allegation in this paragraph.

81.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

82.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

**FOURTH COUNT: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,017,426**

83.     Huawei restates and incorporates by reference all of its statements set forth above in paragraphs 1 through 82 as if fully set forth herein.

84.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient

-18-

information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

85.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

86.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

87.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

88.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

89.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

90.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

91.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

92.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 92 of the Second Am. Complaint, and therefore denies each and every allegation in this paragraph.

93.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

94.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

**FIFTH COUNT: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,224,678**

95.     Huawei restates and incorporates by reference all of its statements set forth above in paragraphs 1 through 94 as if fully set forth herein.

96.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

97.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or

susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

98.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

99.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph. In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

100.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

101.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

102.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

103.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

104.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 104 of the Second Am. Complaint, and therefore denies each and every allegation in this paragraph.

105.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

106.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

### SIXTH COUNT: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,327,690

107.     Huawei restates and incorporates by reference all of its statements set forth above in paragraphs 1 through 106 as if fully set forth herein.

108.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

109.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

110.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or

susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

111.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

112.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

113.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

114.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

115.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

116.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 116 of the Second Am. Complaint, and therefore denies each and every allegation in this paragraph.

117.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

118.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

**SEVENTH COUNT: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,440,572**

119.    Huawei restates and incorporates by reference all of its statements set forth above in paragraphs 1 through 118 as if fully set forth herein.

120.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

121.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

122.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph. In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient

information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

123.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

124.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

125.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, this paragraph contains multiple phrases that are vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, Huawei lacks sufficient information to form a belief as to the truth of the matters alleged, and therefore denies all allegations of this paragraph.

126.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

127.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

128.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

129.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

130.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.  In addition, Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 130 of the Second Am. Complaint, and therefore denies each and every allegation in this paragraph.

131.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

132.    The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

## **RESPONSE TO HARRIS'S PRAYER FOR RELIEF**

Huawei denies that Harris is entitled to any relief sought in its Second Am. Complaint or to any relief whatsoever.

## **RESPONSE TO HARRIS'S DEMAND FOR TRIAL BY JURY**

Harris's demand for a trial by jury for all issues triable to a jury does not state any allegation, and Huawei is not required to respond.  To the extent that any allegations are included in the demand, Huawei denies the allegations.  Huawei does not object to Harris's demand for a trial by jury of all issues so triable.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Huawei does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, either in whole or in part.  Huawei reserve the right to amend this Answer, including asserting additional defenses and counterclaims once discovery progresses.  For its Affirmative Defenses to the Second Am. Complaint, Huawei alleges the following:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Second Am. Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-infringement)

Huawei does not and has not infringed, literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any valid and enforceable claim of United States Patent Nos. 6,535,227, 6,958,986, 6,980,537, 7,017,426, 7,224,678, 7,327,690, and 7,440,572 (collectively, the "Asserted Patents"), willfully or otherwise.  Further, to the extent Harris asserts that Huawei indirectly infringes, either by contributory infringement or inducement of infringement, Huawei is not liable to Harris for the acts alleged to have been performed before Huawei allegedly knew that its actions would cause infringement of the Asserted Patents.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

Upon information and belief, each of the asserted claims of the Asserted Patents are invalid for failure to satisfy one or more conditions for patentability set forth under Title 35 of the United States Code, including but not limited to §§101, 102, 103, and 112 *et seq.*, and the

rules, regulations, and laws pertaining to those provisions, including the applicable provisions of Title 37 of the Code of Federal Regulations.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Harris is estopped from construing the claims of the Asserted Patents to cover or include, either literally or by application of the doctrine of equivalents, devices manufactured, used, imported, sold, or offered for sale by Huawei or methods used by Huawei because of admissions or statements to the United States Patent and Trademark Office (USPTO) during prosecution of the applications leading to the issuance of the Asserted Patents or applications related thereto, because of disclosures or language in the specification of the Asserted Patents, and/or because of limitations in the claims of the Asserted Patents.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitations on Recovery)

Harris' claims for damages are limited by 35 U.S.C. §§ 252, 286, 287, and/or 288.

## SIXTH AFFIRMATIVE DEFENSE
### (License and/or Exhaustion)

Upon information and belief, Harris' claims are barred, in whole or in part, in view of licensed rights, implied or otherwise, under a covenant not to sue, and/or under the doctrine of patent exhaustion, including to the extent that any of the allegedly infringing conduct is directly or indirectly related to or based on products made, sold or provided by an entity that has an express or implied license to the Asserted Patents or to the extent that any of the allegedly infringing conduct is directly or indirectly subject to rights granted to Huawei or another entity to practice the patent based on participation in standards setting organizations.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Standing)

To the extent Harris does not have title to one or more of the Asserted Patents, Harris has no standing to bring a lawsuit on such patent or patents.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Exceptional Case)

Harris cannot prove that this is an exceptional case that justifies an award of attorney fees against Huawei pursuant to 35 U.S.C. § 285.

## NINTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

Harris is not entitled to enhanced damages under 35 U.S.C. § 284 because Huawei has not intentionally, willfully, or deliberately infringed any claim of the Asserted Patents.

## RESERVATION OF RIGHTS

Huawei expressly reserves the right to assert counterclaims or any additional defenses which may now exist or in the future may be available based on discovery and further factual investigation in this case, including doctrine of acquiescence, patent misuse, inequitable conduct, waiver, unclean hands and/or other applicable equitable doctrines.

## HUAWEI'S COUNTERCLAIMS

Incorporating by reference the foregoing paragraphs 1-132 in their entirety, Defendants-Counterclaimants Huawei Device USA, Inc. ("Huawei USA"), Huawei Device Co. Ltd. ("Huawei Device"), Huawei Technologies USA Inc. ("HTUS"), Huawei Technologies Co. Ltd. ("Huawei Technologies"), and Huawei Device (Shenzhen) Co. Ltd. ("Huawei Shenzhen") (collectively, "Defendants" or "Huawei") hereby assert the following Counterclaims against Harris Corporation ("Harris") as follows:

## NATURE OF ACTION

1.      This is an action seeking declaratory judgment of non-infringement and invalidity

of U.S. Patent Nos. 6,535,227 (the "'227 Patent); 6,958,986 (the "'986 Patent"); 6,980,537 (the

"'537 Patent"); 7,017,426 (the "'426 Patent"); 7,224,678 (the "'678 Patent"); 7,327,690 (the

"'690 Patent"); and 7,440,572 (the "'572 Patent"); (collectively, the "Asserted Patents").

## PARTIES

2.      Huawei USA is a Texas corporation with a place of business in Plano, Texas;

Huawei Device is a Chinese company with a place of business in Dongguan, People's Republic

of China; HTUS is a Texas corporation with a place of business in Plano, Texas; Huawei

Technologies is a Chinese company with a place of business in Shenzhen, People's Republic of

China; Huawei Shenzhen is a Chinese company with a place of business in Shenzhen, People's

Republic of China.

3.      In paragraph 1 its Second Am. Complaint, Harris avers that L3Harris

Technologies, Inc. is a Delaware corporation duly organized and existing under the laws of the

state of Delaware with its principal place of business at 1025 West NASA Boulevard,

Melbourne, Florida.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C.

§§ 1331, 1338(a), 2201, and 2202 as Huawei counterclaims against Harris pursuant to the patent

laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28

U.S.C. §§ 2201 and 2202.  An actual, substantial and continuing justiciable controversy exists

between Harris and Huawei based on Harris having filed an Amended Complaint against Huawei

alleging infringement of the '227 Patent, the '986 Patent, the'537 Patent, the'426 Patent, the '678

Patent, the '690 Patent, and the '572 Patent.

5.      Harris has submitted to personal jurisdiction of this Court through the filing of its

Second Am. Complaint against Huawei.

6.      Venue is proper in this Court because Harris filed the Complaint in this action.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '227 Patent)

7.      Huawei realleges and reincorporates herein by reference the allegations in the

foregoing paragraphs of its Counterclaims.

8.      In its Second Am. Complaint, Harris alleges that Huawei makes, uses, sells,

and/or offers to sell in the United States, and/or imports into the United States products that

infringe one or more claims of the '227 Patent, including claim 24, under 35 U.S.C. § 271(a), (b)

and (c).  Harris in its Second Am. Complaint has accused at least the following products of

infringing the '227 Patent: eSight Platform and eSight WLAN Manager.  Harris has identified

additional claims and products in Harris Corporation's Disclosure of Asserted Claims and

Infringement Contentions Under P.R. 3-1 ("Infringement Contentions"), served on April 3, 2019.

9.      Huawei does not infringe and has not infringed any asserted, valid and

enforceable claim of the '227 Patent under any theory of infringement.

10.      Accordingly, there exists an actual and justiciable controversy between Harris and

Huawei with respect to infringement of the '227 Patent.

11.      Huawei hereby seeks entry of a declaratory judgment that it does not infringe any

asserted claim of the '227 Patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '986 Patent)

12.      Huawei realleges and reincorporates herein by reference the allegations in the

foregoing paragraphs of its Counterclaims.

13.     In its Second Am. Complaint, Harris alleges that Huawei makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States products that infringe one or more claims of the '986 Patent, including claim 25, under 35 U.S.C. § 271(a), (b) and (c).  Harris in its Second Am. Complaint has accused at least the following products of infringing the '986 Patent: EchoLife HS2145V, LS2035V, and LS2025, smart home gateway devices, and the QUIVICON Home Base.  Harris has identified additional claims and products in its Infringement Contentions.

14.     Huawei does not infringe and has not infringed any asserted, valid and enforceable claim of the '986 Patent under any theory of infringement.

15.     Accordingly, there exists an actual and justiciable controversy between Harris and Huawei with respect to infringement of the '986 Patent.

16.     Huawei hereby seeks entry of a declaratory judgment that it does not infringe any asserted claim of the '986 Patent.

**THIRD COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '537 Patent)**

17.     Huawei realleges and reincorporates herein by reference the allegations in the foregoing paragraphs of its Counterclaims.

18.     In its Second Am. Complaint, Harris alleges that Huawei makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States products that infringe one or more claims of the '537 Patent, including claim 30, under 35 U.S.C. § 271(a), (b) and (c).  Harris in its Second Am. Complaint has accused at least the following products of infringing the '537 Patent: EchoLife HS2145V, LS2035V, and LS2025, smart home gateway devices, and the QUIVICON Home Base.  Harris has identified additional claims and products in its Infringement Contentions.

19.     Huawei does not infringe and has not infringed any asserted, valid and enforceable claim of the '537 Patent under any theory of infringement.

20.     Accordingly, there exists an actual and justiciable controversy between Harris and Huawei with respect to infringement of the '537 Patent.

21.     Huawei hereby seeks entry of a declaratory judgment that it does not infringe any asserted claim of the '537 Patent.

**FOURTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '426 Patent)**

22.     Huawei realleges and reincorporates herein by reference the allegations in the foregoing paragraphs of its Counterclaims.

23.     In its Second Am. Complaint, Harris alleges that Huawei makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States products that infringe one or more claims of the '426 Patent, including claim 8, under 35 U.S.C. § 271(a), (b) and (c).  Harris in its Second Am. Complaint has accused at least the following products of infringing the '426 Patent: AP1000, AP2000, AP4000, AP5000, AP6000, AP7000, and AP9000 series access points; AC6000 access controllers; AR160-M series, AR161W-P-M9, and AR169RW-P-M9 routers; DN8245W-10 access networks; Q2 and A1 Home Wi-Fi; EchoLife HS2145V, LS2035V, and LS2025 smart home gateway devices; and the QUIVICON Home Base.  Harris has identified additional claims and products in its Infringement Contentions.

24.     Huawei does not infringe and has not infringed any asserted, valid and enforceable claim of the '426 Patent under any theory of infringement.

25.     Accordingly, there exists an actual and justiciable controversy between Harris and Huawei with respect to infringement of the '426 Patent.

26.      Huawei hereby seeks entry of a declaratory judgment that it does not infringe any asserted claim of the '426 Patent.

## FIFTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '678 Patent)

27.      Huawei realleges and reincorporates herein by reference the allegations in the foregoing paragraphs of its Counterclaims.

28.      In its Second Am. Complaint, Harris alleges that Huawei makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States products that infringe one or more claims of the '678 Patent, including claim 12, under 35 U.S.C. § 271(a), (b) and (c).  Harris in its Second Am. Complaint has accused at least the following products of infringing the '678 Patent: AD9000, AP1000, AP2000, AP4000, AP5000, AP6000, AP7000, AP8000, and AP9000 series access points; the AT815SN Outdoor Access Terminal; R230D, R240D, R250D, R250D-E, R251D, R251D-E, and R450D remote units; S12700 series, S5720-LI, S5720-SI, S5700-SI series, S5700-EI series, S3700 series, S6720-HI series, and S5730-HI series switches; AC6800V, AC6605, AC6005, ENP series, ACu2 access controllers; NE9000 series, NE 5000E Cluster, Net Engine40E series, NE20E series, NE05E series, NE08E series, ME60 series, and AR series routers; NIP6000 series Next-Generation Intrusion Prevention devices; AntiDDoS1000 series and AntiDDoS8000 series anti-DDoS devices; and Huawei's consumer laptops, tablet computers, and smartphones.  Harris has identified additional claims and products in its Infringement Contentions.

29.      Huawei does not infringe and has not infringed any asserted, valid and enforceable claim of the '678 Patent under any theory of infringement.

30.      Accordingly, there exists an actual and justiciable controversy between Harris and Huawei with respect to infringement of the '678 Patent.

31.    Huawei hereby seeks entry of a declaratory judgment that it does not infringe any asserted claim of the '678 Patent.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '690 Patent)

32.    Huawei realleges and reincorporates herein by reference the allegations in the foregoing paragraphs of its Counterclaims.

33.    In its Second Am. Complaint, Harris alleges that Huawei makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States products that infringe one or more claims of the '690 Patent, including claim 40, under 35 U.S.C. § 271(a), (b) and (c).  Harris in its Second Am. Complaint has accused at least the following products of infringing the '690 Patent: AD9000, AP1000, AP2000, AP4000, AP5000, AP6000, AP7000, AP8000, and AP9000 series access points; the AT815SN Outdoor Access Terminal; R230D, R240D, R250D, R250D-E, R251D, R251D-E, and R450D remote units; S12700 series, S5720-LI, S5720-SI, S5700-SI series, S5700-EI series, S3700 series, S6720-HI series, and S5730-HI series switches; AC6800V, AC6605, AC6005, ENP series, ACu2 access controllers; NE9000 series, NE 5000E Cluster, Net Engine40E series, NE20E series, NE05E series, NE08E series, ME60 series, and AR series routers; NIP6000 series Next-Generation Intrusion Prevention devices; AntiDDoS1000 series and AntiDDoS8000 series anti-DDoS devices; and Huawei's consumer laptops, tablet computers, and smartphones.  Harris has identified additional claims and products in its Infringement Contentions.

34.    Huawei does not infringe and has not infringed any asserted, valid and enforceable claim of the '690 Patent under any theory of infringement.

35.    Accordingly, there exists an actual and justiciable controversy between Harris and Huawei with respect to infringement of the '690 Patent.

36.     Huawei hereby seeks entry of a declaratory judgment that it does not infringe any asserted claim of the '690 Patent.

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '572 Patent)

37.     Huawei realleges and reincorporates herein by reference the allegations in the foregoing paragraphs of its Counterclaims.

38.     In its Amended Complaint, Harris alleges that Huawei makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States products that infringe one or more claims of the '572 Patent, including claim 1, under 35 U.S.C. § 271(a), (b) and (c). Harris in its Second Am. Complaint has accused at least the following products of infringing the '572 Patent: EchoLife HS2145V, LS2035V, and LS2025, smart home gateway devices, and the QUIVICON Home Base.  Harris has identified additional claims and products in its Infringement Contentions

39.     Huawei does not infringe and has not infringed any asserted, valid and enforceable claim of the '572 Patent under any theory of infringement.

40.     Accordingly, there exists an actual and justiciable controversy between Harris and Huawei with respect to infringement of the '572 Patent.

41.     Huawei hereby seeks entry of a declaratory judgment that it does not infringe any asserted claim of the '572 Patent.

## EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '227 Patent)

42.     Huawei realleges and reincorporates herein by reference the allegations in the foregoing paragraphs of its Counterclaims.

43.     The asserted claims of the '227 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to sections 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

44.     For example, and without limitation, the claims of the '227 patent are unpatentable under section 101 for at least the reasons set forth in Defendants' Rule 12(b)(6) Motion to Dismiss Amended Complaint For Failure to State a Claim Under 35 U.S.C. § 101 ("Defendants' Motion to Dismiss") (Dkt. No. 31), which is hereby incorporated by reference in its entirety.  As other examples, the claims of the '227 patent are unpatentable under 35 U.S.C. §§ 102 and/or 103 in view of U.S. Patent No. 6,711,127 and/or for at least the reasons set forth in Defendants' Preliminary Invalidity Contentions Pursuant to Patent Rules 3-3 and 3-4 ("Defendants' Invalidity Contentions"), Exhibits A-1 through A-7, and Exhibit H-A, which are hereby incorporated by reference in their entirety.

45.     Based on the Second Am. Complaint, and the allegations of this Counterclaim, an actual and justiciable controversy exists between Harris and Huawei with respect to the alleged validity of the '227 Patent.

46.     Huawei hereby seeks entry of a declaratory judgment that the asserted claims of the '227 Patent are invalid.

## NINTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '986 Patent)

47.     Huawei realleges and reincorporates herein by reference the allegations in the foregoing paragraphs of its Counterclaims.

48.     The asserted claims of the '986 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to sections 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

49.     For example, and without limitation, the claims of the '986 patent are

unpatentable under 35 U.S.C. § 101 for at least the reasons set forth in Defendants' Motion to

Dismiss.  As other examples, the claims of the '986 patent are unpatentable under 35 U.S.C.

§§ 102 and/or 103 in view of U.S. Patent Application Publication No. US 2003/0012176 and/or

for at least the reasons set forth in Defendants' Invalidity Contentions, Exhibits B-1 through B-

13, and Exhibit H-B, which are hereby incorporated by reference in their entirety.

50.     Based on the Second Am. Complaint, and the allegations of this Counterclaim, an

actual and justiciable controversy exists between Harris and Huawei with respect to the alleged

validity of the '986 Patent.

51.     Huawei hereby seeks entry of a declaratory judgment that the asserted claims of

the '986 Patent are invalid.

### TENTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '537 Patent)**

52.     Huawei realleges and reincorporates herein by reference the allegations in the

foregoing paragraphs of its Counterclaims.

53.     The asserted claims of the '537 Patent are invalid for failure to comply with the

requirements of Title 35, United States Code, including but not limited to sections 101, 102, 103,

and/or 112 and the rules, regulations, and laws pertaining thereto.

54.     For example, and without limitation, the claims of the '537 patent are

unpatentable under 35 U.S.C. § 101 for at least the reasons set forth in Defendants' Motion to

Dismiss.  As other examples, the claims of the '537 patent are unpatentable under 35 U.S.C.

§§ 102 and/or 103 in view of U.S. Patent No. 6,418,299 and/or for at least the reasons set forth in

Defendants' Invalidity Contentions, Exhibits C-1 through C-15, and Exhibit H-C, which are

hereby incorporated by reference in their entirety.

55.     Based on the Second Am. Complaint, and the allegations of this Counterclaim, an actual and justiciable controversy exists between Harris and Huawei with respect to the alleged validity of the '537 Patent.

56.     Huawei hereby seeks entry of a declaratory judgment that the asserted claims of the '537 Patent are invalid.

## ELEVENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '426 Patent)

57.     Huawei realleges and reincorporates herein by reference the allegations in the foregoing paragraphs of its Counterclaims.

58.     The asserted claims of the '426 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to sections 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

59.     For example, and without limitation, the claims of the '426 patent are unpatentable under 35 U.S.C. § 101 for at least the reasons set forth in Defendants' Motion to Dismiss.  As other examples, the claims of the '426 patent are unpatentable under 35 U.S.C. §§ 102 and/or 103 in view of U.S. Patent No. 7,031,293 and/or for at least the reasons set forth in Defendants' Invalidity Contentions, Exhibits D-1 through D-10, and Exhibit H-D, which are hereby incorporated by reference in their entirety.

60.     Based on the Second Am. Complaint, and the allegations of this Counterclaim, an actual and justiciable controversy exists between Harris and Huawei with respect to the alleged validity of the '426 Patent.

61.     Huawei hereby seeks entry of a declaratory judgment that the asserted claims of the '426 Patent are invalid.

## TWELFTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '678 Patent)

62.    Huawei realleges and reincorporates herein by reference the allegations in the foregoing paragraphs of its Counterclaims.

63.    The asserted claims of the '678 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to sections 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

64.    For example, and without limitation, the claims of the '678 patent are unpatentable under 35 U.S.C. § 101 for at least the reasons set forth in Defendants' Motion to Dismiss.  As other examples, the claims of the '678 patent are unpatentable under 35 U.S.C. §§ 102 and/or 103 in view of U.S. Patent No. 7,127,524 and/or for at least the reasons set forth in Defendants' Invalidity Contentions, Exhibits E-1 through E-13, and Exhibit H-E, which are hereby incorporated by reference in their entirety.

65.    Based on the Second Am. Complaint, and the allegations of this Counterclaim, an actual and justiciable controversy exists between Harris and Huawei with respect to the alleged validity of the '678 Patent.

66.    Huawei hereby seeks entry of a declaratory judgment that the asserted claims of the '678 Patent are invalid.

## THIRTEENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '690 Patent)

67.    Huawei realleges and reincorporates herein by reference the allegations in the foregoing paragraphs of its Counterclaims.

68.     The asserted claims of the '690 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to sections 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

69.     For example, and without limitation, the claims of the '690 patent are unpatentable under 35 U.S.C. § 101 for at least the reasons set forth in Defendants' Motion to Dismiss.  As other examples, the claims of the '690 patent are unpatentable under 35 U.S.C. §§ 102 and/or 103 in view of U.S. Patent Application Publication No. US 2004/0003285 and/or for at least the reasons set forth in Defendants' Invalidity Contentions, Exhibits F-1 through F-12, and Exhibit H-7, which are hereby incorporated by reference in their entirety.

70.     Based on the Second Am. Complaint, and the allegations of this Counterclaim, an actual and justiciable controversy exists between Harris and Huawei with respect to the alleged validity of the '690 Patent.

71.     Huawei hereby seeks entry of a declaratory judgment that the asserted claims of the '690 Patent are invalid.

### FOURTEENTH COUNTERCLAIM
#### (Declaratory Judgment of Invalidity of the '572 Patent)

72.     Huawei realleges and reincorporates herein by reference the allegations in the foregoing paragraphs of its Counterclaims.

73.     The asserted claims of the '572 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to sections 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

74.     For example, and without limitation, the claims of the '572 patent are unpatentable under 35 U.S.C. § 101 for at least the reasons set forth in Defendants' Motion to Dismiss.  As other examples, the claims of the '572 patent are unpatentable under 35 U.S.C.

§§ 102 and/or 103 in view of the 802.11-1999 standard and/or for at least the reasons set forth in Defendants' Invalidity Contentions, Exhibits G-1 through G-9, and Exhibit H-G, which are hereby incorporated by reference in their entirety.

75.     Based on the Second Am. Complaint, and the allegations of this Counterclaim, an actual and justiciable controversy exists between Harris and Huawei with respect to the alleged validity of the '572 Patent.

76.     Huawei hereby seeks entry of a declaratory judgment that the asserted claims of the '572 Patent are invalid.

## DEMAND FOR JURY TRIAL

Huawei hereby demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

Huawei respectfully requests this Court grant relief as follows:

A.     Judgment that the Second Am. Complaint in its entirety be dismissed with prejudice;

B.     Judgment that Harris takes nothing by its Second Am. Complaint, including that Harris is not entitled to an award of compensatory damages, attorneys' fees, costs, prejudgment or post-judgment interest under 35 U.S.C. §§ 284 or 285, or any applicable law;

C.     Denial of any and all of Harris' requests for relief;

D.     Judgment that Huawei has not infringed, and is not infringing, any valid and enforceable claim of the Asserted Patents.

E.     Judgment that the asserted claims of the Asserted Patents are invalid;

F.     Judgment that Harris and/or any of its successors and attorneys, and all persons in active concert or participation with any of them, are enjoined from directly or indirectly asserting infringement or instituting any further action for infringement of the Patents-in-Suit against

Huawei, or any of Huawei's customers, end-users, agents, suppliers, contractors, consultants,

successors, and assigns;

      G.     An order that this case is "exceptional" pursuant to 35 U.S.C. § 285, entitling

Huawei to an award of its reasonable and necessary attorneys' fees, expenses, and costs, and pre-

judgment interest thereon;

      H.     Grant to Huawei such other and further relief as the Court deems just and proper.


Dated:  September 23, 2019          */s/ Melissa R. Smith*
                         Melissa R. Smith
                         **GILLAM & SMITH, LLP**
                         TX State Bar No. 24001351
                         303 S. Washington Avenue
                         Marshall, Texas 75670
                         Telephone: (903) 934-8450
                         melissa@gillamsmithlaw.com

                         James R. Batchelder
                         California Bar No. 136347
                         James L. Davis, Jr.
                         California Bar No. 304830
                         Andrew T. Radsch
                         California Bar No. 303665
                         Christopher M. Bonny
                         California Bar No. 280554
                         **ROPES & GRAY LLP**
                         1900 University Avenue, 6th Floor
                         East Palo Alto, CA 94303-2284
                         Telephone: (650) 617-4000
                         james.batchelder@ropesgray.com
                         james.l.davis@ropesgray.com
                         andrew.radsch@ropesgray.com
                         christopher.bonny@ropesgray.com

                         Kevin J. Post
                         New York Bar No. 4382214
                         Alexander E. Middleton
                         New York Bar No. 4797114
                         Jolene L. Wang
                         New York Bar No. 5462619

**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
kevin.post@ropesgray.com
alexander.middleton@ropesgray.com
jolene.wang@ropesgray.com

Attorneys for Defendants-Counterclaimants
*HUAWEI DEVICE USA, INC.,*
*HUAWEI DEVICE CO., LTD.,*
*HUAWEI TECHNOLOGIES USA INC.,*
*HUAWEI TECHNOLOGIES CO. LTD., and*
*HUAWEI DEVICE (SHENZHEN) CO., LTD.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 23, 2019.


/s/ Melissa R. Smith
Melissa R. Smith